# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| | ) | |
| **JOANNE BLUE,** *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 1:08-cv-00729-CKK** |
| | ) | |
| **FREMONT INVESTMENT** | ) | |
| **& LOAN,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

_____)

## FREMONT INVESTMENT & LOAN'S MOTION TO DISMISS

Fremont Investment & Loan, by counsel, moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).  Fremont attaches its memorandum of law in support of the motion and asks that it be incorporated herein.

WHEREFORE, Fremont Investment and Loan asks that the Court grant the motion, dismiss the Complaint, award Fremont Investment & Loan its costs and expenses incurred, and for all other relief this Court deems fair and just.

Respectfully submitted,

*/s/ Harold G. Belkowitz*
Harold G. Belkowitz (D.C. Bar No. 449800)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C.  20005-2110
(202) 408-8400
(202) 408-0640 facsimile

Counsel for Fremont Investment & Loan

<u>Request For Oral Argument</u>

Fremont Investment & Loan requests oral argument on its Motion to Dismiss.

Respectfully submitted,

<u>/s/ Harold G. Belkowitz</u>
Harold G. Belkowitz (D.C. Bar No. 449800)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C.  20005-2110
(202) 408-8400
(202) 408-0640 facsimile

Counsel for Fremont Investment & Loan

<u>Certificate of Service</u>

        I certify that a copy of the foregoing motion, the memorandum of law, and the proposed order were served pursuant to the Court's ECF system this 12th day of May, 2008 to:

> William C. Johnson, Jr., Esquire
> 1229 15th Street, N.W.
> Washington, DC  20005
> Counsel for Plaintiffs

and by first-class mail, postage pre-paid, this 12th day of May, 2008 to:

> Executive Title & Escrow
> 9500 Arena Drive, #480
> Largo, Maryland  20774
>
> Town and Country Mortgage and Financial Services, Inc.
> 1300 Mercantile Lane, Suite 150
> Largo, Maryland  20776
>
> Dennis Bishop
> 1300 Mercantile Lane, Suite 150
> Largo, Maryland  20776
>
> Brenda Carew
> 10423 Beacon Ridge Drive
> Mitchellville, Maryland  20721

> */s/ Harold G. Belkowitz*
> Harold G. Belkowitz

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
**JOANNE BLUE,** *et al.***,**                      )
                                                    )
      **Plaintiffs,**                        )
                                                    )
**v.**                                              )    **Case No. 1:08-cv-00729-CKK**
                                                    )
**FREMONT INVESTMENT**                              )
    **& LOAN,** *et al.***,**                       )
                                                    )
      **Defendants.**                       )
_____)

**MEMORANDUM OF LAW IN SUPPORT OF**
**FREMONT INVESTMENT & LOAN'S MOTION TO DISMISS**

<u>Introduction</u>

    The present lawsuit is the latest in a series of unsuccessful efforts by Joanne Blue and Edna Robinson to avoid eviction from their home.  According to public records, the plaintiffs have variously held at least four loans on the property, and been subject to foreclosure at least eight times, since the end of 2000.

    Most recently, Plaintiffs twice pursued bankruptcy protection to avoid foreclosure (both petitions were filed by Edna Robinson, but were dismissed without discharge), they lost the property at foreclosure sale, they were declared by the Superior Court's Landlord & Tenant Division to not have a right to possession, and their motion to vacate the Order granting Fremont Investment & Loan ("Fremont") possession was denied.

    Plaintiffs Joanne Blue and Edna Robinson do not dispute in the Complaint that they knowingly entered into a loan from Fremont.  Nonetheless, they ask in this action to recover damages, and to rescind the note, based upon a series of common law, state law,

and federal law allegations.  Those allegations do not state valid claims and must be dismissed.

<u>Facts</u>

The facts as alleged in the Complaint may be summarized as follows.  Plaintiffs Halbert Blue and Rose Blue formerly owned real property located at 1001 F Street, N.E., in Washington.  Complaint, ¶ 15.  It appears that the Blues owned the property along with their daughters.  *Id.*  The existing mortgage loan on the property was in foreclosure in April 2004.  *Id.*  Defendants Town & Country Mortgage and/or Dennis Bishop allegedly represented to the owners that they could provide assistance to avoid foreclosure. Complaint, ¶¶ 15-17.  To that end, the Plaintiffs allege that they unwittingly signed a deed transferring title to the property to defendant Brenda Carew.  Complaint, ¶ 17. Simultaneously, the Complaint alleges that Ms. Carew obtained a loan secured by the property from New Century Mortgage.  Complaint, ¶ 18.   The loan proceeds were allegedly used to satisfy the debt that was in foreclosure.  Complaint, ¶ 19.  All plaintiffs continued to live in the Property.  *Id.*

By September 2005, the loan with New Century Mortgage was in allegedly foreclosure.  Complaint, ¶ 20.  Mr. Bishop allegedly offered to obtain a new loan to prevent a foreclosure sale.  Complaint, ¶ 20.  Defendant Fremont issued a loan in the amount of $444,000 that was used to satisfy the mortgage then in foreclosure. Complaint, ¶ 22.  In connection with Fremont's loan, the property was allegedly sold by Ms. Carew to plaintiffs Edna Robinson and Joanne Blue.  *Id.*  Ms. Carew also held a second mortgage in the amount of $55,500.  *Id.*  The "plaintiffs" allege that they did not apply for the Fremont loan.  Complaint, ¶ 24.  The plaintiffs, however, acknowledge that

2

they attended the Fremont loan closing and signed the loan documents.[1]  Complaint, ¶ 25.

Fremont foreclosed on its loan.[2]  Complaint, ¶ 27.

<u>Standard of Review</u>

The Court is authorized under Rule 12(b)(6) of the Federal Rules of Civil

Procedure to dismiss a lawsuit for the failure to state a cognizable legal theory or for

pleading insufficient facts under a cognizable legal claim.  *SmileCare Dental Group v.*

*Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996).  In ruling on a motion under Rule

12(b)(6), the Court must accept all well-pleaded allegations as true and construe the

Complaint in the light most favorable to the plaintiffs.  *Moore v. Aspin*, 916 F.Supp. 32,

35 (D.D.C. 1996); *Hyman v. First Union*, 980 F.Supp. 38, 39 (D.D.C. 1997).  In addition

to relying upon the allegations in the Complaint, the Court may rely upon "'documents

attached as exhibits or incorporated by reference in the complaint, and matters about

which the Court may take judicial notice.'"  *Buaiz v. U.S.*, 471 F.Supp.2d 129, 134

(D.D.C. 2007) (*citing Gustave-Schmidt v. Chao*, 226 F.Supp.2d 191, 196 (D.D.C. 2002)).

