UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOANNE BLUE, *et al.*, ) | ) |
| Plaintiffs, ) | ) |
| v. ) | Case No. 1:08-cv-00729-CKK |
| FREMONT INVESTMENT ) | |
| & LOAN, *et al.*, ) | ) |
| Defendants. ) | ) |

**FREMONT INVESTMENT & LOAN'S
REPLY IN SUPPORT OF
MOTION TO DISMISS**

# TABLE OF CONTENTS

I. Plaintiffs improperly rely upon facts outside the Complaint ................................. 1

II. Plaintiffs Halbert Blue and Rose Blue lack standing .............................................. 1

III. The agreement to not enforce the judgment of possession did not reinstate previously waived claims ......................................................................... 2

IV. Count One does not state a recognized claim for civil conspiracy ......................... 2

V. The fraud-based counts must be dismissed because they do not properly plead causes of action ................................................................................ 3

VI. The Federal claims are time barred .......................................................................... 5

    A. The Truth in Lending Act claims are barred ............................................... 5

    B. Plaintiffs' belated argument that a constructive exists does not salvage the time-barred TILA claims ............................................................ 6

    C. Plaintiffs do not dispute that the RESPSA claim is barred. ........................ 6

VII. The District of Columbia lender regulation laws are not applicable to Fremont and must be dismissed ................................................................................ 7

VIII. Leave to Amend need not be granted where amendment will be futile .................. 8

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .......................................... 3, 4

*Buaiz v. U.S.*,
  471 F.Supp.2d 129 (D.D.C. 2007) ................................................................................ 1

*Hallas v. Ameriquest Mortgage Company*,
  406 F.Supp.2d 1176 (D.Or. 2005) ................................................................................. 6

*Hancock v. HomeEQ Servicing Corp.*,
  2007 WL 1238746 (D.D.C. 2007), *affirmed* Case No. 07-7076 (D.C.Cir. May
  23, 2008) .................................................................................................................. 7, 8

*Hardin v. City Title & Escrow Co.*,
  797 F.2d 1037 (D.C.Cir. 1986) ..................................................................................... 6

*Henthorn v. Dept. of Navy*,
  29 F.3d 682 (D.C.Cir. 1994) ......................................................................................... 1

*Johnson v. Long Beach Mort. Loan 2001-4*,
  451 F.Supp.2d 16 (D.D.C. 2006) .................................................................................. 5

*National Wrestling Coaches Assn. v. Dept. of Educ.*,
  366 F.3d 930 (D.C.Cir. 2004) ....................................................................................... 8

*Paul v. Howard University*,
  754 A.2d 297 (D.C. 2000) ............................................................................................. 3

**STATUTES**

15 U.S.C. § 1602 ................................................................................................................. 5

15 U.S.C. § 1635 ............................................................................................................. 5, 6

15 U.S.C. § 1640 ................................................................................................................. 5

D.C. Code § 26-1111, *et seq.* ............................................................................................ 7

D.C. Code § 26-1151.01, *et seq.* ....................................................................................... 7

**OTHER AUTHORITIES**

Rule 12(b)(6) .................................................................................................................. 1

12 CFR Part 226 Commentary ¶ 226.23(a)(3) ................................................................... 6

Fremont Investment & Loan ("Fremont"), by counsel, for its reply in support of its Motion to Dismiss states as follows:

I.     <u>Plaintiffs improperly rely upon facts outside the Complaint.</u>

A motion to dismiss is based upon the facts pled in the Complaint, "'documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice.'" *Buaiz v. U.S.*, 471 F.Supp.2d 129, 134 (D.D.C. 2007) (*citing Gustave-Schmidt v. Chao*, 226 F.Supp.2d 191, 196 (D.D.C. 2002)).

A party opposing a motion to dismiss is bound to the same standard as the movant and may not rely upon non-permissible material. In ruling upon a Rule 12(b)(6) motion, the Court should not consider alleged facts improperly raised for the first time in the response. *Henthorn v. Dept. of Navy*, 29 F.3d 682, 688 (D.C.Cir. 1994).

