# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOANNE BLUE, *et al.*,  )<br> )<br>    Plaintiffs,  )<br> )<br>v.   )<br> )<br>FREEMONT INVESTMENT AND  )<br>LOAN, INC., *et al.*,   )<br> )<br>    Defendants.  )<br>_____ ) | **Case No. 1:08-cv-00729-CKK** |

## **DEFENDANT EXECUTIVE TITLE AND ESCROW'S MOTION TO DISMISS**

Defendant, Executive Title & Escrow, LLC ("Executive Title"), by its undersigned counsel, respectfully moves pursuant to Rules 9 and 12(b)(6) that this Honorable Court dismiss each count of the complaint as it fails to state a claim upon which relief can be granted. In support thereof Defendant states as follows:

1. Plaintiffs have filed an eight count complaint against the Executive Title and a number of defendants in connection with a property located at 1001 F Street, in Washington D.C. In their complaint Plaintiffs seek "to enforce plaintiffs rights against mortgage fraud and to rescind a purported consumer credit transaction, to void the defendants deed of trust in plaintiffs home, and to recover actual and statutory damages, trebled damages, reasonable attorney's fees and costs by reason of the defendants violations of the [Truth-in-Lending] Act and any regulations thereto, and by reason of mortgage fraud committed on plaintiff during the purported transaction."

2. None of the counts of the Complaint, however, assert a sustainable cause of action against Executive Title. Rather, the complaint fails to state a claim and cannot state a claim upon which relief can be granted against Executive Title.

3.	The nebulous and conclusory allegations of the Complaint entirely fail to set forth any wrongful conduct by Executive Title, as the settlement company. Rather, the Complaint seeks damages in connection with the mortgage or financing on the Property, none of which Executive Title was involved.

4.	Finally, even if Plaintiffs could establish a viable cause of action against Executive Title, which they cannot, any cause of action arising from the April 27, 2004 closing is time barred by the applicable statute of limitations.

5.	Accordingly, for the reasons stated herein, and those more fully set forth in the accompanying memorandum of law which is incorporated herein, Executive Title requests that each and every count of the Complaint be dismissed.

WHEREFORE, Executive Title and Escrow, LLC requests that the Court dismiss the Complaint filed against it, with prejudice and without leave to amend.

Respectfully Submitted,

_____/s/_____
David E. Ralph (461593)
Law Offices of David E. Ralph, LLC
2423 Maryland Ave.
Suite 100
Baltimore, Maryland  21218
 (410) 366-1500
 (410) 366-1501

*Attorneys for Defendant Executive Title*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of June, 2008, copies of the foregoing Motion to Dismiss, memorandum of law and proposed order were served electronically or

by first class mail, postage prepaid on the following:

William C. Johnson, Jr., Esquire
1229 15th Street, N.W.
Washington, DC 20005
Counsel for Plaintiffs

Harold G. Belkowitz
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C. 20005-2110
Counsel for Fremont Investment & Loan

Town and Country Mortgage and Financial Services, Inc.
1300 Mercantile Lane, Suite 150
Largo, Maryland 20776

Dennis Bishop
1300 Mercantile Lane, Suite 150
Largo, Maryland 20776

Brenda Carew
10423 Beacon Ridge Drive
Mitchellville, Maryland 20721

                                                _____/s/_____
                                                  David E. Ralph

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOANNE BLUE, *et al.*, )<br>)<br>    Plaintiffs, )<br>)<br> v. )<br>)<br>FREEMONT INVESTMENT AND )<br>LOAN, INC., *et al.*, )<br>)<br>    Defendants. )<br>_____) | **Case No. 1:08-cv-00729-CKK** |

**MEMORANDUM IN SUPPORT OF DEFENDANT EXECUTIVE TITLE AND ESCROW'S MOTION TO DISMISS**

Defendant, Executive Title & Escrow, LLC ("Executive Title"), by its undersigned counsel, submits this memorandum of law in support of its motion to dismiss the Complaint and state as follows:

### INTRODUCTION

Plaintiffs have brought suit against Executive Title and a number of other defendants in order "to enforce plaintiffs rights against mortgage fraud and to rescind a purported consumer credit transaction, to void the defendants deed of trust in plaintiffs home, and to recover actual and statutory damages, trebled damages, reasonable attorney's fees and costs by reason of the defendants violations of the [Truth-in-Lending] Act and any regulations thereto, and by reason of mortgage fraud committed on plaintiff during the purported transaction." Compl., ¶1. The allegations of the Complaint are nebulous and conclusory at best. The Complaint entirely fails to set forth any wrongful conduct by Executive Title whatsoever on any count.

