UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joan Blue, et. al.<br>1001 F Street, NE<br>Washington, D.C. 20002<br>      Plaintiff,<br><br>      v.<br><br>Fremont Investment & Loan, Inc.<br>2727 E. Imperial Highway<br>Brea, California 92821<br>      Defendant, | )<br>)<br>)<br>)<br>)<br>)<br>)   CA No.: 1:08-CV-00729-CKK<br>)<br>)   DEMAND FOR JURY TRIAL<br>)<br>)<br>)<br>) |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

**COMES NOW** the plaintiffs, Joan Blue, Edna Robinson, Halbert Blue and Rose Blue, by and through counsel, William C. Johnson, Jr., Esq. submit their First Amended Complaint pursuant to Court Order against the defendants for the purposes stated as follows:

1. This Complaint is filed and these proceedings are instituted under the D. C. Consumer Protection Act, DC Code § 28-2904, et. seq., D.C. Mortgage Lender and Broker Act, DC Code § 26-1101 et. seq., to enforce plaintiff's rights against mortgage fraud and to rescind a purported consumer credit transaction, to void the defendants deed of trust in plaintiff's home, and to recover actual and statutory damages, trebled damages, reasonable attorney's fees and costs by reason of the defendants violations of the Act and any regulations thereto, and by reason of mortgage fraud committed on plaintiff during the purported transaction.

## JURISDICTION

2. This Court has subject matter jurisdiction over this action pursuant to D.C. Code 11-921(1981 Edition) as this Complaint arises from an incident which occurred primarily in the District of Columbia.

3. This Court has personal jurisdiction over the Defendants in that Defendants committed mortgage fraud in Washington, D.C. by an act or omission.

## VENUE

4. Venue is proper in this Court because a substantial portion of the transaction complained of herein occurred in the District of Columbia, the incident at issue is whether the defendants fraudulently procured a mortgage upon a property located in Washington, D.C. The defendants have a principle place of business in the State of Maryland but conducts within the District of Columbia.

## PARTIES

5. Plaintiff Joan Blue ("Ms. Blue") is a natural person and resides at 1001 F Street, NE, Washington, D.C. 20002.

6. Plaintiff Edna Robinson ("Ms. Robinson") is a natural person and resides at 1001 F Street, NE, Washington, D.C. 20002.

7. Plaintiff Halbert Blue ("Mr. Blue") is a natural person and resides at 1001 F Street, NE, Washington, D.C. 20002.

8. Plaintiff Rose Blue ("Mrs. Blue") is a natural person and resides at 1001 F Street, NE, Washington, D.C. 20002.

9. Defendant Fremont Investment & Loan, is a mortgage lender in the state of California Maryland and presently is not authorized to do business in the District of Columbia.

10. At all times relevant hereto, in the ordinary course of its business, Defendant Fremont Investment & Loan regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, making Defendant Fremont Investment & Loan a creditor.

11. Defendant Town and Country Mortgage and Financial Services, Inc, is a Maryland business engaged in Mortgage Brokering Services at, among other locations, 1300 Mercantile Lane Largo, Maryland 20774.

12. Defendant Denis Bishop is the CEO and President of Town and Country Mortgage and Financial Services, Inc, and operates among other locations, at1300 Mercantile Lane Largo, Maryland 20774.

13. Defendant Brenda Carew is a consultant and broker of Town and Country Mortgage and Financial Services, Inc, and operates among other locations, at1300 Mercantile Lane Largo, Maryland 20774.

14. Defendant Executive Title & Escrow, LLC is a title company and operates among other locations, at 9500 Arena Drive, Suite 480, Largo, MD 20774.

## INTRODUCTION

15. On or about April 2004, plaintiff Halbert and Rose Blue, an elderly couple and their daughters were being foreclosed upon by their lender. The plaintiffs were approached by Defendant Town & Country Mortgage through Denis Bishop and he offered to loan them the money to stop the foreclosure and required them to sign a deed to "secure" his loan.

