## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |
|---|---|
| **JOANNE BLUE**, *et al.*, | ) |
|  | ) |
| **Plaintiffs,** | ) |
|  | ) |
| **v.** | ) **Case No. 1:08-cv-00729-CKK** |
|  | ) |
| **FREMONT INVESTMENT** | ) |
| **& LOAN**, *et al.*, | ) |
|  | ) |
| **Defendants.** | ) |

_____)

## FREMONT INVESTMENT & LOAN'S
## MOTION TO DISMISS FIRST AMENDED COMPLAINT

Fremont Investment & Loan, by counsel, moves to dismiss the First Amended

Complaint pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6).  Fremont

attaches its memorandum of law in support of the motion and asks that it be incorporated

herein.

WHEREFORE, Fremont Investment and Loan asks that the Court grant the

motion, dismiss the First Amended Complaint, award Fremont Investment & Loan its

costs and expenses incurred, and for all other relief this Court deems fair and just.

Respectfully submitted,

*/s/ Harold G. Belkowitz*
Harold G. Belkowitz (D.C. Bar No. 449800)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C.  20005-2110
(202) 408-8400
(202) 408-0640 facsimile

Counsel for Fremont Investment & Loan

<u>Request For Oral Argument</u>

Fremont Investment & Loan requests oral argument on its Motion to Dismiss.

Respectfully submitted,

*/s/ Harold G. Belkowitz*
Harold G. Belkowitz (D.C. Bar No. 449800)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C.  20005-2110
(202) 408-8400
(202) 408-0640 facsimile

Counsel for Fremont Investment & Loan

<u>Certificate of Service</u>

I certify that a copy of the foregoing motion, the memorandum of law, and the proposed order were served pursuant to the Court's ECF system this 21st day of July, 2008 to:

William C. Johnson, Jr., Esquire
1229 15th Street, N.W.
Washington, DC  20005
Counsel for Plaintiffs

David E. Ralph, Esquire
Law Offices of David E. Ralph, LLC
2423 Maryland Avenue, Suite 100
Baltimore, Maryland  21218
Counsel for Executive Title & Escrow

A copy of the foregoing was not served upon Town and Country Mortgage and Financial Services, Inc., Dennis Bishop, and Brenda Carew because previous mailings have been returned to sender as undeliverable.

*/s/ Harold G. Belkowitz*
Harold G. Belkowitz

# TABLE OF CONTENTS

Introduction ............................................................................................................. 1

Facts ...................................................................................................................... 1

Standard of Review ................................................................................................ 3

    I.    Standard of review pursuant to Rule 12(b)(6)............................................. 3

    II.    Rule 9(b)'s pleading requirement ................................................................ 4

Legal Argument..................................................................................................... 6

    I.    Plaintiffs Halbert Blue and Rose Blue lack standing to assert the
claims against Fremont...................................................................................... 6

    II.    The DCCPPA claim must be dismissed pursuant to Rules 9(b) and
12(b)(6)........................................................................................................ 6

        A.    Count Three is equally ambiguous as the DCCPPA claim alleged
in the Complaint ................................................................................. 7

        B.    None of the Plaintiff state a claim under D.C. Code § 28-
3904(r)(1) ........................................................................................ 9

        C.    The Amended Complaint does not state a claim that Fremont
violated D.C. Code § 28-3904(e). ................................................... 12

        D.    The Amended Complaint does not state a claim that Fremont
violated D.C. Code § 28-3904(f).................................................... 12

        E.    D.C. Code § 26-1114(a)(8) does not apply to Fremont Investment
& Loan........................................................................................... 13

    III.    The Amended Complaint does not state a cause of action for
common law fraud........................................................................................... 13

Conclusion............................................................................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alicke v. MCI Communications*,
  111 F.3d 909 (D.C.Cir. 1997) .................................................................................. 6, 11

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. ___, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ......................................... 3, 4, 10, 14

*Buaiz v. U.S.*,
  471 F.Supp.2d 129 (D.D.C. 2007) .............................................................................. 4