"The court need not accept inferences drawn by Plaintiffs if such inferences are

unsupported by the facts set out in the complaint."  *Western Associates, Limited*

*Partnership v. Market Square Associates*, 235 F.3d 629, 634 (D.C. Cir. 2001).  Likewise,

the Court need not accept "legal conclusions cast in the form of factual allegations."  *Id.*

A court should dismiss a claim where, as here, it appears "beyond doubt that the

plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them]

---

1       Although it is not explicitly alleged, it is implied that Joanne Blue and Edna Robinson admit that they signed the Fremont loan documents.

2       The Complaint suggests that foreclosure is in process.  In actuality, the property was sold at foreclosure on July 9, 2007.  Exhibit 1.  Fremont thereafter initiated an eviction proceeding in the Superior Court's Landlord and Tenant Branch.  The Superior Court awarded Fremont possession of the property on February 13, 2008.  Exhibit 2.  The Court denied a subsequent motion to vacate that order.  Exhibit 3.

to relief." *E.E.O.C. v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997) (*citing Conley v. Gibson*, 355 U.S. 41, 445-46 (1957)).

Legal Argument

I.    <u>Plaintiffs Halbert Blue and Rose Blue lack standing to assert the claims against Fremont.</u>

Plaintiffs Halbert Blue and Rose Blue assert state and federal lending violation claims against Fremont, even though they do not allege that they entered into a loan with Fremont.

Each of the claims brought by the Plaintiffs is premised upon Fremont's loan to Joanne Blue and Edna Robinson.  Because Halbert Blue and Rose Blue were not parties to that transaction, they lack standing to bring a claim alleging lending violations.  Thus, all claims brought by them against Fremont must be dismissed.

II.    <u>Numerous claims were waived by the failure to raise them by Counterclaim in the Superior Court lawsuit.</u>

The present lawsuit is at least the second between the parties.  Fremont previously initiated an eviction proceeding in the Superior Court's Landlord & Tenant Branch, Case No. LT 25876-07, against Joanne Blue, Edna Robinson, and "all other occupants."

Ms. Blue defended the eviction action by asserting a plea of title and a counterclaim. Exhibit 4.  The case was thereafter transferred to the Civil Actions Branch for all further proceedings.  Exhibit 5.  Upon being transferred to the Civil Actions Branch, the case was subject to the Superior Court Rules of Civil Procedure in all respects.  The Superior Court's Civil Actions Branch entered judgment in Fremont's favor on February 13, 2008 and granted Fremont judgment for possession.  Exhibit 2.

The Court thereafter denied Ms. Blue's motion to vacate the judgment entered against her.[3] Exhibit 3.

Superior Court Rule 13 requires that a defendant include in its responsive pleading "any claim which at the time of serving the pleading the pleader has against any opposing party." SCR 13(a). If a compulsory counterclaim is not raised, "it is lost forever." *Bronson v. Borst*, 404 A.2d 960, 963 (1979).

Here, Joanne Blue, Edna Robinson and "all other occupants" were parties to the prior eviction lawsuit. Ms. Blue certified her claim to the Civil Actions Branch and the case was thereafter subject to the requirements of Rule 13. Both the L&T case and the present lawsuit arise from the same facts and circumstances – Fremont's 2005 loan to Ms. Blue and Ms. Robinson. Ms. Blue filed a counterclaim against Fremont alleging violations of the DCCPPA, common law fraud violation of the Mortgage Lenders and Brokers Act, and violations of the Home Lenders Protection Act. Exhibit 4. She did not file the TILA or RESPA claims and Ms. Robinson appears to have not filed any counterclaims. Ms. Blue and Ms. Robinson, therefore, waived their right to bring the TILA and RESPA claims against Fremont. Ms. Robinson's waiver extends to all claims raised in the present case, which she could have asserted in a counterclaim but did not do so.

III.    Count One does not state a recognized claim for civil conspiracy.

Count One attempts to allege a common law cause of action for civil conspiracy against all defendants.

The elements of a civil conspiracy are: "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner;

---

3        The Court granted the motion to the extent it sought William Johnson's withdrawal as counsel.

and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme." *Giva v. Davison*, 637 A.2d 830, 848 (D.C. 1994). Civil conspiracy is not recognized under District of Columbia law as an independent tort action. *Executive Sandwich Shoppe, Inc. v. Carr Realty Corporation*, 749 A.2d 724, 738 (D.C. 2000) (*citing Waldon v. Covington*, 415 A.2d 1070, 1074 n.14 (D.C. 1980)). Here, the civil conspiracy claim attempts to assert a stand-alone tort cause of action that does not exist as a matter of law.

Even if the cause of action did exist, the Complaint does not plead sufficient allegations to support a civil conspiracy claim. Plaintiffs do not make any allegation – factual or otherwise – that Fremont entered into an agreement with any other defendant to this case (or, for that matter, any non-party) to participate in any unlawful act or any lawful act in an unlawful manner. The Complaint merely makes a series of conclusory statements by clumping the defendants together as "defendants."

As a result, the Complaint does not state a claim for civil conspiracy and must be dismissed.

IV.  <u>The fraud based counts must be dismissed because they do not properly plead causes of action.</u>

Counts Two and Three allege fraud based claims and must be dismissed pursuant to Rules 9(b) and 12(b)(6).

Count Two alleges a series of conclusory misrepresentations made by an unidentified "defendant" or by "defendants" that purports to assert a cause of action under the District's Consumer Protection Procedures Act ("DCCPPA"), D.C. Code § 298-3901, *et seq.* A Complaint alleging a violation of the DCCPPA must allege material

misrepresentations. *Osbourne v. Capital City Mortgage Corp.,* 667 A.2d 1321, 1330 (D.C. 1995). Thus, Count Two is functionally a fraud claim.

Count Three purports to allege a claim for common law fraud. The essential elements of common law fraud are: "(1) a false representation (2) made in reference to a material fact, (3) with knowledge of its falsity, (4) with the intent to deceive, and (5) an action that is taken in reliance upon the representation." *Kitt v. Capital Concerts, Inc.*, 742 A.2d 856 (1999) (*quoting Hercules & Co. v. Shama Restaurant Corp.*, 613 A.2d 916 (D.C. 1992)).

The Federal Rules of Civil Procedure ordinarily require that a Complaint simply put the defendant on notice of the claim against it. *See* Fed. R. Civ. P. 8(a). The Rules require a higher standard for counts two and three –mandating that "all averments of fraud or mistake . . . be stated with particularity." Fed. R. Civ. P. 9(b).