Here, Plaintiffs factual recitation in the response does not identify where in the Complaint the allegation is pled. Upon closer review, it is apparent that numerous new fact allegations are raised for the first time in the response. Moreover, Plaintiffs attach at least one exhibit that is not part of the public record (a HUD-1 settlement statement) and which may not be considered on a motion to dismiss.

The Court should not consider the improper extraneous material in ruling upon the Motion to Dismiss.

II.     <u>Plaintiffs Halbert Blue and Rose Blue lack standing.</u>

Plaintiffs Halbert Blue and Rose Blue do not dispute that they did not enter into any loan with Fremont. Nonetheless, they argue that Fremont should be liable to them because Fremont must have known that Halbert Blue and Rose Blue were previously be defrauded. Thus, Fremont was a co-conspirator. Because these Plaintiffs identify no

facts supporting their conclusory allegations, the Court should dismiss the Complaint, to the extent it seeks damages against Fremont, for lack of standing.

III.     The agreement to not enforce the judgment of possession did not reinstate previously waived claims.

Plaintiffs may misunderstand Fremont's second grounds to dismiss as well as the scope of the consensual stay of eviction.

The Superior Court awarded Fremont a judgment of possession. Fremont agreed in connection with briefing the present motion to temporarily stay enforcement of its right to possession. Neither Fremont nor any Court held, though, that any waived claims were preserved or reinstated. Rather, Fremont simply agreed to maintain the status quo vis-à-vis Plaintiffs' place of residence while the Motion to Dismiss is briefed and adjudicated by the Court.

Although Fremont agreed to stay enforcement of the judgment of possession pending resolution of the present Motion to Dismiss, that stay does not impact its adjudicated right to possession or the procedural history in the Superior Court. To the extent any of the Plaintiffs waived claims against Fremont in the Superior Court, Civil Actions Branch, by failing to assert counterclaims (as required by the Superior Court Rules), that waiver is binding upon them in the present lawsuit.[1]

IV.      Count One does not state a recognized claim for civil conspiracy.

Plaintiffs concur that the District of Columbia does not recognize a distinct claim for civil conspiracy. Instead, a conspiracy claim must be tied to a distinct cause of action.

---

1    Plaintiffs' response makes confusing reference in many places to "defendants." The present motion is filed on behalf of Fremont Investment & Loan, only. Fremont takes no position on the validity of the claims Plaintiffs assert against the other defendants, who were not parties to the Superior Court lawsuit. In the event the Court dismisses Fremont, the Complaint against the remaining defendants is unaffected.

2

Plaintiffs' response to the Motion to Dismiss attempts to tie the conspiracy claim to the alleged fraud and statutory violations. In so doing, the conspiracy claim depends upon the validity of those underlying claims and fails if those substantive claims fail.

In addition to the need for a valid underlying cause of action, the conspiracy claim must satisfy the requirements of a cause of action – including the requirement that there be an agreement between and among the parties.

Plaintiffs' reliance on *Paul v. Howard University*, 754 A.2d 297 (D.C. 2000), is perplexing because it supports dismissal. There, the Court granted summary judgment because the record contained "no actual evidence of an agreement between or among any of the appellees to commit an unlawful act." *Id.* at 310. The present case, although procedurally postured as a motion to dismiss, is no different. Neither the Complaint nor the Plaintiffs' response to the motion alleges any facts that support an inference that Fremont had an agreement to perform any unlawful act or activity. The absence of an agreement defeats the conspiracy claim as a matter of law. The mere fact that Fremont and two plaintiffs entered into a loan (to which the plaintiffs admit they freely signed) does not reasonably lead to the inference that Fremont conspired with other parties to defraud any plaintiff or to participate in any unlawful activity.

V. <u>The fraud-based counts must be dismissed because they do not properly plead causes of action.</u>

Plaintiffs concur that fraud-based claims must be pled with particularity. Neither the Complaint nor the response to the Motion to Dismiss demonstrate that Plaintiffs have done so.