It appears from these muddled allegations that Plaintiffs Halbert, Rose and Joanne Blue do not dispute that they were the only ones on the deed to the 1001 F Street property

at the time of its conveyance to Defendant Carew.  Neither do they dispute that they attended a closing to sell their property to Defendant Carew in April 2004, or that Plaintiffs Joanne Blue and Edna Robinson attended another closing in September 2005, wherein they purchased the property back from Defendant Carew, nor that Plaintiffs Joanne Blue and Edna Robinson did not knowingly enter into a loan with Defendant Fremont.  Nevertheless, *all Plaintiffs* collectively seek in this action to recover damages from *all Defendants*, and to rescind the mortgage note that only Plaintiffs Joanne Blue and Edna Robinson executed, based upon a series of common, state and federal law allegations regarding their mortgage.

Whatever Plaintiffs' nebulous protestations mean, it is undisputed that Executive Title was not a mortgage lender or broker.  Neither was Executive Title involved in the loan process.  Rather, it is undisputed that Executive Title was solely the settlement agent that prepared the HUD-1 which Plaintiffs executed and made disbursement therefrom. Compl., ¶14; exhibits 1, 2 and 6.  Indeed, with the exception of the caption and the list of parties to this action, the Complaint never mentions Executive Title nor specifies anything that it allegedly did or did not do.  Thus, as set forth below, the Court should dismiss all of the Plaintiffs' claims against the Executive Title, as all of these claim fail to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

A district court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cognizable legal theory or for pleading insufficient facts under a cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996). "The court need not accept inferences drawn by Plaintiffs if

such inferences are unsupported by the facts set out in the complaint." *Western Associates, Limited Partnership v. Market Square Associates*, 235 F.3d 629, 634 (D.C. Cir. 2001). Likewise, the Court need not accept "legal conclusions cast in the form of factual allegations." *Id.*; *Smoot v. Simmons*, 2006 U.S. Dist. LEXIS 51561 at *12. Rather, a court should dismiss a claim where, as here, it appears "beyond doubt that the [plaintiffs] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *E.E.O.C. v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997) (*citing Conley v. Gibson*, 355 U.S. 41, 445-46 (1957)).

### ARGUMENT

**I.     Count One Does Not State A Recognized Claim For Civil Conspiracy**.

Count One attempts to allege a common law cause of action for civil conspiracy against "all defendants." The elements of a civil conspiracy are: "(1) an agreement between two or more persons; (2) to participate in an unlawful act, or in a lawful act in an unlawful manner; and (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme." *Giva v Davison*, 637 A.2d 830, 848 (D.C. 1994). Civil conspiracy, however, is not recognized under District of Columbia law as an independent tort action. *See Executive Sandwich Shoppe, Inc. v. Carr Realty Corporation*, 749 A.2d 724, 738 (D.C. 2000) (*citing Waldon v. Covington*, 415 A.2d 1070, 1074 n.14 (D.C. 1980)). Here, Plaintiffs attempt to assert an impendent tort claim for civil conspiracy that does not exist as a matter of law.

Even assuming *arguendo*, that a cause of action for civil conspiracy did exist under the circumstances of this case, the Complaint does not plead sufficient allegations

to support a civil conspiracy claim. Plaintiffs do not set forth any allegation — factual or otherwise — that Executive Title entered into an agreement with *anyone* to participate in *any* unlawful or lawful act in an unlawful manner. The Complaint merely makes a series of conclusory statements by clumping the defendants together as "defendants."

Moreover, Plaintiffs contend that their damages result from an unconsented mortgage and financing on the 1001 F Street property (the "Property"). Compl., ¶¶ 41-44. As stated, however, it is undisputed that Executive Title was merely the settlement agent and would not have been a part of the mortgage or financing process. Thus, on its face none of the conclusory allegations regarding alleged "[un]consented" financing would even relate to Executive Title as the settlement company.