16. The plaintiffs were informed by defendant Denis Bishop that they could stay in their home as long as they continued to pay the mortgage. The plaintiffs agreed in an effort to stop the foreclosure.

17. Unbeknownst to the plaintiff, a deed purporting to sell their property to a "Brenda Carew," was filed with the register of deeds. **Brenda Carew was unknown to the plaintiffs.**

18. Defendant Brenda Carew, utilizing defendant Town & Country as the mortgage broker, obtained a loan from New Century Mortgage in the amount of $387,000.00 to purchase the property. The purported sales price was $430,000.00. The HUD-1 indicates the existence of a $43,000.00 deposit.

19. Brenda Carew used the proceeds of the loan to payoff the existing mortgage/fees alleged to be $308,000.00 and retained the overage. The plaintiffs were never aware of the "actual" sale of the property and continued to live in the home. The plaintiffs admit to receiving cash in the amount of $8,000.00.

20. On or about September 1, 2005, the property was facing foreclosure again. This time however, the loan was in the name of "Brenda Carew." Defendant

      Brenda Carew received notices of the foreclosure at the home of the plaintiff. The plaintiff's were informed by Denis Bishop that they would be given a loan to refinance their home so they could stop the foreclosure. The plaintiffs never applied for a loan.

21. The plaintiffs did not receive an appraisal of their home, however they did receive a notice claiming that if they wanted to receive an appraisal they had to request one from the home office in California.

22. The sale of the property was from Brenda Carew to the plaintiff in the amount of $555,000.00. The plaintiff Joan Blue and Edna Robinson received an unsolicited loan from Fremont Investment & Loans in the amount of $444,000.00. Once again, there is a fictitious deposit. This time the deposit is in the amount of $55,500.00.

23. There is also a second mortgage held by defendant Brenda Carew in the amount of $55,500.00. This time, the plaintiffs received nothing at the table.

24. The plaintiffs did not apply for the loan nor could they qualify for the loan. Defendant Denis Bishop arranged for the loan without the plaintiff's knowledge.

25. The plaintiffs nonetheless, attended the closing because they were told this would stop the foreclosure.

26. The plaintiffs Halbert and Rose Blue were left completely out of the transaction and ultimately had their property taken from them.

27. The plaintiffs Joan Blue and Edna Rose ended up with a mortgage note which exceeded their means to pay. Defendant Fremont is foreclosing upon the loan.

## FIRST CAUSE OF ACTION
*Civil Conspiracy by all Defendants Brenda Carew, Town & Country Mortgage, Dennis Bishop and Executive Title and Escrow*

28. Plaintiffs incorporates all paragraphs and statements in this complaint and alleges the following;

29. The defendants Brenda Carew, Town and Country Mortgage, Dennis Bishop and Executive Title & Escrow willingly and knowingly agreed to utilize a mortgage scheme as an artifice to defraud the plaintiff;

30. Defendant Town and Country, without the knowledge, consent or approval of the plaintiffs, transferred the property located at 1001 F St. NE, Washington, D.C. 20002 to defendant Brenda Carew;

31. Defendant Brenda Carew, with the assistance of defendants Town & Country and Dennis Bishop acquired a mortgage on the property located at 1001 F St NE, Washington, D.C. 20002;

32. Defendant Brenda Carew wrongfully absconded with the plaintiff's equity in the home.

33. Defendant Executive Title & Escrow by agreement facilitated the fraud by purposefully and fraudulently inserting erroneous dollar amounts into the HUD-1 form in order to obfuscate the transaction and mislead the plaintiffs.

34. Defendant Town and Country Mortgage and Dennis Bishop engaged in an lawful act in an unlawful manner, when, without the consent or approval of the plaintiffs, it applied for a mortgage loan for the purchase of the subject property located at 1001 F St. NE, Washington, D.C. 20002 from defendant Brenda Carew;

35. Defendants without the consent or approval of the plaintiffs, arranged for the financing and purchase of the property located at 1001 F St. NE, Washington, D.C. 20002 from defendant Brenda Carew.