*Cinalli v. Kane*,
  191 F.Supp.2d 601 (E.D.Pa. 2002) ............................................................................ 5

*E.E.O.C. v. St. Francis Xavier Parochial School*,
  117 F.3d 621 (D.C. Cir. 1997) ................................................................................... 4

*Ellipso, Inc. v. Mann*,
  460 F.Supp.2d 99 (D.D.C. 2006) ............................................................................... 5

*High v. McLean Financial Group*,
  659 F.Supp. 1561 (D.D.C. 1987) ............................................................................... 5

*Hyman v. First Union*,
  980 F.Supp. 38 (D.D.C. 1997) ................................................................................... 3

*In re Barber*,
  266 B.R. 309 (Bankr.E.D.Pa. 2001) .......................................................................... 5

*Kitt v. Capital Concerts, Inc.*,
  742 A.2d 856 (1999) ................................................................................................... 13

*Moore v. Aspin*,
  916 F.Supp. 32 (D.D.C. 1996) ................................................................................... 3

*Osbourne v. Capital City Mortgage Corp.*,
  667 A.2d 1321 (D.C. 1995) ........................................................................................ 6

*Osbourne v. Capital City Mortgage Corp.*,
  727 A.2d 322 (D.C. 1999) .......................................................................................... 6

*SmileCare Dental Group v. Delta Dental Plan*,
  88 F.3d 780 (9th Cir. 1996) ....................................................................................... 3

*U.S. ex rel. Fisher v. Network Software Associates*,
    227 F.R.D. 4 (D.D.C. 2005) ................................................................. 4

*Western Associates, Limited Partnership v. Market Square Associates*,
    235 F.3d 629 (D.C. Cir. 2001) ............................................................. 4

*Witherspoon v. Philip Morris, Inc.*,
    964 F.Supp. 455 (D.D.C. 1997) ........................................................... 7

## STATUTES

D.C. Code § 26-1111, *et seq.* ................................................................ 13

D.C. Code § 26-1114 ............................................................................ 13

D.C. Code § 28-3901, *et seq.* ................................................................. 6

D.C. Code § 28-3904 .................................................................... 9, 10, 12

## OTHER AUTHORITIES

5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1300 ............................ 5

Fed. R. Civ. P. 8(a) ............................................................................. 4

Fed. R. Civ. P. 9(b) ....................................................................... 4, 5, 13

Fed. R. Civ. P. 12(b)(6) .................................................................. 3, 5, 13

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

|  |  |
|---|---|
| **JOANNE BLUE**, *et al.*, | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **FREMONT INVESTMENT** | ) |
|     **& LOAN**, *et al.*, | ) |
| | ) |
|     **Defendants.** | ) |

**Case No. 1:08-cv-00729-CKK**

_____)

<u>**MEMORANDUM OF LAW IN SUPPORT OF**</u>
<u>**FREMONT INVESTMENT & LOAN'S MOTION TO DISMISS**</u>

<u>Introduction</u>

On June 23, 2008 the Court granted in part Fremont Investment & Loan's Motion to Dismiss, dismissed all claims filed by Halbert & Rose Blue, and dismissed six of the eight claims filed by Joanne Blue and Edna Robinson. The Court permitted Joanne Blue and Edna Robinson to file an amended complaint with regard to their common law fraud and D.C. Consumer Protection Procedures Act ("DCCPPA") claims.

Because the Amended Complaint does not allege substantively new factual allegations, but merely repackages the prior pleading, the Court should dismiss the Amended Complaint against Fremont Investment & Loan.