Rule 9(b)'s fundamental purposes include the need to provide fair notice to a defendant alleged to have committed fraud. *U.S. ex rel. Fisher v. Network Software Associates*, 227 F.R.D. 4, 9 (D.D.C. 2005). Indeed, Rule 9(b) exists so that a party can be placed "on notice of precisely what he or she must defend against." *High v. McLean Financial Group*, 659 F.Supp. 1561, 1566 (D.D.C. 1987).

A plaintiff alleging fraud must state in the Complaint "the time, place and content of the false misrepresentations, the facts misrepresented and what was retained or given up as a consequence of the fraud." *Ellipso, Inc. v. Mann*, 460 F.Supp.2d 99, 105 (D.D.C. 2006) (*citing Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1278 (D.C.Cir. 1994). Other courts have described the heightened requirement as mandating the plaintiff to plead the "'who, what, when, and where" details of the alleged fraud. *In re Barber*, 266

B.R. 309, 322 (Bankr.E.D.Pa. 2001) (*citing Smith v. Berg*, 2000 WL 36549, at *4

(E.D.Pa. 2000)).  Rule 9(b) "usually requires the claimant to allege at a minimum the

identity of the person who made the fraudulent statement, the time, place, and content of

the misrepresentation, the resulting injury, and the method by which the

misrepresentation  was communicated."  *Ellipso*, 460 F.Supp.2d at 105 (*citing* 2-9

Moore's Federal Practice – Civil § 9.03(1)(b)).  Moreover, a plaintiff must plead fraud

with particularity as to <u>each</u> defendant.  *Cinalli v. Kane*, 191 F.Supp.2d 601 (E.D.Pa.

2002).  A complaint that does not plead fraud with the requisite specificity is subject to

dismissal under Fed. R. Civ. P. 12(b)(6).  *See* 5 C. Wright & A. Miller, *Federal Practice

and Procedure*, § 1300.

      Here, the Complaint lacks any particularity with regard to the allegedly fraudulent

conduct by Fremont.  Not one plaintiff alleges a single representation – or

misrepresentation – made by Fremont generally or with attribution to any Fremont

employee or representative.  There is no allegation about how or when any Fremont

misrepresentation was communicated.  Nor does the Complaint define which defendant

or defendants are subject to the claim and provide sufficient specificity to substantiate the

claim against Fremont.

      The Complaint pleads in the ambiguous terms "plaintiff" and "defendant," (both

in the singular and plural) even though there are four plaintiffs and five defendants.

Fremont cannot determine with generality – let alone the requisite specificity – what, if

any, fraud allegations are directed at it and what allegations are directed at the other

defendants.  In fact, the only allegations directed at Fremont simply state:  1) "the

plaintiffs Joane [sic] Blue and Edna Robinson received an unsolicited loan from Fremont

Investment & Loans [sic] in the amount of $444,000.00." and 2) On March 4, 2008 plaintiff rescinded the transaction by sending a notice of rescission . . . to Fremont Investment & Loan . . ."  Complaint, ¶¶ 22 and 37.  Nothing in those two sentences set forth a claim for fraud.

In the absence of specificity, the fraud-based counts do not state a claim and must be dismissed.

V.    The Federal claims must be dismissed because they are time barred.

A.    Counts Four's TILA damages claim is barred by the statute of limitations.

Count Four seeks to recover actual and statutory damages from Fremont for violating the Truth in Lending Act's disclosure requirements.    In particular, the Complaint alleges that Fremont did not provide a Truth-in-Lending Disclosure Statement. Complaint, ¶ 64.

To the extent the Plaintiffs seek relief against Fremont, it is in the nature of monetary damages pursuant to 15 U.S.C. § 1638.  Claims for monetary damages under the Truth in Lending Act ("TILA") are subject to a one year statute of limitations.  15 U.S.C. § 1640(e).

The subject loan was executed on September 29, 2005.  Complaint, ¶ 65.  The lawsuit was filed on April 8, 2008, more than two years later.  Thus, the damages claim is time barred and Count Four must be dismissed.

B.    Count Five's TILA rescission claim is barred because the real property was sold at foreclosure.

Count Five seeks to rescind the loan under TILA's rescission structure and to recover damages for Fremont's failure to rescind.

TILA establishes a framework by which a loan is to be rescinded.[4]  15 USC §

1635.  Here, "Plaintiff" – the complaint is ambiguous about who made this request –

alleges that she sent Fremont a letter demanding rescission on March 4, 2008 and again

on March 26, 2008.

TILA's right to rescind expires three business days after loan closing.  15 U.S.C.

§ 1635(a).  Where the borrower was not given appropriate disclosures, the right to rescind

expires upon the earlier of three years after closing or upon the sale of the property.  15

U.S.C. § 1635(f).  A foreclosure sale is deemed a valid sale for terminating the right to

rescind.  *Hallas v. Ameriquest Mortgage Company*, 406 F.Supp.2d 1176, 1183 (D.Or.

2005); *see also* 12 CFR Part 226 Commentary ¶ 226.23(a)(3).

Here, the subject property was sold at foreclosure sale on July 9, 2007.  Exhibit 1.

The Trustees' Deed may be relied upon in this Motion to Dismiss because it is a public

document as recorded on the land records.  Any right any plaintiff may have had to

rescind under TILA expired upon the sale of the Property.  The March 4, 2008 letter was

untimely and ineffectual because any potential right to rescind expired eight months

earlier.  Therefore, the Plaintiffs do not state a claim, and Count Five must be dismissed.

C.    Count Six's TILA and RESPSA claims are barred by the statute of
       limitations.

Count Six seeks to recover compensatory and statutory damages from Fremont

for violating TILA and the Real Estate Settlement Procedures Act ("RESPA").     In

particular, Count Six alleges that Fremont charged for inappropriate fees and made

improper disclosures.  *See* Complaint, ¶¶ 74-80.

---

4      Fremont denies that the Plaintiffs are entitled to rescind the loan because it disputes the allegations
that proper documents were not provided.  The rescission claim is time barred because it was not exercised
within three days.  Fremont does not move to dismiss the Complaint at this stage on those grounds
consistent with the requirements for a Rule 12(b)(6) motion.

As was the case with Count Four, the TILA claim seeks damages only and is barred under TILA's one year statute of limitations.

The RESPA claim seeks damages pursuant to 12 U.S.C. § 2607(d). RESPA claims under § 2607 are subject to a one year statute of limitations. 12 U.S.C. § 2614. Because the lawsuit was filed well beyond the statute of limitations' deadline, Count Six must be dismissed with regard to the RESPA claims, as well.