Contrary to the U.S. Supreme Court's enunciation in *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007), Plaintiffs'

3

arguments supporting the fraud claim are mere "labels and conclusions." As the Court there explained, a plaintiff cannot defeat a motion to dismiss by way of a "formulaic recitation of the elements of a case." *Id.* The factual allegations must be more than a "speculative level," but needs sufficient "fact to raise a reasonable expectation that discovery will reveal evidence of [actionable conduct]." *Id.*

At best, Plaintiffs make some broad generalizations about Fremont by claiming it was an "an enabler." Not one of the plaintiffs, though, can identify any specific representation made by Fremont or upon which it relied. Instead, Plaintiffs continue to point to misrepresentations made by <u>other</u> defendants for which they contend Fremont must necessarily be held liable either directly or as a co-conspirator. Such care-free pleading is not permitted under the Federal Rules, let alone for fraud claims. The Federal Rules require that Plaintiffs identify specific representations, actions, or other conduct made by <u>Fremont</u>. Plaintiffs' claims cannot survive the Motion to Dismiss based upon mere allegations that other defendants defrauded them and a belief that Fremont must be liable because it provided a loan (that Plaintiffs willingly signed). There is no allegation, or even suggestion, that Fremont made any communications relied upon by Plaintiffs, let alone any misrepresentations.

Because Plaintiffs do not satisfy the pleading requirement, the fraud claim must be dismissed against Fremont.

VI.     The Federal claims are time barred.

   A.     The Truth in Lending Act claims are barred.

Federal law is clear that a damages claim under the Truth in Lending Act must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640.

Plaintiffs' contention that the statute of limitations for damages does not accrue until disclosures are provided is contrary to the plain meaning of the statute and contrary to case law. Case law within the D.C. Circuit makes clear that "[i]n closed-end consumer transactions, such as the one in this case, the limitations period begins to run on the date of settlement." *Johnson v. Long Beach Mort. Loan 2001-4*, 451 F.Supp.2d 16, 39 (D.D.C. 2006); *see also* 15 U.S.C. § 1640(e). Settlement occurred on September 25, 2005, more than two years before Plaintiffs filed this action.

Plaintiffs' effort to extend the damages claim's limitations period to three years via TILA's rescission statute is also unavailing. The fact that a right to rescind may in some circumstances be extended for three years after closing does not mean that the borrowers' right to bring a damages claim arising from the loan is itself extended for three years. *See* 15 U.S.C. § 1635. While a separate damages claim may arise as a result of a lender's failure to comply with a proper rescission request, that claim (which is subject to a one year statute of limitations) is limited to damages related to the refusal to rescind. It does not renew a time barred claim.

Here, Plaintiffs cannot assert a TILA damages claim for failure to rescind because any right to rescind is time barred.[2] Plaintiffs do not dispute that any possible right to

---

2    Independently, Halbert Blue and Rose Blue cannot bring any TILA claim because they did not enter into a loan with Fremont and are not consumers as defined in 15 U.S.C. § 1602.

5

rescind expired when the property was sold at the July 9, 2007 foreclosure sale. 15 U.S.C. § 1635(f); *Hallas v. Ameriquest Mortgage Company*, 406 F.Supp.2d 1176, 1183 (D.Or. 2005); and 12 CFR Part 226 Commentary ¶ 226.23(a)(3). The first alleged rescission demand was made on March 4, 2008. Complaint, ¶ 70. Because Plaintiffs had no right to rescind, Fremont had not obligation to take any action and is not subject to damages.

      B.    <u>Plaintiffs' belated argument that a constructive exists does not salvage the time-barred TILA claims.</u>

Plaintiffs allege for the first time in their response that the TILA claims should be permitted under a constructive trust theory.

A constructive trust is a remedy available to a court in some circumstances upon proof of a valid cause of action. It is not a cause of action in and of itself and cannot revive a time-barred claim.

Setting aside that they do not plead this theory in the Complaint, the theory cannot apply to a time-barred TILA claim.

      C.    <u>Plaintiffs do not dispute that the RESPSA claim is barred.</u>

Plaintiffs did not file any opposition to Fremont's assertion that the RESPA claim is barred by the one year statute of limitations. Regardless, case law demonstrates that RESPA claims must be filed within one year after the occurrence. *Hardin v. City Title & Escrow Co.*, 797 F.2d 1037, 1041 (D.C.Cir. 1986).