The only factual allegation that could conceivably relate to Executive Title is Plaintiffs' nebulous and conclusory allegations in Paragraph 42 of the Complaint wherein Plaintiffs allege that "Defendants, without the consent or approval of the plaintiffs, *transferred* the property. . . ." Compl., ¶ 42. The cryptic and conclusory allegations regarding "consent" and "transfer" are, however, not supported by the unambiguous and undisputed facts of this case. Plaintiffs have attached as exhibit 1 to their Complaint a Deed executed by Plaintiffs Halbert, Rose and Joanne Blue and duly recorded in the Land Records of the District of Columbia evidencing Plaintiffs' conveyance of the property.[1] As an initial matter, Plaintiff Edna Robinson has no standing to assert any allegation regarding the conveyance of the Property by Plaintiffs Halbert, Rose and Joanne Blue because she was not a title holder to that property. *See* Compl., exhibit 1. As for the other Plaintiffs, they do not and cannot allege that they did not attend a closing for the

---

[1] In addition, as set forth *infra*, Plaintiffs' claims arising out of the April 27, 2004 settlement where they conveyed their interest in the Property to Defendant Carew are barred by the applicable statute of limitations.

4

sale of their property, which sale is evidenced by the executed Deed and the HUD-1. Compl., exhibits 1 and 2; *see also*, executed HUD-1 incorporated herein and attached hereto as **Exhibit A**.[2] Neither do Plaintiffs allege that their signatures are fraudulent on either the Deed conveying title or the HUD-1 acknowledging the same.

Accordingly, because the Complaint does not state a claim for civil conspiracy against any defendant and cannot state such a claim against Executive Title, it must be dismissed.

### II.     Counts 2 and 3 Fail to State a Claim Against Executive Title.

Counts Two and Three allege fraud based claims and must be dismissed pursuant to Rules 9(b) and 12(b)(6).

Count Two alleges a series of muddled and conclusory assertions that in truth fail to state any cause of action. Plaintiffs, nonetheless, attempt to use these cryptic and conclusory statements allegedly made by some unidentified "defendant" or "defendants" in an effort to purport to assert a cause of action under the District's Consumer Protection Procedures Act ("DCCPPA"), D.C. Code § 298-3901, *et seq*. A Complaint alleging a violation of the DCCPPA must allege material misrepresentations. *Osbourne v. Capital City Mortgage Corp.*, 667 A.2d 1321, 1330 (D.C. 1995). Thus, Count Two is functionally a claim for fraudulent or mistaken conduct.

Count Three in a similar nebulous and conclusory manner attempts assert a claim for common law fraud. Notwithstanding this, Count Three alleges no allegations that could even conceivably either implicitly or explicitly relate to Executive Title as the settlement agent. The essential elements of common law fraud are: "(1) a false

---

[2] Plaintiffs have incorporated the HUD-1conveying title by reference. Thus, Executive Title has attached the executed version of that HUD-1 pursuant to Fed.R.Civ.P. 10(c).

representation (2) made in reference to a material fact, (3) with knowledge of its falsity, (4) with the intent to deceive, and (5) an action that is taken in reliance upon the representation." *Kitt v. Capital Concerts, Inc.*, 742 A.2d 856 (1999) (*quoting Hercules & Co. v. Shama Restaurant Corp.*, 613 A.2d 916 (D.C. 1992)).

The Federal Rules of Civil Procedure ordinarily require that a Complaint simply put a defendant on notice of the claim against it. *See* Fed.R.Civ.P. 8(a). The Rules, however, require a higher standard for counts two and three —mandating that these claims "be stated with particularity." Fed.R.Civ.P. 9(b). Rule 9(b)'s fundamental purposes include the need to provide fair notice to a defendant alleged to have committed fraud. U.S. *ex rel. Fisher v. Network Software Associates*, 227 F.R.D. 4, 9 (D.D.C. 2005). Indeed, Rule 9(b) exists so that a party can be placed "on notice of precisely what he or she must defend against." *High v. McLean Financial Group*, 659 F.Supp. 1561, 1566 (D.D.C. 1987).