36. As a result of the defendant's conspiracy, the plaintiffs have suffered a severe economic injury, including lost equity, and other compensatory damages totaling more than two hundred-fifty thousand dollars ($250,000.00).

### SECOND CAUSE OF ACTION
*Violation of the District of Columbia Consumer Protection and Procedures Act by Defendants Brenda Carew, Town & Country Mortgage, Dennis Bishop and Executive Title and Escrow*

37. Plaintiffs incorporates all paragraphs and statements in this complaint and alleges the following;

38. Defendants utilized artifice and deception to take advantage of plaintiff's confusion and lack of sophistication.  More specifically, the defendant's knew or should have known that plaintiff had little knowledge of the purported transfer of their property.

39. Defendant knew or should have known that plaintiff was unaware of the various charges imposed on her in the transaction and the fact that some charges were illegal under the law.
40. Defendant knew or should have known that plaintiff was unaware of the disadvantages of refinancing a preexisting mortgage in the amount of $308,000.00 in favor of a $555,000.00 mortgage.  Defendant also knew or should have known that plaintiff would have difficulty repaying the loan and was therefore, subjecting herself to the likelihood of foreclosure.  Defendants nonetheless omitted information and explanations concerning these matters.
41. Defendant Executive Title & Escrow by agreement facilitated the fraud by purposefully and fraudulently inserting erroneous dollar amounts into the HUD-1 form in order to obfuscate the transaction and mislead the plaintiffs.
42. To the extent, if any, that the plaintiff was able to, she justifiably relied in fact and in law on the misrepresentation of the defendants and on the fraudulent disclosures and failures to disclose of the defendants, and as the result of the defendants' fraudulent disclosures and failures to disclose, the plaintiff was deprived of the good faith services of her lender and consequently was damaged in receiving loans that she did not need and on less favorable terms than she otherwise could have obtained.
43. While representing to plaintiff that it was extending a loan to stop the foreclosure of the subject property would be advantageous, the defendants omitted the material fact that it would charge substantially higher points and hidden fees, specifically, the miscellaneous fees and "phantom" deposits..
44. While representing to plaintiff that it was loaning them money to stop the foreclosure, the defendants omitted the material fact that it would transfer the property to defendant Brenda Carew such that she may obtain a loan against the property.
45. These omissions by the defendant were material to the transaction.
46. The defendants acted intentionally so as to induce the plaintiff to enter into the transaction.

47. The defendants' conduct constituted an "unfair and deceptive trade practice" within the meaning of the District of Columbia Consumer Protection Act in that, among other reasons:

    a. the defendant committed a violation by making a loan when it knew or should have known there was no reasonability probability of repayment in full; D.C. Code § 28-3904(r)(1);

    b. the defendants misrepresented as to a material fact which tends to mislead; D.C. Code § 28-3904(e);

    c. the defendant failed to state a material fact the failure of which tend to mislead; D.C. Code § 28-3904(f);

    d. Defendant violated D.C. Code § 26-1114(a)(8), a per se unfair and deceptive trade practice, making it unlawful for a person to make or enforce unconscionable terms or provisions involving real estate financing transactions

48. The plaintiff suffered damages from defendant' conduct, including excessive loan fees, interest and costs and emotional distress concerning the ability to pay back loans and possible foreclosure loss of her home.