<u>Facts</u>

The fundamental facts as alleged in the Amended Complaint are the same as in the original Complaint and may be summarized as follows. Plaintiffs Halbert Blue and Rose Blue formerly owned real property located at 1001 F Street, N.E., in Washington. Am. Complaint, ¶ 7, 8, 15. It appears that the Blues owned the property along with their

daughters. *Id.* The existing mortgage loan on the property was in foreclosure in April 2004. *Id.* Defendants Town & Country Mortgage and/or Dennis Bishop allegedly represented to the owners that they could provide assistance to avoid foreclosure. Complaint, ¶¶ 15-16. To that end, the Plaintiffs allege that they unwittingly signed a deed transferring title to the property to defendant Brenda Carew. Complaint, ¶ 17. Simultaneously, the Complaint alleges that Ms. Carew obtained a loan secured by the property from New Century Mortgage. Complaint, ¶ 18. The loan proceeds were allegedly used to satisfy the debt that was in foreclosure. Complaint, ¶ 19. All plaintiffs continued to live in the Property. *Id.*

By September 2005, the loan with New Century Mortgage was allegedly in foreclosure. Am. Complaint, ¶ 20. Mr. Bishop allegedly offered to obtain a new loan to prevent a foreclosure sale. Am. Complaint, ¶ 20. Defendant Fremont issued a loan to Joanne Blue and Edna Robinson in the amount of $444,000 that was used to satisfy the mortgage then in foreclosure. Am. Complaint, ¶ 22. In connection with Fremont's loan, the property was allegedly sold by Ms. Carew "to plaintiff." *Id.* Ms. Carew also held a second mortgage in the amount of $55,500. ¶ 23. The "plaintiffs" allege that they did not apply for the Fremont loan. Am. Complaint, ¶ 24. The plaintiffs, however, acknowledge that they attended the Fremont loan closing and signed the loan documents.[1] Am. Complaint, ¶ 25.

Paragraph 27 of the Amended Complaint suggests that Fremont is in the process of foreclosing upon the home. In actuality, the property was sold at foreclosure on July 9, 2007 due to the borrowers' default. Fremont thereafter initiated an eviction proceeding

---

1     Although it is not explicitly alleged, it is implied that Joanne Blue and Edna Robinson admit that they signed the Fremont loan documents.

in the Superior Court's Landlord and Tenant Branch.  The Superior Court awarded

Fremont possession of the property on February 13, 2008.  The Court denied a

subsequent motion to vacate that order.  Public records in this regard, of which the Court

may take judicial notice, were filed with the Court in support of Fremont's earlier Motion

to Dismiss and are incorporated herein.

Beyond these fundamental facts, the Amended Complaint is substantively

identical to the original Complaint.  With regard to Fremont, the Amended Complaint

structurally separates the former DCCPPA claim into two causes of action:  one against

the non-Fremont defendants (Count Two) and one against Fremont (Count Three).  IT

also alleges a common law fraud claim against all defendants (Count Four).

Because the Amended Complaint still does not allege a valid claim against

Fremont, the Court should grant the Motion to Dismiss.

<u>Standard of Review</u>

I.     <u>Standard of review pursuant to Rule 12(b)(6).</u>

The Court is authorized under Rule 12(b)(6) of the Federal Rules of Civil

Procedure to dismiss a lawsuit for the failure to state a cognizable legal theory or for

pleading insufficient facts under a cognizable legal claim.  *SmileCare Dental Group v.

Delta Dental Plan*, 88 F.3d 780, 783 (9th Cir. 1996).

In ruling on a motion under Rule 12(b)(6), the Court must accept all well-pleaded

allegations as true and construe the Complaint in the light most favorable to the plaintiffs.

*Moore v. Aspin*, 916 F.Supp. 32, 35 (D.D.C. 1996); *Hyman v. First Union*, 980 F.Supp.

38, 39 (D.D.C. 1997).  A plaintiff, however, may not rely upon a "formulaic recitation of

the elements of a case." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955,

1965, 167 L.Ed.2d 929 (2007). The factual allegations must be more than a "speculative level;" a plaintiff must allege sufficient "fact[s] to raise a reasonable expectation that discovery will reveal evidence of [actionable conduct]." *Id.*

In addition to relying upon the allegations in the Complaint, the Court may rely upon "'documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice.'" *Buaiz v. U.S.*, 471 F.Supp.2d 129, 134 (D.D.C. 2007) (*citing Gustave-Schmidt v. Chao*, 226 F.Supp.2d 191, 196 (D.D.C. 2002)).