VI.    The District of Columbia lender regulation laws are not applicable to Fremont and must be dismissed.

    A.    Count Seven must be dismissed because the Mortgage Lenders and Brokers Act does not apply to Fremont.

Count Seven seeks to recover damages against Fremont for violating the District of Columbia's Mortgage Lenders and Brokers Act, D.C. Code § 26-1111, *et seq.* Count Seven must be dismissed because Fremont is exempt from the statute.

The Mortgage Lenders and Brokers Act establishes a series of requirements that must be followed by mortgage lenders subject to the Act. Among those requirements, a covered entity must obtain a license to perform mortgage lending or brokerage activities. D.C. Code § 26-1103(a). A license is not required for an entity exempted from the statute. The statute explicitly excludes from its coverage:

> Any bank, trust company, savings bank, savings and loan association, or credit union incorporated or chartered under the laws of the United States, any state or territory of the United States, or the District, and any other financial institution incorporated or chartered under the laws of the District or of the United States, that accepts deposits and is regulated under this title, and subsidiaries and affiliates of such entities which maintain their principal office or a branch office in the District of Columbia and in which the lender, subsidiary, or affiliate is subject to the general supervision or regulation of, or subject to audit or examination by, a regulatory body or agency of the United States, any state or territory of the United States, or the District . . .

D.C. Code § 26-1102(1) (emphasis added).  Thus, where a bank is chartered by a state of the United States, the statute does not apply.

The Complaint alleges in Count Seven that Fremont did not maintain a District of Columbia license as required under the subject statute.  Fremont, however, is not required to hold the license.  As evidenced by the attached Certificate of Authority from the California Secretary of State, Fremont Investment & Loan is chartered by the State of California's Department of Financial Institutions.  Exhibit 6.  Moreover, Fremont is a Federal Deposit Insurance Corporation ("FDIC") insured institution.  Exhibit 7.  As such, it is subject to regulation, audit and/or examination by a federal regulatory agency.   As public records for which the Court may take judicial notice, the certifications from the California Depart of Financial Institutions and the FDIC may be relied upon in a motion to dismiss. Consistent with the terms of the District of Columbia's statute on mortgage lenders, the license requirement is not applicable to Fremont.  Thus, Count Seven must be dismissed because it cannot state a claim as a matter of law.

      B.    <u>Count Eight does not state for violation of the Home Loan Protection Act against Fremont.</u>

Count Eight alleges that Fremont's conduct violated the D.C. Code § 26-1151.01, *et seq.* , the Home Loan Protection Act.

In particular, Count Eight alleges that Fremont did not comply with requirements arising under sections 26-1152.02, 26-1152.11, and 26-1152.16.  *See* Complaint, ¶¶ 93-97.  Each of those sections falls within Subchapter Two of the statute.

Count Eight must be dismissed because it, too, does not state a claim against Fremont.  The Home Loan Act states that Subchapter Two shall not apply "to loans made or purchased . . .  by a bank, trust company, savings and loan association, or savings bank

that is regulated and supervised by a supervising federal agency. . ." D.C. Code § 26-1151.02. The statute defines a supervising federal agency as the FDIC, among other federal regulatory agencies. D.C. Code § 26-1151.01(26). As stated previously, Fremont is a FDIC regulated institution. Exhibit 7. As such, the provisions of Subchapter Two cannot apply to Fremont, and Count VIII cannot state a claim against Fremont as a matter of law.

Conclusion

For the foregoing reasons, the Court should grant the Motion to Dismiss, dismiss the Complaint, and for all other relief this Court deems fair and just.

Respectfully submitted,

*/s/ Harold G. Belkowitz*
Harold G. Belkowitz (D.C. Bar No. 449800)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C.  20005-2110
(202) 408-8400
(202) 408-0640 facsimile

Counsel for Fremont Investment & Loan

152120

Exhibit 1

Doc# 2007091142

S&B# 06-97542W
LOAN # 1000278868

TRUSTEES' DEED

Bearing date the 9th day of July, 2007.

THIS TRUSTEES' DEED made and entered into this 9th day of July, 2007 by and between JOHN S. BURSON AND GREGORY N. BRITTO, Substitute Trustees, Parties of the First Part and FREMONT INVESTMENT AND LOAN Party of the Second Part.

WITNESSETH

WHEREAS, by certain Deed of Trust dated September 29, 2005 and recorded on October 17, 2005, among the land records of the District of Columbia as Instrument Number 2005148520, JOANNE BLUE AND EDNA ROBINSON did grant and convey with power of sale of the property herein described unto EXECUTIVE TITLE & ESCROW as Trustee, in trust, to secure the payment of certain indebtedness described more fully in said Deed of Trust; and

WHEREAS, as empowered by the Deed of Trust, FREMONT INVESTMENT & LOAN, the then current holder of the note secured by said Deed of Trust caused to be recorded among the land records of the District of Columbia as Instrument No. 2006031302, on March 10, 2006, a Substitution of Trustee Deed removing the said Trustee(s), or their successors, and appointing JOHN S. BURSON AND GREGORY N. BRITTO, Substitute Trustees, who were requested by the holder of the indebtedness secured thereby to foreclose the lien of said Deed of Trust by the sale of the property hereinafter described; and

WHEREAS, default having been made in the payment of said debt, the Parties of the First Part herein, in execution of the Deed of Trust and by direction of the Party thereby secured, after previous public advertisement thereof for five days in the Washington Times, and after investigation and compliance with the provisions of Section 200 of the Soldiers and Sailors Civil Relief Act of 1940 and, being in receipt of evidence that a written notice of the proposed sale was sent as required by PL90-566, as amended, by certified mail, return receipt requested, to the owners of the hereinafter described land at their last known address, with a copy thereof filed with the Recorder of Deeds for the District of Columbia, as Instrument No. 20070636952 on May 10, 2007 the Parties of the First Part herein proceed to make sale of said property; and

WHEREAS, the said Substitute Trustees did give notice as required by law and did advertise the property for sale at public auction within the office of NATIONAL REO AUCTIONS, INC, Auctioneer on June 13, 2007 at 1:25 P.M. and at that said time and place, pursuant to said advertisement, the said property hereinafter described, was sold at public auction to FREMONT INVESTMENT AND LOAN (THE PARTY OF THE SECOND PART) for the highest bid received,namely $503,000.00;

NOW, THEREFORE, IN CONSIDERATION of the premises and of the sum of Ten Dollars ($10.00), cash in hand, paid, and other good and valuable consideration, the receipt of which is hereby acknowledged, paid by the Party of the Second Part to the Parties of the First Part, the undersigned, JOHN S. BURSON AND GREGORY N. BRITTO, Substitute Trustees, Parties of the First Part, do hereby grant and convey unto FREMONT INVESTMENT & LOAN, (THE PARTY OF THE SECOND PART),the following real property being and lying in the District of Columbia and more particularly described as follows, to wit:

LOT 18 IN VINCENT W. KRAMER'S SUBDIVISION OF LOTS IN SQUARE 961 AS PER PLAT RECORDED IN THE OFFICE OF THE SURVEYOR FOR THE DISTRICT OF COLUMBIA IN LIBER 75 AT FOLIO 55 SUBJECT TO A PERPETUAL RIGHT OF WAY OVER THE REAR 12 FEET OF SAID LOT NUMBERED 18 FOR THE USE AND BENEFIT OF LOTS NUMBERED 19, 20 AND 21 IN SAID IN SAID SUBDIVISION. PROPERTY ADDRESS: 1001 F STREET, N.E., WASHINGTON, DC 20002 PROPERTY TAX ID NUMBER: SQUARE 0961 LOT 0018

Which property has the address of 1001 F STREET, N.E.,, WASHINGTON, DC 20002

The property is conveyed in AS IS condition at the sole risk of the Party of the Second Part, without any other warranty, express or implied.

This conveyance is expressly made subject to all existing conditions restrictions, rights of way, easements, reservations, or other encumbrances, being either matters of record or apparent on reasonable inspection, constituting constructive notice.

WITNESS the following signatures and seals:

JOHN S. BURSON
Substitute Trustee

GREGORY N. BRITTO
Substitute Trustee

STATE OF VIRGINIA
COUNTY OF FAIRFAX

I, <u>MICHELE BODY</u>, a Notary Public in and for the State of Virginia, do hereby certify that JOHN S. BURSON AND GREGORY N. BRITTO, Substitute Trustees, who are personally well known to me to be the parties who executed the aforegoing and annexed Trustees Deed, bearing date on the 9th day of July, 2007 personally appeared before me in the said State of Virginia and acknowledged the said Trustees' Deed to be their act and deed.

Given under my hand and seal this 9th day of July, 2007.

My commission expires:
Embossed Hereon is My
Commonwealth of Virginia Notary Public Seal  24813
My Commission Expires March 31, 2008
MICHELE BODY
_____

_Michele Body_
NOTARY PUBLIC

RETURN TO:

SHAPIRO & BURSON, LLP
13135 LEE JACKSON HIGHWAY #201
FAIRFAX, VIRGINIA 22033

```
Doc# 2007091142
Filed & Recorded
07/11/2007   12:37:10 PM
LARRY TODD
RECORDER OF DEEDS
WASH DC RECORDER OF DEEDS
  E-RECORD                  $        27.00
  E-RECORDATION TAX FEE     $     7,293.50
  E-TRANSFER TAX FEE        $     7,293.50
  ESURCHARGE                $         6.50
Total:                      $    14,620.50
```

Exhibit 2

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Fremont Investment & Loan,                    *          Docket No. 2007 CA 6863 R (RP)
                                              *          Judge Odessa F. Vincent
    Plaintiff,                         *
                                              *
    v.                                 *
                                              *
Joanne Blue, et al.,                          *
                                              *
    Defendants.                        *

### ORDER

Pending before the Court is the plaintiff's Motion to Strike Plea of Title and for the Entry of a Non-Redeemable Judgment for Possession, filed January 18, 2008. To date, the defendants have, without justification or excuse, failed to file any opposition or response to the instant motion. Therefore, the Court shall treat the instant motion as conceded.

Further, upon review of the record in docket number 2007 LTB 25876, the Court notes that defendant Blue failed to make a payment of $2,050.00, pursuant to the Protective Order entered October 4, 2007, for December 2007. Defendant Blue also failed to make a timely payment of $2,050.00 for January 2008.[1]

WHEREFORE, it is this 13th day of February 2008, hereby

ORDERED that the plaintiff's Motion to Strike Plea of Title and for the Entry of a Non-Redeemable Judgment for Possession be and hereby is GRANTED. Defendant Blue's plea of title is hereby STRICKEN, and a non-redeemable judgment for possession of 1001 F Street, NE, Washington, DC 20002 is hereby entered against the defendants. It is further

---

[1] Pursuant to the October 4, 2007 Protective Order, defendant Blue was to make a payment of $2,050.00 on the 15th day of each month. The court record indicates that defendant Blue made a payment of $2,050.00 on January 25, 2008.

**ORDERED** that the scheduling conference scheduled for March 14, 2008, be and hereby is VACATED.

**SO ORDERED.**

Odessa F. Vincent
**Associate Judge**
*Signed in Chambers*

Copies via electronic service to:

Jonathan R. Schuman, Esquire
Counsel for Plaintiff

William C. Johnson, Jr., Esquire
Counsel for Defendant Blue

Copy via U.S. mail to:

Edna Robinson
1001 F Street, NE
Washington, DC 20002
Defendant

2

Exhibit 3

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| Fremont Investment & Loan, | * | Docket Nos. 2007 CA 6863 R (RP) |
| | * | 2007 LTB 25876 |
| Plaintiff, | * | Judge Odessa F. Vincent |
| | * | |
| v. | * | |
| | * | |
| Joanne Blue, et al., | * | |
| | * | |
| Defendants. | * | |

## ORDER

Pending before the Court are defendant Blue's *pro se* Motion [to Vacate Judgment and Withdraw Attorney], filed February 19, 2008; the plaintiff's Motion to Release Funds in the Registry to the Plaintiff in Landlord and Tenant Case Number 025876-07, filed February 22, 2008; and defendant Blue's *pro se* Motion [for Temporary Restraining Order], filed March 6, 2008. Plaintiff's Opposition to Defendant's Motions to Vacate Judgment and for Temporary Restraining Order was filed on March 26, 2008. To date, the defendants have failed to file any opposition or other response to the plaintiff's Motion to Release Funds in the Registry to the Plaintiff in Landlord and Tenant Case Number 025876-07.

On February 13, 2008, the Court entered an Order granting the plaintiff's Motion to Strike Plea of Title and for the Entry of a Non-Redeemable Judgment for Possession. The Court entered a non-redeemable judgment for possession of 1001 F Street, NE, Washington, DC 20002, against the defendants and struck Defendant Blue's plea of title. A plea of title is "contingent upon compliance with a protective order." *Penny v. Penny*, 565 A.2d 587, 589 (D.C. 1989). Given that defendant Blue failed to make a payment of $2,050.00, pursuant to the Protective Order entered October 4, 2007, for December 2007, and also failed to make a timely

payment of $2,050.00 for January 2008, the non-redeemable judgment for possession was proper and shall not be disturbed.