VII.   The District of Columbia lender regulation laws are not applicable to Fremont and must be dismissed.

Plaintiffs do not dispute that Fremont is not subject to the District of Columbia's Mortgage Lenders and Brokers Act, D.C. Code § 26-1111, *et seq.* or the Home Loan Protection Act, the D.C. Code § 26-1151.01, *et seq*.

Nonetheless, Plaintiffs creatively cite to *Hancock v. HomeEQ Servicing Corp.*, 2007 WL 1238746 (D.D.C. 2007), *affirmed* Case No. 07-7076 (D.C.Cir. May 23, 2008), for the concept that Fremont can be held liable derivatively because of the conspiracy claim. This argument must fail.

First, Plaintiffs do not explain how they seek to hold Fremont derivatively liable. It is undisputed that Fremont issued the loan in dispute. The alleged violations of the D.C. lending statutes is based upon Fremont's purported wrongdoing in connection with the loan.

Second, *Hancock* does not stand for the proposition that these claims can be brought derivatively against an excluded lender. Quite to the contrary, *Hancock* merely noted that the Mortgage Lenders and Brokers Act claim was asserted derivatively, but dismissed the purported cause of action claim because it was filed more than seven years after the statute of limitations expired.[3] *Hancock* did not address a Home Loan Protection Act claim because the statute was not even enacted until eight years after any cause of action accrued.

Third, the claims based upon the District of Columbia's lending law violations could not be applied derivatively against Fremont because it is expressly excluded from

---

3   As noted in the movant's Supplemental Brief, even assuming *arguendo* that a claim could be asserted derivatively, it was time barred. The Court's Opinion was based solely upon the statute of limitations argument. The Court of Appeals affirmed dismissal based solely on statute of limitations considerations.

7

both statutes.  The exclusion inherently recognizes the authority granted to federal regulators and regulators of other states over the bank's conduct.  Plaintiffs identify no legal authority to permit these claims to go forward.  This is quite different than the derivative claim the Plaintiff attempted to assert in *Hancock*.  There, the derivative claims were asserted by the plaintiffs against an <u>assignee</u> of a lender.  Here, Fremont is the original lender.  Thus, any claims asserted against it are direct, not derivative, and subject to the statutes' express exclusions.

VIII.    <u>Leave to Amend need not be granted where amendment will be futile.</u>

Plaintiffs request leave to amend in the event the Court grants the motion.  Although leave to amend should ordinarily be granted freely, the Court may properly deny leave to amend where amendment would be futile.  *National Wrestling Coaches Assn. v. Dept. of Educ.*, 366 F.3d 930, 945 (D.C.Cir. 2004).

Here, Fremont opposes leave to amend the TILA, RESPA, Mortgage Lenders and Brokers Act, and Home Loan Protection Act claims (Counts 4-8).  Fremont also opposes leave to amend on the remaining counts with regard to plaintiffs Halbert Blue and Edna Blue.  No amendment to those claims would permit them to survive a subsequent motion to dismiss.

                Respectfully submitted,

                */s/ Harold G. Belkowitz*
                Harold G. Belkowitz (D.C. Bar No. 449800)
                Ober, Kaler, Grimes & Shriver
                A Professional Corporation
                1401 H Street, N.W., Suite 500
                Washington, D.C.  20005-2110
                (202) 408-8400
                (202) 408-0640 facsimile

                Counsel for Fremont Investment & Loan

### Certificate of Service

I certify that a copy of the foregoing and the attachments thereto were served pursuant to the Court's ECF system this 6th day of June, 2008 to:

        William C. Johnson, Jr., Esquire
        1229 15th Street, N.W.
        Washington, DC  20005
        Counsel for Plaintiffs

and by first-class mail, postage pre-paid, this 6th day of June, 2008 to:

        Executive Title & Escrow
        9500 Arena Drive, #480
        Largo, Maryland  20774

A copy of the foregoing was not served upon Town and Country Mortgage and Financial Services, Inc., Dennis Bishop, and Brenda Carew because previous mailings have been returned to sender as undeliverable.

                */s/ Harold G. Belkowitz*
                Harold G. Belkowitz

152886

9