A plaintiff alleging fraudulent or mistaken conduct must state in the Complaint "the time, place and content of the false misrepresentations, the facts misrepresented and what was retained or given up as a consequence of the fraud." *Ellipso, Inc. v. Mann*, 460 F.Supp.2d 99, 105 (D.D.C. 2006) (*citing Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1278 (D.C.Cir. 1994). Other courts have described the heightened requirement as mandating the plaintiff to plead the "'who, what, when, and where" details of the alleged fraud. *In re Barber*, 266 B.R. 309, 322 (Bankr.E.D.Pa. 2001) (*citing Smith v. Berg*, 2000 WL 36549, at *4 (E.D.Pa. 2000)). Rule 9(b) "usually requires the claimant to allege at a minimum the identity of the person who made the fraudulent statement, the time, place, and content of the misrepresentation, the resulting injury, and the method by which the

6

misrepresentation was communicated." *Ellipso*, 460 F.Supp.2d at 105 (citing 2-9 Moore's Federal Practice — Civil § 9.03(1)(b)). Moreover, a plaintiff must plead fraud with particularity as to each defendant. *Cinalli v. Kane*, 191 F.Supp.2d 601 (E.D.Pa. 2002). A complaint that does not plead fraud with the requisite specificity is subject to dismissal under Fed. R. Civ. P. 1 2(b)(6). *See* 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1300.

Here, the Complaint lacks any particularity with regard to the allegedly fraudulent conduct by Executive Title as the settlement company. It is doubtful that these anonymous and conclusory allegations are sufficient even under the normal notice pleading standards of Fed.R.Civ.P. 8(a). The Complaint pleads in ambiguous terms "plaintiff" and "defendant," (both in the singular and plural) even though there are four plaintiffs and five defendants. Indeed, the Complaint fails to define which defendant or defendants are asserting which allegations against Executive Title. There is not one alleged representation or misrepresentation made by Executive Title made either implicitly or explicitly which could be attributed to Executive Title. There is no allegation about how or when Executive Title as the settlement company could have made any misrepresentations about the loan or finance of the property at issue. Moreover, given the fact that Plaintiffs signed both the Deed of sale for the Property and the HUD-1 for such sale, there is nothing that supports a conclusion that Plaintiffs Halbert, Rose and Joanne Blue were not aware they were selling the Property. *See* Compl., exhibit 1 and **Exhibit A**. Furthermore, Executive Title's name is not mentioned anywhere in either count, or is it implicitly referred to. Simply put, the Complaint fails to provide any specificity to provide any notice to Executive Title of its alleged

wrongdoing. Accordingly, Counts Two and Three do not state a claim against Executive Title and must be dismissed.

### III. The Federal Claims Must Be Dismissed Because They are Time Barred.

To the extent that Counts Four and Six could even state a claim against Executive Title as the settlement company for violations under the Truth in Lending Act and RESPA, those claims would nevertheless be time barred. To the extent the Plaintiffs seek such relief it is in the nature of monetary damages pursuant to 15 U.S.C. § 1638. Claims for monetary damages under the Truth in Lending Act are subject to a one year statute of limitations. 15 U.S.C. § 1640(e). Similarly, Plaintiffs' RESPA claim seeks damages pursuant to 12 U.S.C. § 2607(d). RESPA claims under Section 2607 are also subject to a one year statute of limitations. 12 U.S.C. § 2614.

Again, as an initial matter, the Complaint fails to set forth any wrongful conduct by Executive Title whatsoever. Nevertheless, the settlements conducted by Executive Title in connection with the Property were conducted on April 27, 2004 and September 29, 2005 respectively. *See* Compl., exhibits 2 and 6. The instant lawsuit was not filed until April 8, 2008--**3 years, 11 months, 12 days** after the first closing on the Property and **2 years, 6 months, 10 days** after the second. Thus, Plaintiff TILA and RESPA claims are time barred and must be dismissed.