**WHEREFORE** the plaintiff states, as a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages, including, but not limited to:

   a. Mental anguish in the past and future

   b. Embarrassment, Humiliation and Emotional Distress.

   c. Statutory damages

   d. paying fees to the defendants to which Defendants were not entitled;

   e. paying excessive interest and other charges on loans to the defendants and/or their agents and/or their confederates; and

   f. post-judgment interest.

   g. treble damages

### THIRD CAUSE OF ACTION

*Violation of the District of Columbia Practices and Procedures Act by Defendant Fremont Investment & Loans*

49. Plaintiffs incorporates all paragraphs and statements in this complaint and alleges the following;

50. Defendant Fremont Investment and Loans, Inc. knew or should have known that plaintiff had little knowledge of the purported financing of their property.

51. Defendant Fremont Investment and Loans, Inc. engaged in very relaxed underwriting practice purposefully allowing the defendant Town and Country and Dennis Bishop to submit fraudulent loan applications on the behalf of an unknowing plaintiffs;

52. Defendant knew of should have known that it was purposefully deviating from the standard lending and underwriting policy of the mortgage lending industry;

53. Defendant knew or should have known that plaintiff was unaware of the disadvantages of refinancing a preexisting mortgage in the amount of $308,000.00 in favor of a $555,000.00 mortgage. Defendant also knew or should have known that plaintiff would have difficulty repaying the loan and was therefore, subjecting herself to the likelihood of foreclosure. Defendants nonetheless omitted information and explanations concerning these matters.

54. To the extent, if any, that the plaintiff was able to, she justifiably relied in fact and in law on the misrepresentation of the defendants and on the fraudulent disclosures and failures to disclose of the defendants, and as the result of the defendants' fraudulent disclosures and failures to disclose, the plaintiff was deprived of the good faith services of her lender and consequently was damaged in receiving loans that she did not need and on less favorable terms than she otherwise could have obtained.

55. While representing to plaintiff that it was extending a loan to stop the foreclosure of the subject property, defendant Fremont Investment and Loan, Inc. purposefully ignored the actions of the defendant Town and Country and Dennis Bishop in applying for the mortgage loan;

56. While representing to plaintiff that it was extending a loan to stop the foreclosure of the subject property, defendant Fremont Investment and Loan, Inc. purposefully the defendants Town and Country and Dennis Bishop's omissions of material fact that it would charge substantially higher points and hidden fees, specifically, the miscellaneous fees and "phantom" deposits;
57. These omissions by the defendant were material to the transaction.
58. The defendant Fremont Investment and Loan, Inc. acted intentionally so as to induce the plaintiff to enter into the transaction.
59. The defendants' conduct constituted an "unfair and deceptive trade practice" within the meaning of the District of Columbia Consumer Protection Act in that, among other reasons:
    a. the defendant committed a violation by making a loan when it knew or should have known there was no reasonability probability of repayment in full; D.C. Code § 28-3904(r)(1);
    b. the defendant misrepresented as to a material fact which tends to mislead; D.C. Code § 28-3904(e);
    c. the defendant failed to state a material fact the failure of which tend to mislead; D.C. Code § 28-3904(f);
    d. Defendant violated D.C. Code § 26-1114(a)(8), a per se unfair and deceptive trade practice, making it unlawful for a person to make or enforce unconscionable terms or provisions involving real estate financing transactions
60. The plaintiff suffered damages from defendant' conduct, including excessive loan fees, interest and costs and emotional distress concerning the ability to pay back loans and possible foreclosure loss of her home.

**WHEREFORE** the plaintiff states, as a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages, including, but not limited to:

   a. Mental anguish in the past and future

   b. Embarrassment, Humiliation and Emotional Distress.

   c. Statutory damages

    d.    paying fees to the defendants to which Defendants were not entitled;

    e.    paying excessive interest and other charges on loans to the defendants and/or their agents and/or their confederates; and

    f.    post-judgment interest.

    g.    treble damages

## FOURTH CAUSE OF ACTION
*Common Law Fraud against all Defendants*

61. Plaintiffs incorporates all paragraphs and statements in this complaint and alleges the following;

62. As her mortgage lender and broker, the defendants assumed a fiduciary duty to the plaintiffs. The defendants defrauded the plaintiff by failing to disclose information that it had a duty to disclose, in particular, the financial disadvantages to her of obtaining a mortgage loan based on an excessively and fraudulently high stated principle price when compared to available housing with comparable work to be done and when compared to her limited financial means, and the financial disadvantages of executing four nearly simultaneous real estate closings on her home.