"The court need not accept inferences drawn by Plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Western Associates, Limited Partnership v. Market Square Associates*, 235 F.3d 629, 634 (D.C. Cir. 2001). Likewise, the Court need not accept "legal conclusions cast in the form of factual allegations." *Id.* A court should dismiss a claim where, as here, it appears "beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *E.E.O.C. v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir. 1997) (*citing Conley v. Gibson*, 355 U.S. 41, 445-46 (1957)).

II.    Rule 9(b)'s pleading requirement.

The Federal Rules of Civil Procedure ordinarily require that a Complaint simply put the defendant on notice of the claim against it. *See* Fed. R. Civ. P. 8(a). The Rules require a higher standard for counts three and four – mandating that "all averments of fraud or mistake . . . be stated with particularity." Fed. R. Civ. P. 9(b).

Rule 9(b)'s fundamental purposes include the need to provide fair notice to a defendant alleged to have committed fraud. *U.S. ex rel. Fisher v. Network Software*

*Associates*, 227 F.R.D. 4, 9 (D.D.C. 2005). Indeed, Rule 9(b) exists so that a party can be placed "on notice of precisely what he or she must defend against." *High v. McLean Financial Group*, 659 F.Supp. 1561, 1566 (D.D.C. 1987).

A plaintiff alleging fraud must state in the Complaint "the time, place and content of the false misrepresentations, the facts misrepresented and what was retained or given up as a consequence of the fraud." *Ellipso, Inc. v. Mann*, 460 F.Supp.2d 99, 105 (D.D.C. 2006) (*citing Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1278 (D.C.Cir. 1994). Other courts have described the heightened requirement as mandating the plaintiff to plead the "'who, what, when, and where' details of the alleged fraud. *In re Barber*, 266 B.R. 309, 322 (Bankr.E.D.Pa. 2001) (*citing Smith v. Berg*, 2000 WL 36549, at *4 (E.D.Pa. 2000)). Rule 9(b) "usually requires the claimant to allege at a minimum the identity of the person who made the fraudulent statement, the time, place, and content of the misrepresentation, the resulting injury, and the method by which the misrepresentation was communicated." *Ellipso*, 460 F.Supp.2d at 105 (*citing* 2-9 Moore's Federal Practice – Civil § 9.03(1)(b)). Moreover, a plaintiff must plead fraud with particularity as to <u>each</u> defendant. *Cinalli v. Kane*, 191 F.Supp.2d 601 (E.D.Pa. 2002). A complaint that does not plead fraud with the requisite specificity is subject to dismissal under Fed. R. Civ. P. 12(b)(6). *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1300.

Legal Argument

I.     Plaintiffs Halbert Blue and Rose Blue lack standing to assert the claims against Fremont.

The Court previously dismissed all claims brought against Fremont by plaintiffs Halbert Blue and Rose Blue.  Nonetheless, these plaintiffs reassert the DCCPPA and common law fraud claims against Fremont.

As in the original Complaint, these claims are premised upon Fremont's loan to Joanne Blue and Edna Robinson.  Because Halbert Blue and Rose Blue were not parties to that transaction, they lack standing to bring a claim alleging lending violations.  Thus, the claims brought by them against Fremont must be dismissed once again.

II.    The DCCPPA claim must be dismissed pursuant to Rules 9(b) and 12(b)(6).

Count Three[2] purports to assert a cause of action under the District's Consumer Protection Procedures Act, D.C. Code § 29-3901, *et seq.*

"The Consumer Protection Procedures Act is a comprehensive statute with an extensive regulatory framework designed to remedy all improper trade practices." *Osbourne v. Capital City Mortgage Company*, 727 A.2d 322, 325 (D.C. 1999) (citations omitted).  Even though it is a broad statute, a DCCPPA cause of action must still state a valid claim and must be dismissed where no reasonable customer could have been misled by the alleged conduct.  *Alicke v. MCI Communications Corp.*, 111 F.3d 909, 912 (D.C.Cir. 1997).