The function of a protective order is "to assure reimbursement to the landlord for the value of fair use and occupancy during the pendency of a possessory action against a tenant." *Turner v. Day*, 461 A.2d 697, 700 (D.C. 1983). As the defendants have enjoyed the use and occupancy of the property throughout the litigation of this matter, and pursuant to the non-redeemable judgment for possession against the defendants, it is appropriate for the Court to release the protective order funds to the plaintiff.

**WHEREFORE**, it is this 3rd day of April 2008, hereby

**ORDERED** that defendant Blue's Motion [to Vacate Judgment and Withdraw Attorney is hereby **GRANTED, in part**. Defendant Blue's request to withdraw the appearance of William C. Johnson, Jr., Esquire as counsel for defendant Blue is **GRANTED**. Defendant Blue's request to vacate judgment is **DENIED**. It is further

**ORDERED** that the plaintiff's Motion to Release Funds in the Registry to the Plaintiff in Landlord and Tenant Case Number 025876-07 is hereby **GRANTED**. The Court Registry shall release all funds deposited in case number 2007 LTB 25876 to the plaintiff, Fremont Investment & Loan. It is further

**ORDERED** that defendant Blue's Motion [for Temporary Restraining Order] is hereby **DENIED**.

**SO ORDERED.**

*Odessa F. Vincent*
Odessa F. Vincent
**Associate Judge**
*Signed in Chambers*

2

Copies via electronic service to:

Jonathan R. Schuman, Esquire
Counsel for Plaintiff

William C. Johnson, Jr., Esquire
Former Counsel for Defendant Blue

Copies via U.S. mail to:

Joanne Blue
1001 F Street, NE
Washington, DC  20002
Defendant

Edna Robinson
1001 F Street, NE
Washington, DC  20002
Defendant

Exhibit 4

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION
LANDLORD AND TENANT

RECEIVED
LANDLORD &TENANT
SEP 2 7 2007
Superior Court
of the District Of Colombia
Washington, D.C.

Freemont Investment and Loan     *
           Plaintiff     *
                *
v.                  *    Case No.:    25876-07
                *
Joanne Blue, et. al.        *
           Defendant.     *
                *

## DEFENDANT'S VERIFIED ANSWER, PLEA OF TITLE AND COUNTERCLAIMS

**COMES NOW**, the defendant Joanne Blue, by and through counsel, William C. Johnson, Jr., Esq., pursuant to D.C. Sup. Ct. Civ L&T R. 5(c) submits her Verified Answer asserting a Plea of Title with a certification that the plea of title is made in good faith and not for purpose of delay. In support of her verified answer, the defendant submits as follows:

1.      On or about March 3, 2004, Joanne Blue, Rose M. Blue and Halbert T. Blue, hereinafter "defendant" were facing foreclosure upon there property located at 1001 F St. NE, Washington, D.C. 20002.

2.      The defendant was informed the total amount necessary to stop foreclosure and reinstate her mortgage would be approximately $17,500.00.

3.      Unable to afford the reinstatement amount of $17,500.00, the defendants were approached by A. Denis Bishop of Town and Country Mortgage and was offered an opportunity to rescue their home from foreclosure.

4.      The defendant was informed she would be loaned $17,500.00 to stop the foreclosure on her property and she would be able to remain at the property located at 1001 F St. NE, Washington, D.C. 20002.

5.      Instead of a loan to stop the foreclosure sale, the defendant's property was transferred to Brenda Carew in an apparent "sham transaction."

6.      On or about April 27, 2004, the defendant allegedly sold her property to
Brenda Carew for approximately $430,000.00. The loan transaction was financed
by New Century Mortgage Corporation.

7.      Pursuant to the settlement statement (HUD-1), the defendant's pay-off to
Ocwen Federal Bank was $315,485.20.

8.      The defendant allegedly received $7,157.30 after the settlement of the loan.

9.      Pursuant to the scheme, the defendant was defrauded out of $99,500.00

10.     The defendant at all relevant times maintained the subject property as her
primary residence.

11.     On or about May 24, 2004, a Deed transferring interest in the subject
property to Brenda Carew was recorded in the District of Columbia Land Records.

12.     On or about March 7, 2005, New Century Mortgage Corporation delivered
to Brenda D, Carew a "Notice of Intent to Foreclose."

13.     On or about September 29, 2005, in a transaction orchestrated by A. Denis
Bishop of Town and Country Mortgage, defendant allegedly repurchased the
subject property in the amount of $555,000.00. The loan transaction was financed
by Fremont Investment & Loan.

14.     Pursuant to the settlement statement (HUD-1), Brenda Carew's pay-off to
Ocwen Federal Bank was $403,739.55

15.     The defendant did not receive any money at closing.

16.     Pursuant to the scheme, the defendant was defrauded out of $122,060.13.

17.     The defendant at all relevant times maintained the subject property as her
primary residence.

### COUNTER-CLAIMS
### FIRST CAUSE OF ACTION
#### *Violation of the District of Columbia Practices and Procedures Act*

18.     Plaintiffs utilized artifice and deception to take advantage of plaintiff's
confusion and lack of sophistication. More specifically, the defendant's knew or

should have known that plaintiff had little knowledge of how much she was borrowing or why.

19.    Plaintiff knew or should have known that plaintiff was unaware of the various charges imposed on her in the transaction and the fact that some charges were illegal under the law.

20.    Plaintiff knew or should have known that plaintiff was unaware of the disadvantages of refinancing a preexisting mortgage in the amount of $315,485.20 in favor of a $430,000.00 mortgage.

21.    Plaintiff also knew or should have known that plaintiff would have difficulty repaying the loan and was therefore, subjecting herself to the likelihood of foreclosure.  Defendants nonetheless omitted information and explanations concerning these matters.

22.    To the extent, if any, that the defendant was able to, she justifiably relied in fact and in law on the misrepresentation of the plaintiff and on the fraudulent disclosures and failures to disclose of the plaintiff, and as the result of the defendants' fraudulent disclosures and failures to disclose, the defendant was deprived of the good faith services of her lender and consequently was damaged in receiving loans that she did not need and on less favorable terms than she otherwise could have obtained.

23.    While representing to defendant that refinancing the prior mortgage of $315,485.20 would be advantageous, the defendants omitted the material fact that it would charge substantially higher points and fees, specifically, the loan origination fee and broker's fee.