### IV. The District of Columbia Lender Regulation Laws Are Not Applicable to Executive Title.

In Count Seven Plaintiffs seek to recover against "all defendants" damages for violating the District of Columbia's Mortgage Lenders and Brokers Act, D.C. Code § 26-1111, *et seq*. Plaintiffs allege that "[i]n the District of Columbia, mortgage lenders are

8

regulated by the Mortgage lender and Broker Act, D.C. Code § 26-1101 *et. seq.*" Compl., ¶¶ 85. Specifically, Plaintiffs allege that "the defendants" violated the Act because "D.C. Code § 26-1103 mandates that any person who engages in business as a mortgage lender or mortgage broker, or both must be licensed under this chapter" and "the defendants actively conducted business in the District of Columbia." Compl., ¶¶ 86. Count Seven must be dismissed because it is clear from the Complaint and beyond dispute that Executive Title was the settlement company not a mortgage lender or broker. *See* Compl., ¶14.

### V.    Home Loan Protection Act is Not Applicable to Executive Title.

In Count Eight Plaintiffs allege that Executive Title's conduct violated the D.C. Code § 26-115 1.01, *et seq.*, the Home Loan Protection Act. In particular, Plaintiffs allege that "defendants" did not comply with requirements arising under sections 26-1152.02, 26-1152.11, and 26-1152.16 in making loans. *See* Complaint, ¶¶ 93- 97. As is clear, the Home Loan Act applies to certain lenders in making covered loans. The Act has no application to settlement companies conducting closings. Accordingly, because the provisions of the Home Loan Protection Act cannot apply to Executive Title, as a settlement company, Count VIII cannot state a claim against Executive Title as a matter of law.

### VI.   All Claims Arising From the April 27, 2007 Settlement are Time Barred.

As stated numerous times herein, the allegations of the Complaint are nebulous and conclusory at best. The Complaint entirely fails to set forth any wrongful conduct by Executive Title whatsoever on any count. Nevertheless, to the extent that Plaintiffs base any of their claims on the April 27, 2004 settlement where they conveyed their interest in

9

the Property to Defendant Carew, such claims are barred by the applicable statute of limitations. Executive Title conducted that closing on April 27, 2004, and Plaintiffs did not file suit until April 8, 2008. Thus, these claims, assuming they were otherwise viable, are *11 months, 12 days* too late.

## CONCLUSION

For all the foregoing reasons, Defendant Executive Title's Motion to Dismiss should be granted.

Respectfully Submitted,

_____/s/_____
David E. Ralph (461593)
Law Offices of David E. Ralph, LLC
2423 Maryland Ave.
Suite 100
Baltimore, Maryland  21218
 (410) 366-1500
 (410) 366-1501

*Attorneys for Defendant Executive Title*

# Settlement Statement

U.S. Department of Housing and Urban Development
OMB No. 2502-0265 REV. HUD-1 (3/86)

TitleExpress Settlement System
Printed 04/28/2004 at 10:47 R1

**B. Mortgage Insurance Case Number**

**A. Type of Loan**
1. ☐ FHA   2. ☐ FmHA   3. ☐ Conv. Uns.
4. ☐ VA    5. ☐ Conv. Ins.

6. File Number: 04-4435RTL
7. Loan Number: 0001498691

**C. Note:** This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.
**WARNING:** It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

**D. NAME OF BORROWER:** Brenda D. Carew
**ADDRESS:**

**E. NAME OF SELLER:** Halbert T. Blue and Rose M. Blue
Joanne Blue
**ADDRESS:** 1001 F Street, NE, Washington, DC 20002

**F. NAME OF LENDER:** New Century Mortgage Corporation
**ADDRESS:** 18400 Von Karman, Ste 1000, Irvine, CA 92612

**G. PROPERTY ADDRESS:** 1001 F Street, NE, Washington, DC 20002

**H. SETTLEMENT AGENT:** Executive Title and Escrow L.L.C., Telephone: 301-341-6444 Fax: 301-341-1238
**PLACE OF SETTLEMENT:** 9500 Arena Drive, Suite 480, Largo, MD 20774