63. To the extent, if any, that the plaintiff was able to, she justifiably relied in fact and in law on the good faith of her broker and on the fraudulent disclosures and failures to disclose of her mortgage lender broker, and as the result of the defendants' fraudulent disclosures and failures to disclose, The plaintiff was deprived of the good faith services of her broker and consequently was damaged in receiving loans that she did not need and on less favorable terms than she otherwise could have obtained.

64. The defendant knew that the representation was false, or the representation was made with such reckless disregard for the truth that knowledge of the falsity of the statement can be imputed to the defendant.

65. The defendant made the false representation for the purpose of defrauding the plaintiff.

66. Such fraud caused the plaintiff damages, including but not limited to the loss of the honest, good faith services of her lender and broker and the consequent loss of the more favorable loan terms which would have been available to her, had she been seeking the services of a broker and had she been seeking to procure a loan, but for the defendants' fraudulent disclosures and failures to disclose; the encumbrance of her title to her home as security for the September 2005 loan made to her directly by defendants nearly simultaneously to the time when the defendants purported to have been acting as the plaintiff's broker; unearned broker's fees on the September 2005 loan; and the indebtedness to defendants Fremont Investment and Loan, Inc., the corporation which employed the defendants Town And Countryand Dennis Bishop.

67. The defendants acted maliciously in undertaking such fraud, in deliberate and reckless violation of the plaintiff's rights, entitling her to compensatory and punitive damages.

**WHEREFORE** the plaintiff states, as a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages, including, but not limited to:

   a.  Mental anguish in the past and future

   b.  Embarrassment, Humiliation and Emotional Distress.

   c.  Statutory damages

   d.  paying fees to the defendants to which Defendants were not entitled;

   e.  paying excessive interest and other charges on loans to the defendants and/or their agents and/or their confederates; and

   f.  paying interest on loans to third parties which exceed the amounts which would have been due if the defendants had acted properly in the transactions.

   g.  attorney's fees and costs.

## FIFTH CAUSE OF ACTION
*Violation of Mortgage Lenders and Brokers Act D.C. Code § 26-1110 et. seq.*
*Defendants Town & Country Mortgage, and Dennis Bishop*

68. Plaintiff repeat and reallege all paragraphs above as if fully set forth herein.

69. In the District of Columbia, mortgage lenders are regulated by the Mortgage lender and Broker Act, D.C. Code § 26-1101 et. seq. Plaintiff alleges the defendants violated the act accordingly:

70. D.C. Code § 26-1103 mandates that any person who engages in business as a mortgage lender or mortgage broker, or both must be licensed under this chapter. The defendants actively conducted business in the District of Columbia on a regular basis without licensing.

71. D.C. Code §§ 26-1113, 26-1114(a)(7) prohibits the failure to provide the borrower with a financing agreement executed by the lender. The defendant failed to provide the requisite disclosures

72. D.C. Code § 26-1114(a)(6)(B) prohibits a mortgage lender of broker to make any mortgage loan with the intent to foreclose on the borrower's property. Intent to foreclose on the borrower's property can be shown by the lack of the probability of full repayment of the loan by the borrower.

73. D.C. Code § 26-1114(b)(3)(A) prohibits any mortgage broker required to be licensed under this act to receive compensation from another mortgage broker in a given real estate transaction without disclosure of dual capacity.

74. Furthermore, despite these prohibitions under D.C. Code § 26-1101 et. seq.,
    a. the defendants were not, at the time of the loan transaction, licensed to do business in District of Columbia;
    b. the defendant fraudulently induced the plaintiffs to borrow $555,000.00 in cash and imposed approximately $29,232.57 in additional points and fees.