A Complaint alleging a violation of the DCCPPA must allege material misrepresentations.  *Osbourne v. Capital City Mortgage Corp.,* 667 A.2d 1321, 1330 (D.C. 1995).  Thus, Rule 9 requires that it be pled with particularity.  *See also*

---

2     Count Two asserts DCCPPA claims against the non-Fremont defendants.  Fremont takes no position whether any or all of the plaintiffs allege a valid DCCPPA claim against any other defendant.

*Witherspoon v. Philip Morris, Inc.*, 964 F.Supp. 455, 464 (D.D.C. 1997). Plaintiffs do not do so.

The amended cause of action, however, is substantively identical to the Complaint. Instead of asserting new and detailed allegations against Fremont, the Amended Complaint simply reorganizes the prior allegations and makes additional conclusory statements. The following chart compares the DCCPPA allegations between the two pleadings:

| Amended Complaint | Comparable Complaint Paragraph | Change |
|---|---|---|
| 50 | New | Rephrasing of former paragraphs 46 and 47. |
| 51 | New | New allegation that Fremont used "very relaxed" underwriting practices |
| 52 | New | New allegation that Fremont deviated from industry standard |
| 53 | 48 | Dollar amounts changed |
| 54 | 49 | Identical |
| 55 | 50 and 51 | Same allegation of representation, but adds that Fremont ignored other defendants' alleged actions |
| 56 | 50 | Derivation of prior allegation, but is non-sensical |
| 57 | 52 | Identical |
| 58 | 53 | Identical |
| 59 | 59 | Identical |
| 60 | 55 | Identical |

    A.    <u>Count Three is equally ambiguous as the DCCPPA claim alleged in the Complaint.</u>

Fremont moved to dismiss the DCCPPA claim in the Complaint because it was not pled with the specificity required for fraud-based claims under Rule 9. Because the DCCPPA claim in the Amended Complaint is equally ambiguous, it must be dismissed.

Like their allegations in the Complaint, Plaintiffs do not make any specific allegations against Fremont, but instead plead in ambiguous and conclusory terms. For

example, Paragraph 50 alleges that Fremont "knew or should have known that plaintiff had little knowledge of the purported financing of their property." Am. Complaint, ¶ 50. This paragraph is deficient for at least two reasons. First, despite being alleged on behalf of four plaintiff (of whom only two entered into the loan with Fremont), the Amended Complaint alleges lack of knowledge by one, unidentified, plaintiff. No allegation is made by the remaining plaintiffs, whomever they may be. Second, the allegation does not identify any factual basis to support to bald its assertion that Fremont "knew or should have known" about the unidentified plaintiff's lack of knowledge. That minimum specificity is required under Rule 9 so that Fremont may properly defend itself.

The subsequent paragraphs make the new, albeit conclusory, allegations that Fremont:

1. "engaged in very relaxed underwriting practice purposefully allowing the defendant Town and Country and Dennis Bishop to submit fraudulent loan application on the behalf of an unknowing plaintiffs;" [sic] and

2. "knew of should have known that it was purposefully deviating from the standard lending and underwriting policy of the mortgage lending industry [sic].

Am. Complaint, ¶¶ 51-52.[3]  Again, the Amended Complaint does not plead any specific facts to support the allegations that Fremont used "very relaxed underwriting practice[s]." Fremont cannot determine the factual basis by which any of the Plaintiffs believe it had knowledge of the alleged improper actions taken by the other defendants in connection with the earlier loan with New Century Mortgage .

Paragraph 53 makes the conclusory statement that Fremont "knew or should have known that plaintiff would have difficulty repaying the loan . . ."  Am. Complaint, ¶ 53

---

[3]    Paragraphs 52 and 53 only refer to "Defendant." Fremont believes from the prior two paragraphs that the allegations likely refer to Fremont, only.  That conclusion, however, is not certain given the ambiguity throughout the Amended Complaint.