24.    These omissions by the defendant were material to the transaction.

25.    The plaintiff acted intentionally so as to induce the defendant to enter into the transaction.

26.    The plaintiffs' conduct constituted an "unfair and deceptive trade practice" within the meaning of the District of Columbia Consumer Protection Act in that, among other reasons:

a.   the plaintiff committed a violation by making a loan when it knew or should have known there was no reasonable probability of repayment in full; D.C. Code § 28-3904(r)(1);

b.   the plaintiff misrepresented as to a material fact which tends to mislead; D.C. Code § 28-3904(e);

c.   the plaintiff failed to state a material fact the failure of which tend to mislead; D.C. Code § 28-3904(f);

d.   Plaintiff violated D.C. Code § 26-1114(a)(8), a per se unfair and deceptive trade practice, making it unlawful for a person to make or enforce unconscionable terms or provisions involving real estate financing transactions

e.   The defendant suffered damages from plaintiff's conduct, including excessive loan fees, interest and costs and emotional distress concerning the ability to pay back loans and possible foreclosure loss of her home.

**WHEREFORE** the defendant states, as a direct and proximate result of Plaintiff's conduct, plaintiff suffered the following injuries and damages, including, but not limited to:

a.   Mental anguish in the past and future

b.   Embarrassment, Humiliation and Emotional Distress.

c.   Statutory damages

d.   paying fees to the plaintiff to which plaintiffs were not entitled;

e.   paying excessive interest and other charges on loans to the defendants and/or their agents and/or their confederates; and

f.   post-judgment interest.

g.   treble damages

## SECOND CAUSE OF ACTION

### *Common Law Fraud against Town and Country*

27.    As her broker, the defendants assumed a fiduciary duty to the plaintiff.  The defendants defrauded the plaintiff by failing to disclose information that it had a duty to disclose, in particular, the financial disadvantages to her of obtaining a mortgage loan based on an excessively and fraudulently high stated principle price when compared to available housing with comparable work to be done and when compared to her limited financial means, and the financial disadvantages of executing four nearly simultaneous real estate closings on her home.

28.    To the extent, if any, that the plaintiff was able to, she justifiably relied in fact and in law on the good faith of her broker and on the fraudulent disclosures and failures to disclose of her broker, and as the result of the defendants' fraudulent disclosures and failures to disclose, The plaintiff was deprived of the good faith services of her broker and consequently was damaged in receiving loans that she did not need and on less favorable terms than she otherwise could have obtained.

27.    The plaintiff knew that the representation was false, or the representation was made with such reckless disregard for the truth that knowledge of the falsity of the statement can be imputed to the defendant.

28.    The plaintiff made the false representation for the purpose of defrauding the plaintiff.

29.    Such fraud caused the defendant damages, including but not limited to the loss of the honest, good faith services of her broker and the consequent loss of the more favorable loan terms which would have been available to her, had she been seeking the services of a broker and had she been seeking to procure a loan, but for the Plaintiffs' fraudulent disclosures and failures to disclose; the encumbrance of her title to her home as security for the mortgage loans made to her directly by defendants nearly simultaneously to the time when the defendants purported to have been acting as the plaintiff's broker; unearned broker's fees on the mortgage

loan; and the indebtedness to Plaintiff, the corporation which employed the defendants', for an amount several times in excess of the loan amount requested.

30.     The defendants acted maliciously in undertaking such fraud, in deliberate and reckless violation of the plaintiff's rights, entitling her to rescind the mortgage loan, and in the alternative to compensatory and punitive damages.

**WHEREFORE** the plaintiff states, as a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages, including, but not limited to:

a.   Mental anguish in the past and future

b.   Embarrassment, Humiliation and Emotional Distress.

c.   Statutory damages

d.   paying fees to the defendants to which Defendants were not entitled;

e.   paying excessive interest and other charges on loans to the defendants and/or their agents and/or their confederates; and

f.   paying interest on loans to third parties which exceed the amounts which would have been due if the defendants had acted properly in the transactions.

g.   attorney's fees and costs.

### THIRD CAUSE OF ACTION

*Violation of Mortgage Lenders and Brokers Act D.C. Code § 26-1110 et. seq.*

31.     Defendant repeat and reallege all paragraphs above as if fully set forth herein.

32.     In the District of Columbia, mortgage lenders are regulated by the Mortgage lender and Broker Act, D.C. Code § 26-1101 et. seq.  Defendant alleges the plaintiffs violated the act accordingly:

33.     D.C. Code § 26-1103 mandates that any person who engages in business as a mortgage lender or mortgage broker, or both must be licensed under this chapter.

The plaintiffs actively conducted business in the District of Columbia on a regular basis without licensing.

34.    D.C. Code §§ 26-1113, 26-1114(a)(7) prohibits the failure to provide the borrower with a financing agreement executed by the lender. The plaintiff failed to provide the requisite disclosures

35.    D.C. Code § 26-1114(a)(6)(B) prohibits a mortgage lender of broker to make any mortgage loan with the intent to foreclose on the borrower's property. Intent to foreclose on the borrower's property can be shown by the lack of the probability of full repayment of the loan by the borrower.

36.    D.C. Code § 26-1114(a)(8) prohibits an application fee in an amount not to exceed one percent (1%) of the original principal amount of the mortgage loan applied for in this transaction. Plaintiffs' loan origination fee was approximately 2.0% of the loan amount.

37.    The plaintiff fraudulently induced her to borrow twice to refinance her mortgage.

**WHEREFORE** the plaintiff states, as a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages, including, but not limited to:

    a.   Mental anguish in the past and future

    b.   Embarrassment, Humiliation and Emotional Distress.

    c.   Statutory damages and actual damages

    d.   paying fees to the defendants to which Defendants were not entitled;

    e.   paying excessive interest and other charges on loans to the defendants and/or their agents and/or their confederates; and

    f.   paying interest on loans to third parties which exceed the amounts which would have been due if the defendants had acted properly in the transactions.

g.    attorney's fees and costs.

## FOURTH CAUSE OF ACTION

*Violation of Home Lenders Protection Act D.C. Code § 26-1151 et. seq.*

38.    Defendant repeat and reallege all paragraphs above as if fully set forth herein.

39.    In the District of Columbia, mortgage lenders are regulated by the Home Lenders Protection Act, D.C. Code § 26-1151 et. seq.  Plaintiff alleges the defendants violated the act accordingly:

40.    D.C. Code § 26-1152.02 mandates that a lender shall not make a covered loan if the borrower, at the time that the covered loan is closed, cannot reasonably be expected to make the scheduled payments.

41.    D.C. Code § 26-1152.10 prohibits an application fee in an amount not to exceed one percent (1%) of the original principal amount of the mortgage loan applied for in this transaction.  Plaintiff's loan origination fee was approximately 2.0% of the loan amount.