**I. SETTLEMENT DATE:** 04/27/2004

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| **100. GROSS AMOUNT DUE FROM BORROWER** | | **400. GROSS AMOUNT DUE TO SELLER** | |
| 101. Contract sales price | 430,000.00 | 401. Contract sales price | 430,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. | | 403. | |
| 104. | (1400) | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. GROSS AMOUNT DUE FROM BORROWER** | 450,835.80 | **420. GROSS AMOUNT DUE TO SELLER** | 430,000.00 |
| **200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER** | | **500. REDUCTIONS IN AMOUNT DUE TO SELLER** | |
| 201. Deposit of earnest money | 43,000.00 | 501. Excess Deposit (see instructions) | 43,000.00 |
| 202. Principal amount of new loans | 387,000.00 | 502. Settlement charges to seller (line 1400) | 7,075. |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff:3091080 | 315,485. |
| | | 505. | |
| 206. | | 506. Release Fee | 225. |
| 207. | | 507. Executive Title and Escrow L.L. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes 04/01/04 to 04/27/04 | 107.47 | 510. City/town taxes 04/01/04 to 04/27/04 | 107. |
| 213. | | 513. Water Escrow | 450. |
| 214. SELLER CREDIT | 17,500.00 | 514. SELLER CREDIT | 17,500. |
| 215. | | 515. MISC/BILL | 27,000. |
| 216. | | 516. MISC/BILL | 4,000. |
| 217. | | 517. ESCROW | 8,000. |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. TOTAL PAID BY/FOR BORROWER** | 447,607.47 | **520. TOTAL REDUCTION AMOUNT DUE SELLER** | 422,842 |
| **300. CASH AT SETTLEMENT FROM OR TO BORROWER** | | **600. CASH AT SETTLEMENT TO OR FROM SELLER** | |
| 301. Gross amount due from borrower (line 120) | 450,835.80 | 601. Gross amount due to seller (line 420) | 430,000 |
| 302. Less amounts paid by/for borrower (line 220) | 447,607.47 | 602. Less reduction amount due seller (line 520) | 422,842 |
| **303. CASH FROM BORROWER** | 3,228.33 | **603. CASH TO SELLER** | 7,157 |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

SELLER INSTRUCTIONS: If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040).

You are required by law to provide the settlement agent (Fed. Tax ID No: ) with your correct taxpayer identification number. If you do not provide the settlement agent with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

TIN: 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; 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

SELLER(S) SIGNATURE(S): _Joanne Blue_  _Halbert T. Blue_

SELLER(S) NEW MAILING ADDRESS: 1001 F Street NE Washington DC 20002

SELLER(S) PHONE NUMBERS: 202-543-3580 (H)   (W)

**U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT**
**SETTLEMENT STATEMENT**
HUD-1 (3/86)

File Number: 04-4...
TitleExpress Settle... System   Printed 04/28/2004 at 10:47 PM

| | | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|
| **L. SETTLEMENT CHARGES** | | | | |
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $430,000.00 = | | | | |
| Division of commission (line 700) as follows: | | | | |
| 701. $ | to | | | |
| 702. $ | to | | | |
| 703. Commission paid at Settlement | | | | |
| 704. | | | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | | |
| 801. Loan Origination Fee  2.000 % Town and Country Mortgage | | | 7,740.00 | |
| 802. Loan Discount        % | | | | |
| 803. Appraisal Fee | to Town and Country Mortgage | | 350.00 | |
| 804. Credit Report | to Town and Country Mortgage | | 9.00 | |
| 805. UNDERWRITING FEE | to New Century Mortgage Corporation | | 350.00 | |
| 806. DOCUMENT FEE | to New Century Mortgage Corporation | | 359.00 | |
| 807. TAX SERVICE FEE | to New Century Mortgage Corporation | | 78.00 | |
| 808. FLOOD CERTIFICATION | to New Century Mortgage Corporation | | 11.20 | |
| 809. PROCESSING FEE | to Town and Country Mortgage | | 600.00 | |
| 810. | | | | |
| 811. | | | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | | |
| 901. Interest From 04/27/2004 to 05/01/2004 @$ 63.6200 /day  4 Days | | | 254.48 | |
| 902. Mortgage Insurance Premium for   to | | | | |
| 903. Hazard Insurance Premium for   to STATE FARM | (P.O.C.) 1,288.00 Buyer | | | |
| 904. | | | | |
| 905. | | | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | | | |
| 1001. Hazard Insurance  2 mo.@$ 101.50 /mo | | | 203.00 | |
| 1002. Mortgage Insurance    mo.@$         /mo | | | | |
| 1003. City Property Taxes  2 mo.@$ 209.06 /mo | | | 418.12 | |
| 1004. County Property Taxes    mo.@$         /mo | | | | |
| 1005. Annual Assessments    mo.@$         /mo | | | | |
| 1009. Aggregate Analysis Adjustment | | | 0.00 | 0 |
| **1100. TITLE CHARGES** | | | | |
| 1101. Settlement or closing fee | to Executive Title and Escrow L.L.C. | | 175.00 | 250 |
| 1102. Abstract or title search | to LKW Title and Abstract Service, LLC | | 255.00 | |
| 1103. Title examination | to Executive Title and Escrow L.L.C. | | 325.00 | |
| 1104. Title insurance binder | to  - e Title and Escrow L.L.C. | | 75.00 | |
| 1105. Document Preparation | to  - e Title and Escrow L.L.C. | | | 150 |
| 1106. Notary Fees | | | | |
| 1107. Attorney's fees | to Lawrence O. Elliott, Jr. Esq. | | 100.00 | |
| (includes above items No: | ) | | | |
| 1108. Title Insurance | to Old Republic National Title Insurance Co. | | 2,378.00 | |
| (includes above items No: | ) | | | |
| 1109. Lender's Policy    387,000.00 - 1,522.96 | | | | |
| 1110. Owner's Policy     430,000.00 -   855.04 | | | | |
| 1111. Judgment Search | to Property Insight | | 25.00 | |
| 1112. | | | | |
| 1113. Courier/Overnight | to Executive Title and Escrow L.L.C. | | 65.00 | 65 |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | | |
| 1201. Recording Fees Deed $ 40.00   ; Mortgage $ 250.00  ; Release $ 160.00 | | | 290.00 | 160 |
| 1202. City Transfer Tax Deed $ 6,450.00 ; Mortgage $ | | | 3,225.00 | 3,225 |
| 1203. City Recordation Tax Deed $ 6,450.00 ; Mortgage $ | | | 3,225.00 | 3,225 |
| 1204. Construction Tax Deed $ ; Mortgage $ | | | | |
| 1205. | | | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | | | |
| 1301. Survey | to Duley and Associates, Inc. | | 275.00 | |
| 1302. Pest Inspection | | | | |
| 1303. CLEAL LIEN | to DC TREASURER | | 50.00 | |
| 1304. | | | | |
| 1305. | | | | |
| 1306. | | | | |
| 1307. | | | | |
| 1308. | | | | |
| **1400. TOTAL SETTLEMENT CHARGES**  (enter on lines 103, Section J and 502, Section K) | | | 20,835.80 | 7,07 |

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

/s/ Halbert T. Blue
Halbert T. Blue

/s/ Brenda D. Carew
Brenda D. Carew
1617822272

/s/ Rose M. Blue
Rose M. Blue

HUD CERTIFICATION OF BUYER AND SELLER
The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

By: /s/ Joanne Blue   4/27/04
Joanne Blue

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: U.S. CODE SECTION 1001 AND SECTION 1010.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOANNE BLUE, *et al.*,  )<br>  )<br>            Plaintiffs,  )<br>     v.  )<br>  )<br>FREEMONT INVESTMENT AND  )<br>LOAN, INC., *et al.*,  )<br>  )<br>            Defendants.  )<br>_____) | **Case No. 1:08-cv-00729-CKK** |

## ORDER

Upon consideration of the Defendant Executive Title and Escrow LLC's Motion to Dismiss, and any opposition thereto, it is this _____ day of _____, 2008,

ORDERED AND ADJUDGED:

1. That the Defendant Executive Title and Escrow LLC's Motion to Dismiss is hereby GRANTED; and

2. That the Complaint is hereby DISMISSED as to Defendant Executive Title and Escrow LLC with prejudice and without leave to amend; and

3. That judgment is hereby ENTERED in favor of Defendant Executive Title and Escrow LLC and against the Plaintiffs; and

4. Costs to be paid by the Plaintiffs.

_____
Honorable Collen Kollar-Kotelly
United States District Court for the District of Columbia