**WHEREFORE** the plaintiff states, as a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages, including, but not limited to:

    a. Mental anguish in the past and future

    b. Embarrassment, Humiliation and Emotional Distress.

    c. Statutory damages and actual damages

    d. paying fees to the defendants to which Defendants were not entitled;

    e. paying excessive interest and other charges on loans to the defendants and/or their agents and/or their confederates; and

    f. paying interest on loans to third parties which exceed the amounts which would have been due if the defendants had acted properly in the transactions.

    g. attorney's fees and costs.

## SIXTH CAUSE OF ACTION
### *Violation of Home Lenders Protection Act D.C. Code § 26-1151 et. seq.*
### *Defendants Town & Country Mortgage and Dennis Bishop*

75. Plaintiff repeat and reallege all paragraphs above as if fully set forth herein.

76. In the District of Columbia, mortgage lenders are regulated by the Home Lenders Protection Act, D.C. Code § 26-1151 et. seq. Plaintiff alleges the defendants violated the act accordingly:

77. D.C. Code § 26-1152.02 mandates that a lender shall not make a covered loan if the borrower, at the time that the covered loan is closed, cannot reasonably be expected to make the scheduled payments. The plaintiffs verified gross income is substantially less than their monthly mortgage payment totals of $3,600.00. The lender knew or should have known that the borrower did not have the ability to pay her mortgage.

78. D.C. Code §§ 26-1152.11 prohibits the failure to provide the borrower with a Red Flag Warning Disclosure Notice executed by the lender. The defendant failed to provide the requisite disclosures.

79. D.C. Code § 26-1152.02 prohibits a mortgage lender of broker to make any mortgage loan with the intent to foreclose on the borrower's property. Intent

  to foreclose on the borrower's property can be shown by the lack of the probability of full repayment of the loan by the borrower.

80.  D.C. Code § 26-1152.16  A lender shall not make a covered loan that includes terms under which any periodic payments required under the loan are paid in advance from loan proceeds.

81.  Furthermore, despite these prohibitions under D.C. Code § 26-1151 et. seq.,
   a. the defendants were not, at the time of the loan transaction, licensed to do business in District of Columbia;
   b. the defendant fraudulently induced her to borrow an $555,000.00 in cash and imposed approximately $29,232.57 in additional points and fees.

**WHEREFORE** the plaintiff states, as a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages, including, but not limited to:

 a. Mental anguish in the past and future

 b. Embarrassment, Humiliation and Emotional Distress.

 c. Statutory damages and actual damages

 d. paying fees to the defendants to which Defendants were not entitled;

 e. paying excessive interest and other charges on loans to the defendants and/or their agents and/or their confederates; and

 f. paying interest on loans to third parties which exceed the amounts which would have been due if the defendants had acted properly in the transactions.

 g. attorney's fees and costs.

July 7, 2008

/s/ *William C. Johnson, Jr.*
_____
William C. Johnson, Jr., Esq.
1229 15th St. NW
Washington, D.C. 20005
(202) 483-0808

Plaintiff Demands for Jury Trial

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on July 7, 2008, a copy of the foregoing Plaintiff's First Amended Complaint was served via ECF and first class mail to the following:

Freemont Investment & Loan
2727 E. Imperial Highway
Brea, California 92821

Executive Title & Escrow
9500 Arena Drive #480
Largo, Maryland 20774

Town and Country Mortgage and Financial
Services, Inc.
1300 Mercantile Lane
Suite 150
Largo, Maryland 20776

Dennis Bishop
1300 Mercantile Lane
Suite 150
Largo, Maryland 20776

Brenda Carew
10423 Beacon Ridge Drive
Mitchellville, Maryland 20721

Date:  May 27, 2008

*/s/ William C. Johnson, Jr.*
_____
William C. Johnson, Jr.