(emphasis added). Again, no specificity is provided to put Fremont on notice about which plaintiff would have difficulty paying or how Fremont should have had notice.

The remainder of Paragraph 53, and also Paragraph 54, reverts to Plaintiffs' former pleading method of making allegations against "defendants." The Court previously stated that generic pleading against "defendants" is improper because it does not provide sufficient notice.

Paragraph 55 makes a generic allegation that Fremont "purposefully ignored the action of the defendant Town and Country and Dennis Bishop in applying for the mortgage loan." Am. Complaint, ¶ 55. Once again, the pleading does not put Fremont on specific notice. What facts support the allegation that Fremont had knowledge of improper conduct and that it "purposefully ignored" that conduct? The allegation's inadequacy is further evident by the earlier allegation that "plaintiffs . . . attended the closing [of the Fremont loan]. . ." Am. Complaint, ¶ 25. Moreover, Paragraph 56 (which appears to be derived from former Paragraph 50) is non-sensical.

Because the DCCPPA claim is, once again, pled without adequate specificity, the Court should grant the Motion and dismiss the claim.

     B.     <u>None of the Plaintiff state a claim under D.C. Code § 28-3904(r)(1)</u>

Besides not complying with Rule 9(b), Count Three independently does not state a claim under Rule 12(b)(6).

The Plaintiffs first allege that Fremont's purported conduct violated D.C. Code § 28-3904(r)(1). This Code section makes it a DCCPPA violation to "make or enforce unconscionable terms or provisions of sales or leases." D.C. Code § 28-3904(r). In applying this subsection, consideration shall be given to the knowledge of the person

extending credit that there was no reasonable probability of full repayment.  D.C. Code §

28-3904(r)(1).

The allegations pled in support of the (r)(1) claim are the conclusory statements

that Fremont:

50.    Defendant Fremont Investment and Loans, Inc. knew or should have
known that plaintiff had little knowledge of the purported financing of
their property.

51.    Defendant Fremont Investment and Loans, Inc. engaged in very relaxed
underwriting practice purposefully allowing the defendant Town and
Country and Dennis Bishop to submit fraudulent loan applications on the
behalf of an unknowing plaintiffs;

52.    Defendant knew of should have known that it was purposefully deviating
from the standard lending and underwriting policy of the mortgage lending
industry;

53.    Defendant knew or should have known that plaintiff was unaware of the
disadvantages of refinancing a preexisting mortgage in the amount of
$308,000.00 in favor of a $555,000.00 mortgage.  Defendant also knew or
should have known that plaintiff would have difficulty repaying the loan
and was therefore, subjecting herself to the likelihood of foreclosure.
Defendants nonetheless omitted information and explanations concerning
these matters.

Am. Complaint, ¶¶ 50-53.

As stated previously, these allegations are devoid of specific facts to support the

allegations.  Although the allegations, in a vacuum, perhaps set forth the elements of a

DCCPPA violation claim, the U.S. Supreme Court requires more than a "formulaic

recitation of the elements of a case." *Twombly*, 550 U.S. at ___, 127 S.Ct. at 1965.  Here,

the allegations are purely speculative based upon Plaintiffs' conjecture that the non-

Fremont defendants defrauded them in connection with the earlier New Century Loan

and in connection with the Fremont loan.  Plaintiffs identify no facts to support their

apparent belief that Fremont participated in that alleged fraud,[4] had knowledge of the alleged fraud, or should have had knowledge of the alleged fraud. Quite to the contrary, the Plaintiffs' very allegations that they attended the loan closing suggest that Fremont had no reason to believe anything was amiss.

These allegations do not support a claim that Fremont issued the loan with knowledge that there was no reasonable probability of repayment. It is not impermissible for a lender to "relax" its lending practices in any given situation. The decision whether to grant credit is a complex decision. Lenders consider numerous variables and offer multiple programs to provide services to borrowers on a range of creditworthiness.