42.    D.C. Code §§ 26-1152.11 prohibits the failure to provide the borrower with a Red Flag Warning Disclosure Notice executed by the lender.  The plaintiff failed to provide the requisite disclosures.

43.    D.C. Code § 26-1152.02 prohibits a mortgage lender of broker to make any mortgage loan with the intent to foreclose on the borrower's property.  Intent to foreclose on the borrower's property can be shown by the lack of the probability of full repayment of the loan by the borrower.

**WHEREFORE** the plaintiff states, as a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages, including, but not limited to:

a.    Mental anguish in the past and future

b.    Embarrassment, Humiliation and Emotional Distress.

c.    Statutory damages and actual damages

    d.   paying fees to the defendants to which Defendants were not entitled;

    e.   paying excessive interest and other charges on loans to the
        defendants and/or their agents and/or their confederates; and

    f.   paying interest on loans to third parties which exceed the amounts
        which would have been due if the defendants had acted properly in
        the transactions.

    g.   attorney's fees and costs.

## OATH

    I **HEREBY CERTIFY** that the foregoing Verified Answer, Plea of Title and Counterclaims are true and correct to the best of my information and belief.

_____
Joanne Blue

September 27, 2007

_____
William C. Johnson, Jr., Esq.
1229 15th St. NW
Suite 200
Washington, D.C. 20005
(202) 483-0808; (202) 431-2650

Plaintiff Demands for Jury Trial

September 27, 2007

_____
William C. Johnson, Jr., Esq.

## CERTIFICATE OF GOOD FAITH

    I **HEREBY CERTIFY** that the foregoing Verified Answer, Plea of title and Counterclaims has been filed in Good Faith and without any intent to delay.

_____
Joanne Blue

d.   paying fees to the defendants to which Defendants were not entitled;

e.   paying excessive interest and other charges on loans to the
     defendants and/or their agents and/or their confederates; and

f.   paying interest on loans to third parties which exceed the amounts
     which would have been due if the defendants had acted properly in
     the transactions.

g.   attorney's fees and costs.

## OATH

I HEREBY CERTIFY that the foregoing Verified Answer, Plea of Title
and Counterclaims are true and correct to the best of my information and belief.

_____
Joanne Blue

September 27, 2007

_____
William C. Johnson, Jr., Esq.
1229 15th St. NW
Suite 200
Washington, D.C. 20005
(202) 483-0808; (202) 431-2650

Plaintiff Demands for Jury Trial

September 27, 2007

_____
William C. Johnson, Jr., Esq.

## CERTIFICATE OF GOOD FAITH

I HEREBY CERTIFY that the foregoing Verified Answer, Plea of title
and Counterclaims has been filed in Good Faith and without any intent to delay.

_____
Joanne Blue

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of September, 2007, a copy of the foregoing Verified Answer, Plea of Title and Counter-Claim was served via first class mail, postage prepaid to the following:

Fremont Investments & Loans
1065 N. Pacific Center Dr.
Anaheim, California 92806

September 28, 2007

William C. Johnson, Jr., Esq.

Exhibit 5



SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

WASHINGTON, D.C. 20001-2131

### Notice of Certification

October 16, 2007

TO: 1.    Freemont Investment and Loan
        c/o Shapiro & Burson, LLP
        Attn: Sheldon P. Schuman, Esq.
        4804 Moorland Lane
        Bethesda, MD. 20814

      2.    Joanne Blue
        c/o William C. Johnson, Jr., Esq.
        1229 15th Street, N.W., Ste. 200
        Washington, D.C. 20005

      3.    Edna Robinson
        1001 F Street, N.E.
        Washington, D.C. 20002

**RE:**   **Ulysses S. Glee vs. Wendall A. Parris, Jr.**

Your Landlord & Tenant Branch case number **LT 25876-07** was certified to the Civil Actions Branch of the Civil Division on **10/12/07** and has been assigned CA number **6863-07**.

You are advised that the Superior Court Rules of Civil Procedure are applicable hereafter.

You are required to answer the statement of claim in writing inclusive of any counterclaims or crossclaims that might be pending. Copies of the answers **MUST** be served on the opposing party or attorney within (20) days from the date of the certification.

It is also required to file the **ORIGINAL ANSWERS** with the Court either before service or within (5) days after service.

If you have any questions regarding the above, please call (202) 879-1133 promptly.

**Note:**  This case has been assigned to
        Calendar #13 (Judge Melvin Wright)

                    Duane B. Delaney
                    CLERK OF THE COURT

                    By:    Aletre Barnett

Exhibit 6

No. 1814

# STATE OF CALIFORNIA

## DEPARTMENT OF FINANCIAL INSTITUTIONS

### CERTIFICATE OF AUTHORITY

The Commissioner of Financial Institutions hereby certifies that **FREMONT INVESTMENT & LOAN**, located at 2727 East Imperial Highway, City of Brea, County of Orange, State of California, has complied with all the provisions of the Financial Code governing organization of industrial banks and is authorized to transact industrial banking business.

Date:   October 11, 2004

HOWARD GOULD
Commissioner of Financial Institutions

Exhibit 7

# FEDERAL DEPOSIT INSURANCE CORPORATION

WASHINGTON, D. C.

Hereby certifies that the deposits of each depositor in

## FREMONT INVESTMENT & LOAN

### BREA

### CALIFORNIA

are insured to the maximum amount provided by the Federal Deposit Insurance Act

In testimony whereof, witness my signature and the seal of the Corporation this 11TH day of OCTOBER, 2004

CHAIRMAN OF THE BOARD OF DIRECTORS

EXECUTIVE SECRETARY

No: 25653

Attest:



**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                )
**JOANNE BLUE,** *et al.***,**                     )
                                                )
     **Plaintiffs,**                         )
                                                )
**v.**                                          )    **Case No. 1:08-cv-00729-CKK**
                                                )
**FREMONT INVESTMENT**                          )
     **& LOAN,** *et al.***,**                 )
                                                )
     **Defendants.**                         )
_____)

**ORDER GRANTING FREMONT INVESTMENT & LOAN'S**
**MOTION TO DISMISS**

     Fremont Investment & Loan's Motion to Dismiss having come before this Court,

and upon consideration of any response thereto, it is hereby

     ORDERED that Fremont Investment & Loan's Motion to Dismiss is granted for

the reasons stated in the memorandum of law filed in support of the motion; and it is

     FURTHER ORDERED that the Complaint is dismissed with regard to defendant

Fremont Investment & Loan, only.

     Entered this _____ day of _____, 2008.


                                       _____
                                       United States District Judge