The Amended Complaint does not make any allegations about the borrowers' income (or, for that matter, any of the plaintiffs' income). Nor does the Amended Complaint does not make any allegations about credit worthiness that would suggest that the borrowers were not eligible for a loan. Rather, the (r)(1) violation claim is premised upon the allegation that Fremont modified its lending practices in unknown ways.

A complaint's allegation of a DCCPPA violation is not actionable if the pled material misrepresentation or omission does not have a tendency to mislead. *Alicke v. MCI Communications Corp.*, 111 F.3d 909, 912 (D.C.Cir. 1997). Here, the mere fact that Fremont may have relaxed its lending practices – without more – does not have a tendency to mislead the borrowers or provide reason to believe that Fremont made or enforced unconscionable terms.

Likewise, the "Plaintiffs" reliance upon the conclusory allegations in Paragraph 53 that Fremont "knew or should have known that plaintiff was unaware of the disadvantages of refinancing a preexisting mortgage" and that it "knew or should have

---

4       The Court previously dismissed the conspiracy claim against Fremont.

known that plaintiff would have difficulty repaying the loan . . ."[5] do not give rise to a DCCPPA claim under *Twombly*. Am. Complaint, ¶ 53. No plaintiff identifies even one alleged misrepresentation, or omitted fact, by Fremont upon which she relied. Nor do they identify even one unconscionable loan term. Thus, even if the allegations in the Amended Complaint were true, they do not support a § 28-3904(r)(1) claim.

      C.      <u>The Amended Complaint does not state a claim that Fremont violated D.C. Code § 28-3904(e).</u>

The Plaintiffs next allege that Fremont's purported conduct violated D.C. Code § 28-3904(e). This Code section makes it a DCCPPA violation to "misrepresent as to a material fact which has a tendency to mislead." D.C. Code § 28-3904(e).

As alleged previously, not one of the plaintiffs identifies any material fact misrepresented by Fremont – let alone one that has a tendency to mislead. Plaintiffs' reliance upon conclusory statements that merely recite the elements of a DCCPPA claim does not satisfy their pleading obligation.

      D.      <u>The Amended Complaint does not state a claim that Fremont violated D.C. Code § 28-3904(f).</u>

The Amended Complaint next alleges a violation D.C. Code § 28-3904(f), making it a violation to "fail to state a material fact if such failure tends to mislead."

Once again, the Amended Complaint alleges a formulaic recitation of the elements of the claim, but lacks any substantive support as required under *Twombly*. Not one plaintiff identifies actual material facts Fremont failed to identify that tend to mislead. At best, an unidentified "plaintiff" alleges that Fremont did not disclose information "of the disadvantages of refinancing a preexisting mortgage in the amount of

---

5      This allegation makes reference to one, unnamed plaintiff. It is not clear whether only Joanne Blue or Edna Robinson would have difficulty repaying, whether Fremont should have known that both borrowers would have difficulty repaying, or whether reference is made to all Plaintiffs.

$308,000 in favor of a $555,000 mortgage" and that "plaintiff" (again unidentified) would have "difficulty" making the loan payments. Am. Complaint, ¶ 53. There is no implication in the allegation of any omitted information that a reasonable consumer would have been mislead. It is general knowledge that a $555,000 loan would have higher payments than a $308,000 loan. Because no reasonable customer could have been misled by the purported conduct, the claim should be dismissed for failure to state a claim.

     E.     <u>D.C. Code § 26-1114(a)(8) does not apply to Fremont Investment & Loan.</u>

Plaintiffs finally allege, under the guise of a DCCPPA cause of action, a violation of D.C. Code § 26-1114(a)(8). The statute cited falls within the District of Columbia's Mortgage Lenders and Brokers Act, D.C. Code § 26-1111, *et seq.* As alleged in Fremont's earlier Motion to Dismiss, Fremont is exempt from that statute.

The court previously dismissed the Mortgage Lenders and Brokers Act claim. Plaintiffs may not resurrect that claim by asserting it under the heading of a DCCPPA claim.

III.     <u>The Amended Complaint does not state a cause of action for common law fraud.</u>

Count Four purports to allege a claim for common law fraud. Count Four should be dismissed under both Rules 9(b) and 12(b)(6) because it neither states a claim nor is pled with the required specificity.

The essential elements of common law fraud are: "(1) a false representation (2) made in reference to a material fact, (3) with knowledge of its falsity, (4) with the intent to deceive, and (5) an action that is taken in reliance upon the representation." *Kitt v.*

*Capital Concerts, Inc.*, 742 A.2d 856 (1999) (*quoting Hercules & Co. v. Shama Restaurant Corp.*, 613 A.2d 916 (D.C. 1992)).

Count Four of the Amended Complaint purports to allege a common law fraud cause of action.  Count Four consists of six substantive paragraphs.  Paragraphs 62-65 are identical to Complaint Paragraphs 57-60.  Paragraph 66 is identical to former Paragraph 61 except for three changes:  1) the date is changed from 2004 to 2005, 2) the lender is changed from New Century Loan to Fremont, and 3) the words "Town And Countryand Dennis Bishop" [sic] are added at the end.  Am. Complaint, ¶ 66.  The sixth paragraph strikes the request to rescind Fremont's loan, but is otherwise identical to former Paragraph 62.  Am. Complaint, ¶ 67.

The Amended Complaint must be dismissed because it does not state a claim.  Once again, not one plaintiff alleges a single representation – or misrepresentation – made by Fremont.  There is no allegation about how or when any Fremont misrepresentation was communicated.  Although the "Plaintiffs" plead that "the defendant" knew the unidentified representation was false (or made with reckless disregard for the truth), the allegation is an improper "formulaic recitation of the elements of a case."  Simply put, the Amended Complaint's fraud allegations do not meet the minimum pleading requirements necessary under *Twombly*.

The Amended Complaint also does not define which defendant or defendants are subject to the claim and provide sufficient specificity to substantiate the claim against Fremont.   The Court's June 23, 2008 Memorandum Opinion directed Plaintiffs to use the name of the specific party(ies) who make the allegations and the specific party(ies) against whom the allegations are pled.  Unlike Count Three, which is pled against

Fremont only, Count Four's caption states that it alleges "common law fraud against all defendants." Notwithstanding the Court's directive to use actual names, Count Four repeatedly uses the words "plaintiff," "plaintiffs, "defendant," and "defendants." *See* Amended Complaint, ¶¶ 62-67. The only time the specific name "Fremont" is used is simply in reference to "the indebtedness to defendants Fremont Investment and Loan, Inc., the corporation which employed the defendants Town And Countryand Dennis Bishop." [sic]. Amended Complaint, ¶ 66.

Although reference to "her mortgage lender" and "mortgage broker" is made three times, the Amended Complaint remains ambiguous. There are four named plaintiffs and five named defendants. Fremont cannot determine with generality – let alone the requisite specificity – what, if any, fraud allegations are directed at it and what allegations are directed at the other defendants. No specific misrepresentations of fact are allege. No names of particular individuals are alleged. None of the elements of a fraud claim are pled beyond a mere formulaic recitation of the elements of fraud.

The mere addition in Paragraph 66 of a reference to the existence of Fremont loan does not cure the pleading defect of the common law fraud claim. The Federal Rules do not permit such a bare bones fraud allegation and must be dismissed for failure to comply with Rule 9(b) and for failure to state a claim under Rule 12(b)(6).

Conclusion

For the foregoing reasons, the Court should grant the Motion to Dismiss, dismiss

the Amended Complaint, and for all other relief this Court deems fair and just.

Respectfully submitted,

*/s/ Harold G. Belkowitz*
Harold G. Belkowitz (D.C. Bar No. 449800)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C.  20005-2110
(202) 408-8400
(202) 408-0640 facsimile

Counsel for Fremont Investment & Loan

153530