**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOANNE BLUE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **Case No. 1:08-cv-00729-CKK** |
| | ) | |
| FREEMONT INVESTMENT AND | ) | |
| LOAN, INC., *et al*., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANT EXECUTIVE TITLE AND ESCROW'S MOTION TO DISMISS

Defendant, Executive Title & Escrow, LLC ("Executive Title"), by its undersigned counsel, respectfully moves pursuant to Rules 9 and 12(b)(6) that this Honorable Court dismiss each count of the complaint as it fails to state a claim upon which relief can be granted. In support thereof Defendant states as follows:

1. Plaintiffs have filed a complaint asserting three counts against Executive Title in connection with a property located at 1001 F Street, in Washington D.C. In their complaint Plaintiffs seek "to enforce plaintiffs rights against mortgage fraud and to rescind a purported consumer credit transaction, to void the defendants deed of trust in plaintiffs home, and to recover actual and statutory damages, trebled damages, reasonable attorney's fees and costs by reason of the defendants violations of the [Truth-in-Lending] Act and any regulations thereto, and by reason of mortgage fraud committed on plaintiff during the purported transaction." Compl., ¶ 1.

2. None of the counts of the Complaint, however, assert a sustainable cause of action against Executive Title. Rather, the Complaint fails to state a claim and cannot state a claim upon which relief can be granted against Executive Title.

3.      The nebulous and conclusory allegations of the Complaint entirely fail to set forth any wrongful conduct by Executive Title, as the settlement company that led to the damages Plaintiffs seek.  Rather, the Complaint seeks damages in connection with the mortgage or financing on the Property, none of which Executive Title was involved.

4.      Even if Plaintiffs could establish a viable cause of action against Executive Title, which they cannot, any cause of action arising from the April 27, 2004 closing is time barred by the applicable statute of limitations.

5.      Finally, Plaintiffs Halbert and Rose Blue have no standing to assert any allegations against Executive Title regarding the September 29, 2005 closing because they were not a title holder to the property at that time and they were not a party to that settlement.

6.      Accordingly, for the reasons stated herein, and those more fully set forth in the accompanying memorandum of law which is incorporated herein, Executive Title requests that each and every count of the Complaint be dismissed.

WHEREFORE, Executive Title and Escrow, LLC requests that the Court dismiss the Complaint filed against it, with prejudice and without leave to amend.

Respectfully Submitted,


_____/s/_____
David E. Ralph (461593)
Law Offices of David E. Ralph, LLC
2423 Maryland Ave.
Suite 100
Baltimore, Maryland  21218
 (410) 366-1500
 (410) 366-1501

*Attorneys for Defendant Executive Title*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of July, 2008, copies of the foregoing

Motion to Dismiss, memorandum of law and proposed order were served electronically or

by first class mail, postage prepaid on the following:

William C. Johnson, Jr., Esquire
1229 15th Street, N.W.
Washington, DC 20005
Counsel for Plaintiffs

Harold G. Belkowitz
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C. 20005-2110
Counsel for Fremont Investment & Loan

Town and Country Mortgage and Financial Services, Inc.
1300 Mercantile Lane, Suite 150
Largo, Maryland 20776

Dennis Bishop
1300 Mercantile Lane, Suite 150
Largo, Maryland 20776

Brenda Carew
10423 Beacon Ridge Drive
Mitchellville, Maryland 20721

_____/s/_____
David E. Ralph

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JOANNE BLUE, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | **Case No. 1:08-cv-00729-CKK** |
| | ) | |
| FREEMONT INVESTMENT AND | ) | |
| LOAN, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT EXECUTIVE TITLE AND ESCROW'S MOTION TO DISMISS AMENDED COMPLAINT**

Defendant, Executive Title & Escrow, LLC ("Executive Title"), by its undersigned counsel, submits this memorandum of law in support of its motion to dismiss the Complaint and state as follows:

**INTRODUCTION**

Plaintiffs have brought suit against Executive Title and a number of other defendants in order "to enforce plaintiffs rights against mortgage fraud and to rescind a purported consumer credit transaction, to void the defendants deed of trust in plaintiffs home, and to recover actual and statutory damages, trebled damages, reasonable attorney's fees and costs by reason of the defendants violations of the [Truth-in-Lending] Act and any regulations thereto, and by reason of mortgage fraud committed on plaintiff during the purported transaction." Compl., ¶1. Plaintiffs' original Complaint raised conclusory and nebulous claims against Executive Title which failed to set forth any wrongful conduct by Executive Title whatsoever in any count. Rather, the Complaint sought damages in connection with the mortgage or financing on the Property, none of which Executive Title was involved. In the face of Executive Title's motion to dismiss,

Plaintiffs have amended their complaint removing Executive Title from various claims. The remaining claims in the Amended Complaint against Executive Title, however, still suffer from the same defects as the previous version—it fails to set forth a cognizable cause of action against Executive Title.

It appears from these muddled allegations that Plaintiffs Halbert, Rose and Joanne Blue do not dispute that they were the only ones on the deed to the 1001 F Street property at the time of its conveyance to Defendant Carew. Neither do they dispute that they attended a closing to sell their property to Defendant Carew in April 2004, or that they signed a HUD-1 for the sale of their property. Further, Plaintiffs Joanne Blue and Edna Robinson do not dispute that they attended another closing in September 2005, wherein they purchased the property back from Defendant Carew, nor that that they signed a HUD-1 to that effect. Nevertheless, *all Plaintiffs* collectively seek in this action to recover damages and to rescind the mortgage note that only Plaintiffs Joanne Blue and Edna Robinson executed, based upon a series of common, state and federal law allegations regarding their mortgage.

Whatever Plaintiffs' nebulous protestations mean, it is undisputed that Executive Title was not a mortgage lender or broker. Neither was Executive Title involved in the loan process. Rather, it is undisputed that Executive Title was solely the settlement agent that prepared the HUD-1 which Plaintiffs reviewed, executed and made therefrom. Compl., ¶14; exhibits 1, 2 and 6. Indeed, with the exception of the caption, the list of parties to this action, and a couple of vague references, the Complaint sets forth no substantive allegations against Executive Title nor specifies anything that it allegedly did or did not do that resulted in Plaintiffs allegedly being misled into a high interest

mortgage loan.  Thus, as set forth below, the Court should dismiss all of the Plaintiffs'

claims against the Executive Title, as all of these claim fail to either sufficiently plead a

claim or state a claim upon which relief can be granted.

**STANDARD OF REVIEW**

A district court may dismiss a complaint under Federal Rule of Civil Procedure

12(b)(6) for failure to state a cognizable legal theory or for pleading insufficient facts

under a cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan*, 88 F.3d

780, 783 (9th Cir. 1996). "The court need not accept inferences drawn by Plaintiffs if

such inferences are unsupported by the facts set out in the complaint." *Western*

*Associates, Limited Partnership v. Market Square Associates*, 235 F.3d 629, 634 (D.C.

Cir. 2001). Likewise, the Court need not accept "legal conclusions cast in the form of

factual allegations." *Id.*; *Smoot v. Simmons*, 2006 U.S. Dist. LEXIS 51561 at *12.

Rather, a court should dismiss a claim where, as here, it appears "beyond doubt that the

[plaintiffs] can prove no set of facts in support of [their] claim which would entitle [them]

to relief." *E.E.O.C. v. St. Francis Xavier Parochial School*, 117 F.3d 621, 624 (D.C. Cir.

1997) (*citing Conley v. Gibson*, 355 U.S. 41, 445-46 (1957)).

**ARGUMENT**

**I.**     **All Claims Arising From the April 27, 2007 Settlement are Time**
           **Barred.**

As with the original Complaint, the allegations of the Amended Complaint are

nebulous and conclusory at best.  The Complaint fails to specify any wrongful conduct by

Executive Title on any count.  Nevertheless, to the extent that Plaintiffs base any of their

nebulous claims on the April 27, 2004 settlement where Plaintiffs Halbert, Rose and

Joanne Blue conveyed their interest in the Property to Co-Defendant Carew, such claims

3

are barred by the applicable statute of limitations.    As evidenced by the HUD-1

referenced throughout the Amended Complaint, Executive Title conducted that closing

on April 27, 2004. S*ee* April 27, 2004 HUD-1 incorporated herein and attached hereto as

**Exhibit A,** at ¶ I.[1]    Plaintiffs, however, did not file suit until April 8, 2008.    Thus,

pursuant to D.C. Code § 12-301, any claims arising from the April 27th closing, assuming

they were otherwise viable, are ***11 months, 12 days*** too late.

>    **II.**    **Count One Does Not State A Recognized Claim For Civil Conspiracy**.

Count One attempts to allege a common law cause of action for civil conspiracy

against all defendants.    The elements of a civil conspiracy are: "(1) an agreement between

two or more persons; (2) to participate in an unlawful act, or in a lawful act in an

unlawful manner; and (3) an injury caused by an unlawful overt act performed by one of

the parties to the agreement (4) pursuant to, and in furtherance of, the common scheme."

*Giva v Davison*, 637 A.2d 830, 848 (D.C. 1994).    Civil conspiracy, however, is not

recognized under District of Columbia law as an independent tort action. *See Executive*

*Sandwich Shoppe, Inc. v. Carr Realty Corporation*, 749 A.2d 724, 738 (D.C. 2000)

(*citing Waldon v. Covington*, 415 A.2d 1070, 1074 n.14 (D.C. 1980)). Here, Plaintiffs

attempt to assert an independent tort claim for civil conspiracy that does not exist as a

matter of law.    Accordingly, Count One should be dismissed.

>    **III.**    **Even If An Independent Cause For Civil Conspiracy Had Existed,**
>        **Plaintiffs Have Not Pled Sufficient Basis to Support Such A Cause**.

Even assuming *arguendo*, that a cause of action for civil conspiracy did exist

under the circumstances of this case, the Complaint even as amended does not plead

---

[1] An unexecuted copy of the April 27, 2004 HUD-1 is also attached to Plaintiffs' original Complaint as
exhibit 2.

sufficient allegations to support a civil conspiracy claim.  Plaintiffs make the nebulous

and conclusory assertion in Paragraph 33 of the Amended Complaint wherein Plaintiffs

allege that "Defendant Executive Title & Escrow by agreement facilitated the fraud by

purposefully and fraudulently inserting erroneous dollar amounts into the HUD-1 form in

order to obfuscate the transaction and mislead the plaintiffs." Compl., ¶ 33.  The cryptic

and conclusory allegations regarding "fraudulently inserting erroneous dollar amounts"

are, however, not supported by the unambiguous and undisputed facts of this case.

*Hornbeck Offshore Transp., LLC v. U.S.*, 2008 WL 2580865 (D.D.C. 2008) ("the district

court need not accept asserted inferences or conclusory allegations that are unsupported

by the facts set forth in the complaint").

The HUD-1 referred to in the Amended Complaint wherein Plaintiffs Joanne Blue

and Edna Robinson purchased the property in question from Co-Defendant Carew is

attached hereto and incorporated as **Exhibit B**.[2]  As an initial matter, Plaintiffs Halbert

and Rose Blue have no standing to assert any allegations regarding the September 29,

2005 HUD-1 because as alleged in the Complaint they were not a title holder to that

property at the time of that closing.  Moreover, they were not a party to the settlement

conducted by Executive Title.  *Id*.  Thus, Count 1 cannot state a claim against Executive

Title upon which Plaintiffs Halbert and Rose Blue can be granted relief.

As in their original Complaint, Plaintiffs Joanne Blue and Edna Robinson do not

specify in their Amended Complaint what dollar amounts were allegedly "erroneous."

Rather, Plaintiffs make some vague reference to the insertion of "erroneous dollar

amounts into the HUD-1."  Plaintiffs purposefully make this unsupported and nebulous

averment because there are no erroneous amounts in the HUD-1.  Moreover, even if there

---

[2] A copy of this HUD-1 is also attached to Plaintiffs' initial Complaint as exhibit 6.

were, with the exception of the taxes and D.C. recordation fees set by the government and the charges for Executive Title's services, Executive Title as the settlement agent receives the figures inserted in the HUD-1 from the parties to the transaction.[3]  This is why the U.S. Department of Housing and Urban Development requires parties to certify that they "have carefully reviewed the HUD-1 Settlement Statement" to assure that to the best of their knowledge the information is true and to "agree to further adjustments in the event of errors or omissions and indemnify and hold harmless Settlement Agent against such error or omissions."  *See* **Exhibit B**.[4]  It is not in dispute that Plaintiffs Joanne Blue and Edna Robinson executed this certification on the September 29, 2005 HUD-1.  *Id*. Thus, because these Plaintiffs agreed to advise of the need for any adjustments to the figures in the HUD-1 and hold harmless Executive Title against any errors or omissions, Plaintiffs claims to the contrary should be dismissed as a matter of law.

### IV.    Counts 2 and 3 Fail to State a Claim Against Executive Title.

Counts Two and Three allege fraud based claims and must be dismissed pursuant to Rules 9(b) and 12(b)(6).

Count Two alleges a series of muddled and conclusory assertions that in truth fail to state any cause of action.  As in their original Complaint, Plaintiffs, nonetheless, attempt to use these cryptic and conclusory statements allegedly made by some unidentified "defendant" or "defendants" in an effort to purport to assert a cause of action under the District's Consumer Protection Procedures Act ("DCCPPA"), D.C. Code §

---

[3] The HUD-1 merely identifies what is collected and disbursed by the Settlement Agent.  It does not bind the parties to fulfill contractual obligations they may have entered into with respect to financing or the property; as such obligations are specified in separate agreements.

[4] The certification and waiver appears on the second page of the HUD-1 above Plaintiffs Joanne Blue and Edna Robinson's signature.

298-3901, *et seq.*  A complaint alleging a violation of the DCCPPA must allege material

misrepresentations. *Osbourne v. Capital City Mortgage Corp.*, 667 A.2d 1321, 1330

(D.C. 1995). Thus, Count Two is functionally a claim for fraudulent or mistaken conduct.

Count Four in a similar nebulous and conclusory manner attempts assert a claim

for common law fraud against "all defendants."  Notwithstanding this, Count Four alleges

no allegations that could even conceivably either implicitly or explicitly relate to

Executive Title as the settlement agent. The essential elements of common law fraud are:

"(1) a false representation (2) made in reference to a material fact, (3) with knowledge of

its falsity, (4) with the intent to deceive, and (5) an action that is taken in reliance upon

the representation." *Kitt v. Capital Concerts, Inc.*, 742 A.2d 856 (1999) (*quoting*

*Hercules & Co. v. Shama Restaurant Corp.*, 613 A.2d 916 (D.C. 1992)).

The Federal Rules of Civil Procedure ordinarily require that a Complaint simply

put a defendant on notice of the claim against it. *See* Fed.R.Civ.P. 8(a). The Rules,

however, require a higher standard for Counts Two and Four—mandating that these

claims "be stated with particularity." Fed.R.Civ.P. 9(b).  Rule 9(b)'s fundamental

purposes include the need to provide fair notice to a defendant alleged to have committed

fraud. *U.S. ex rel. Fisher v. Network Software Associates*, 227 F.R.D. 4, 9 (D.D.C. 2005).

Indeed, Rule 9(b) exists so that a party can be placed "on notice of precisely what he or

she must defend against." *High v. McLean Financial Group*, 659 F.Supp. 1561, 1566

(D.D.C. 1987).

A plaintiff alleging fraudulent or mistaken conduct must state in the Complaint

"the time, place and content of the false misrepresentations, the facts misrepresented and

what was retained or given up as a consequence of the fraud." *Ellipso, Inc. v. Mann*, 460

F.Supp.2d 99, 105 (D.D.C. 2006) (*citing Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1278 (D.C.Cir. 1994). Other courts have described the heightened requirement as mandating the plaintiff to plead the "'who, what, when, and where" details of the alleged fraud. *In re Barber*, 266 B.R. 309, 322 (Bankr.E.D.Pa. 2001) (*citing Smith v. Berg*, 2000 WL 36549, at *4 (E.D.Pa. 2000)). Rule 9(b) "usually requires the claimant to allege at a minimum the identity of the person who made the fraudulent statement, the time, place, and content of the misrepresentation, the resulting injury, and the method by which the misrepresentation was communicated." *Ellipso*, 460 F.Supp.2d at 105 (citing 2-9 Moore's Federal Practice — Civil § 9.03(1)(b)). Moreover, a plaintiff must plead fraud with particularity as to each defendant. *Cinalli v. Kane*, 191 F.Supp.2d 601 (E.D.Pa. 2002). A complaint that does not plead fraud with the requisite specificity is subject to dismissal under Fed. R. Civ. P. 1 2(b)(6). *See* 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1300.

Plaintiffs have failed to plead the requisite particularity against Executive Title in either Count Two or Four.

**A. Count Two Fails to Plead Specific Facts to Support Plaintiffs' Claims Against Executive Title.**

Count Two pleads in ambiguous terms "plaintiff" and "defendant," (both in the singular and plural) even though there are four plaintiffs and five defendants. Count Two lacks any particularity with regard to the allegedly fraudulent conduct by Executive Title as the settlement company. The sole reference to Executive Title is in paragraph 41, wherein Plaintiffs restate the same conclusory and nebulous statement made in Count One that allegedly Executive Title facilitated fraud (which is later conclusorily alleged in Count 4) by inserting erroneous dollar amounts (that Executive Title would have received

from Plaintiffs) into the HUD-1.  As set forth *supra*, Plaintiffs Halbert and Rose Blue have no standing to assert a DCCPPA claim against Executive Title because they were not consumers to the only transaction not barred the statute of limitations—the September 29, 2005 settlement.  Moreover, they were not title holders to the property at the time of that transaction.

As for Plaintiffs Joanne Blue and Edna Robinson, the vague reference to erroneous amounts allegedly inserted into the HUD-1 does not supply the requisite notice required by Fed.R.Civ.P. 9(b).  Plaintiffs Joanne Blue and Edna Robinson do not specify what was "erroneous" about the figures in the HUD-1, much less which dollar amounts were allegedly errant.  Rather, Plaintiffs make some vague reference to the insertion of "erroneous dollar amounts into the HUD-1."  These formulaic recitations, however, are insufficient to state a claim against Executive Title for misrepresentation under the DCCPPA.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (plaintiffs may not rely upon a "formulaic recitation of the elements of a case").

Moreover, with the exception of the taxes and D.C. recordation fees set by the government and the charges for Executive Title's services, Executive Title as the settlement agent obtains the figures inserted in the HUD-1 from the parties to the transaction.  Accordingly, Plaintiffs Joanne Blue and Edna Robinson certified that they "carefully reviewed the HUD-1 Settlement Statement" to assure that to the best of their knowledge the information is true and to "agree to further adjustments in the event of errors or omissions."  *See* **Exhibit B.**  Further, they agreed to "indemnify and hold [Executive Title] harmless against such error or omissions."  *Id*.  The Complaint wholly

9

fails to allege how these alleged errors of which Plaintiffs agreed to advise Executive

Title or any other alleged conduct on behalf of Executive Title could mislead Plaintiffs to

enter into a loan with "excessive loan fees, interest and costs" as Plaintiffs allege in

Count Two. Thus, because: (1) Count Two fails to provide fair notice to Executive Title

of any misrepresentation that led to Plaintiffs alleged damages and (2) Plaintiffs waived

any claims against Executive Title for errors or omissions in the HUD-1, their claims in

Count Two should be dismissed.

**B. Count Four Fails to Set Forth any Facts in support of Plaintiffs' Claims against Executive Title**.

Count 4 of the Complaint fails to mention Executive Title's name anywhere.

Indeed, it does not even implicitly implicate Executive Title who was the settlement

agent. Rather, Plaintiffs allege in Count 4 that:

> [a]s her mortgage lender and broker, the defendants assumed a fiduciary duty to the plaintiffs. The defendants defrauded the plaintiff by failing to disclose information that it had a duty to disclose, in particular, the financial disadvantages to her of obtaining a mortgage loan based on an excessively and fraudulently high stated principle price when compared to available housing with comparable work to be done and when compared to her limited financial means, and the financial disadvantages of executing four nearly simultaneous real estate closings on her home.

Compl., 62.

There are no allegations about how or when Executive Title could have made any

misrepresentations about the loan or financing of the property at issue. As alleged in the

Complaint, it is beyond dispute that Executive Title was the settlement company, not a

broker or financing company. Thus, the Complaint lacks any particularity with regard

any allegedly fraudulent conduct by Executive Title as the settlement company. It is

doubtful that these anonymous and conclusory allegations are sufficient even under the

normal notice pleading standards of Fed.R.Civ.P. 8(a).  Simply put, the Count 4 fails to

provide any specificity to provide any notice to Executive Title of its alleged

wrongdoing.  Count Four neither sufficiently pleads common law fraud nor properly

states a claim against Executive Title upon which relief can be granted.  Accordingly, it

should be dismissed.

### CONCLUSION

For all the foregoing reasons, Defendant Executive Title's Motion to Dismiss

should be granted.

Respectfully Submitted,


_____/s/_____
David E. Ralph (461593)
Law Offices of David E. Ralph, LLC
2423 Maryland Ave.
Suite 100
Baltimore, Maryland  21218
 (410) 366-1500
 (410) 366-1501

*Attorneys for Defendant Executive Title*

A. **Settlement Statement**    ● ●    U.S. Department of Housing and Urban Development

B. Type of Loan    OMB No. 2502-0265 REV. HUD-1 (3/86)

| 1. ☐FHA | 2. ☐FmHA | 3. ☐Conv. Unins. | 6. File Number | 7. Loan Number | 8. Mortgage Insurance Case Number |
|---|---|---|---|---|---|
| 4. ☐VA | 5. ☐Conv. Ins. | | 04-435RTL | 0001498691 | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals. WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U. S. Code Section 1001 and Section 1010.

TitleExpress Settlement System
Printed 04/28/2004 at 10:47 R1

D. NAME OF BORROWER:    Brenda D. Carew
ADDRESS:

E. NAME OF SELLER:    Halbert T. Blue and Rose M. Blue
Joanne Blue
ADDRESS:    1001 F Street, NE, Washington, DC 20002

F. NAME OF LENDER:    New Century Mortgage Corporation
ADDRESS:    18400 Von Karman, Ste 1000, Irvine, CA 92612

G. PROPERTY ADDRESS:    1001 F Street, NE, Washington, DC 20002

H. SETTLEMENT AGENT:    Executive Title and Escrow L.L.C., Telephone: 301-341-6444 Fax: 301-341-1238
PLACE OF SETTLEMENT:    9500 Arena Drive; Suite 480, Largo, MD 20774

I. SETTLEMENT DATE:    04/27/2004

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION: | |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| 101. Contract sales price | 430,000.00 | 401. Contract sales price | 430,000.( |
| 102. Personal Property | | 402. Personal Property | |
| 103.             1400) | 20,835.80 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 450,835.80 | 420. GROSS AMOUNT DUE TO SELLER | 430,000. |
| 200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER | |
| 201. Deposit or earnest money | 43,000.00 | 501. Excess Deposit (see instructions) | 43,000. |
| 202. Principal amount of new loans | 387,000.00 | 502. Settlement charges to seller (line 1400) | 7,075. |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff:30910806 | 315,485. |
| | | Ocwen Federal Bank | |
| 205. | | 505. | |
| 206. | | 506. Release Fee | 225. |
| | | Executive Title and Escrow L.L | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town taxes   04/01/04 to 04/27/04 | 107.47 | 510. City/town taxes   04/01/04 to 04/27/04 | 107. |
| 213. | | 513. Water Escrow | 450. |
| 214. SELLER CREDIT | 17,500.00 | 514. SELLER CREDIT | 17,500. |
| 215. | | 515. MISC/BILL | 27,000. |
| 216. | | 516. MISC/BILL | 4,000. |
| 217. | | 517. ESCROW | 8,000. |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 447,607.47 | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 422,842. |
| 300. CASH AT SETTLEMENT FROM OR TO BORROWER | | 600. CASH AT SETTLEMENT TO OR FROM SELLER | |
| 301. Gross amount due from borrower (line 120) | 450,835.80 | 601. Gross amount due to seller (line 420) | 430,000. |
| 302. Less amounts paid by/for borrower (line 220) | 447,607.47 | 602. Less reduction amount due seller (line 520) | 422,842. |
| 303. CASH FROM BORROWER | 3,228.33 | 603. CASH TO SELLER | 7,157. |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on line 401 above constitutes the Gross Proceeds of this transaction.

SELLER INSTRUCTIONS: If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040).

You are required by law to provide the settlement agent (Fed. Tax ID No: _____) with your correct taxpayer identification number. If you do not provide your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

TIN: *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, 246-242278*    SELLER(S) SIGNATURE(S): *Joanne Blue, Hallet T Blue*

SELLER(S) NEW MAILING ADDRESS: *1001 F. Street NE Washington DC 20002*

SELLER(S) PHONE NUMBERS: *202 543 3580* (H) _____ (W)

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT    File Number: 04-4...    PAGE
**SETTLEMENT STATEMENT**    REV. HUD-1 (3/86)    TitleExpress Settlement System. Printed 04/28/2004 at 10:47 P1...

| L. SETTLEMENT CHARGES | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $430,000.00 = | | |
| Division of commission (line 700) as follows: | | |
| 701. $ to | | |
| 702. $ to | | |
| 703. Commission paid at Settlement | | |
| 704. Administrative Fee | | |
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN** | | |
| 801. Loan Origination Fee  2.000 % Town and Country Mortgage | 7,740.00 | |
| 802. Loan Discount  % | | |
| 803. Appraisal Fee  to Town and Country Mortgage | 350.00 | |
| 804. Credit Report  to Town and Country Mortgage | 9.00 | |
| 805. UNDERWRITING FEE  to New Century Mortgage Corporation | 350.00 | |
| 806. DOCUMENT FEE  to New C... Mortgage Corporation | 359.00 | |
| 807. TAX SERVICE FEE  to New C... Mortgage Corporation | 78.00 | |
| 808. FLOOD CERTIFICATION  to New... Mortgage Corporation | 11.20 | |
| 809. PROCESSING FEE  to Town and Country Mortgage | 600.00 | |
| 810. | | |
| 811. | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | |
| 901. Interest From  04/27/2004 to 05/01/2004  @$  63.6200 /day  4 Days | 254.48 | |
| 902. Mortgage Insurance Premium for  to | | |
| 903. Hazard Insurance Premium for  to STATE FARM  (P.O.C.) 1,288.00 Buyer | | |
| 904. | | |
| 905. | | |
| **1000. RESERVES DEPOSITED WITH LENDER FOR** | | |
| 1001. Hazard Insurance  2 mo. @ $  101.50 /mo | 203.00 | |
| 1002. Mortgage Insurance  mo. @ $  /mo | | |
| 1003. City Property Taxes  2 mo. @ $  209.06 /mo | 418.12 | |
| 1004. County Property Taxes  mo. @ $  /mo | | |
| 1005. Annual Assessments  mo. @ $  /mo | | |
| 1009. Aggregate Analysis Adjustment | 0.00 | 0. |
| **1100. TITLE CHARGES** | | |
| 1101. Settlement or closing fee  to Executive Title and Escrow L.L.C. | 175.00 | 250. |
| 1102. Abstract or title search  to LKW Title and Abstract Service, LLC | 255.00 | |
| 1103. Title examination  to Executive Title and Escrow L.L.C. | 325.00 | |
| 1104. Title Insurance binder  to ...e Title and Escrow L.L.C. | 75.00 | |
| 1105. Document Preparation  ... ...e Title and Escrow L.L.C. | | 150 |
| 1106. Notary Fees | | |
| 1107. Attorney's fees  to Lawrence O. Elliott, Jr. Esq. | 100.00 | |
| (includes above items No: ) | | |
| 1108. Title Insurance  to Old Republic National Title Insurance Co. | 2,378.00 | |
| (includes above items No: ) | | |
| 1109. Lender's Policy  387,000.00 - 1,522.96 | | |
| 1110. Owner's Policy  430,000.00 - 855.04 | | |
| 1111. Judgment Search  to Property Insight | 25.00 | |
| 1112. | | |
| 1113. Courier/Overnight  to Executive Title and Escrow L.L.C. | 65.00 | 65 |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES** | | |
| 1201. Recording Fees Deed $ 40.00 ; Mortgage $ 250.00 ; Release $ 160.00 | 290.00 | 160 |
| 1202. City Transfer Tax  Deed $6,450.00 ; Mortgage $ | 3,225.00 | 3,225 |
| 1203. City Recordation Tax  Deed $6,450.00 ; Mortgage $ | 3,225.00 | 3,225 |
| 1204. Construction Tax  Deed $ ; Mortgage $ | | |
| 1205. | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES** | | |
| 1301. Survey  to Duley and Associates, Inc. | 275.00 | |
| 1302. Pest Inspection | | |
| 1303. CLEAL LIEN  to DC TREASURER | 50.00 | |
| 1304. | | |
| 1305. | | |
| 1306. | | |
| 1307. | | |
| 1308. | | |
| **1400. TOTAL SETTLEMENT CHARGES**  (enter on lines 103, Section J and 502, Section K) | 20,835.80 | 7,07 |

HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement. I agree to further adjustments in the event of errors or omissions and hold harmless Settlement Agent against such error or omissions.

Brenda D. Carew
161782272

Halbert T. Blue    Rose M. Blue    Joanna Blue

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: U.S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

4/22/04

By:

A Settlement Statement

<table>
<tr><td colspan="3">G. Type of Loan</td><td colspan="2">U.S. Department of Housing and Urban Development<br>OMB No. 2502-0265 REV. HUD-1 (3/86)</td></tr>
<tr><td>1. ☐FHA    2. ☐FmHA    3. ☐Conv. Unins.<br>4. ☐VA    5. ☐Conv. Ins.</td><td>6. File Number<br>05-860RTL</td><td>7. Loan Number<br>921000278868</td><td colspan="2">8. Mortgage Insurance Case Number</td></tr>
<tr><td>C. Note:</td><td colspan="2">This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for information purposes and are not included in the totals. WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.</td><td colspan="2">TitleExpress Settlement System</td></tr>
</table>

| | |
|---|---|
| D. NAME OF BORROWER: | Joanne Blue and Edna Robinson |
| ADDRESS: | 1001 F Street NE, Washington, DC 20002 |
| E. NAME OF SELLER: | Brenda D. Carew |
| ADDRESS: | 1001 F Street NE, Washington, DC 20002 |
| F. NAME OF LENDER: | Fremont Investment & Loans |
| ADDRESS: | ISAOA and/or ATIMA, 1065 N. Pacificenter Drive, Anaheim, CA 92806 |
| G. PROPERTY ADDRESS: | 1001 F Street NE, Washington, DC 20002 |
| H. SETTLEMENT AGENT: | Executive Title and Escrow L.L.C., Telephone: 301-341-6444 Fax: 301-341-1238 |
| PLACE OF SETTLEMENT: | 9500 Arena Drive, Suite 480, Largo, MD 20774 |
| I. SETTLEMENT DATE: | 09/29/2005 |

<table>
<tr><td colspan="2">J. SUMMARY OF BORROWER'S TRANSACTION:</td><td></td><td colspan="2">K. SUMMARY OF SELLER'S TRANSACTION:</td></tr>
<tr><td colspan="2">100. GROSS AMOUNT DUE FROM BORROWER</td><td></td><td colspan="2">400. GROSS AMOUNT DUE TO SELLER</td></tr>
<tr><td>101. Contract sales price</td><td>555,000.00</td><td>401. Contract sales price</td><td></td><td>555,000.00</td></tr>
<tr><td>102. Personal Property</td><td></td><td>402. Personal Property</td><td></td><td></td></tr>
<tr><td>103. Settlement charges to borrower (line 1400)</td><td>29,232.57</td><td>403.</td><td></td><td></td></tr>
<tr><td>104.</td><td></td><td>404.</td><td></td><td></td></tr>
<tr><td>105.</td><td></td><td>405.</td><td></td><td></td></tr>
<tr><td>Adjustments for items paid by seller in advance</td><td></td><td colspan="2">Adjustments for items paid by seller in advance</td><td></td></tr>
<tr><td>106. City/town taxes    04/02/05 to 09/29/05</td><td>32.25</td><td>406. City/town taxes    04/02/05 to 09/29/05</td><td></td><td>32.25</td></tr>
<tr><td>109. Release Fee</td><td></td><td>409.</td><td></td><td></td></tr>
<tr><td>110.</td><td></td><td>410.</td><td></td><td></td></tr>
<tr><td>111.</td><td></td><td>411.</td><td></td><td></td></tr>
<tr><td>112.</td><td></td><td>412.</td><td></td><td></td></tr>
<tr><td>120. GROSS AMOUNT DUE FROM BORROWER</td><td>584,264.82</td><td>420. GROSS AMOUNT DUE TO SELLER</td><td></td><td>555,032.25</td></tr>
<tr><td colspan="2">200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER</td><td></td><td colspan="2">500. REDUCTIONS IN AMOUNT DUE TO SELLER</td></tr>
<tr><td>201. Deposit or earnest money</td><td>55,500.00</td><td>501. Excess Deposit (see instructions)</td><td></td><td>55,500.00</td></tr>
<tr><td>202. Principal amount of new loans</td><td>444,000.00</td><td>502. Settlement charges to seller (line 1400)</td><td></td><td>6,385.00</td></tr>
<tr><td>203. Existing loan(s) taken subject to</td><td></td><td>503. Existing loan(s) taken subject to</td><td></td><td></td></tr>
<tr><td>204.</td><td></td><td>504. Payoff:0001498691</td><td></td><td>403,739.55</td></tr>
<tr><td></td><td></td><td>New Century Mortgage Corporati</td><td></td><td></td></tr>
<tr><td>205.</td><td></td><td>505.</td><td></td><td></td></tr>
<tr><td>206.</td><td></td><td>506.</td><td></td><td></td></tr>
<tr><td>207.</td><td></td><td>507.</td><td></td><td></td></tr>
<tr><td>208.</td><td></td><td>508.</td><td></td><td></td></tr>
<tr><td>209.</td><td></td><td>509.</td><td></td><td></td></tr>
<tr><td>Adjustments for items unpaid by seller</td><td></td><td colspan="2">Adjustments for items unpaid by seller</td><td></td></tr>
<tr><td>213. SELLER HED 2ND LOAN</td><td>55,500.00</td><td>513. SELLER HED 2ND LOAN</td><td></td><td>55,500.00</td></tr>
<tr><td>214.</td><td></td><td>514. WATER ESCROW</td><td></td><td>350.00</td></tr>
<tr><td>215.</td><td></td><td>515. RELEASE FEE</td><td></td><td>225.00</td></tr>
<tr><td>216. BROKER CREDIT</td><td>5,000.00</td><td>516.</td><td></td><td></td></tr>
<tr><td>217.</td><td></td><td>517.</td><td></td><td></td></tr>
<tr><td>218. SELLER CONTRIBUTION</td><td>24,264.82</td><td>518. SELLER CONTRIBUTION</td><td></td><td>24,264.82</td></tr>
<tr><td>219.</td><td></td><td>519.</td><td></td><td></td></tr>
<tr><td>220. TOTAL PAID BY/FOR BORROWER</td><td>584,264.82</td><td>520. TOTAL REDUCTION AMOUNT DUE SELLER</td><td></td><td>545,964.37</td></tr>
<tr><td colspan="2">300. CASH AT SETTLEMENT FROM OR TO BORROWER</td><td></td><td colspan="2">600. CASH AT SETTLEMENT TO OR FROM SELLER</td></tr>
<tr><td>301. Gross amount due from borrower (line 120)</td><td>584,264.82</td><td>601. Gross amount due to seller (line 420)</td><td></td><td>555,032.25</td></tr>
<tr><td>302. Less amounts paid by/for borrower (line 220)</td><td>584,264.82</td><td>602. Less reduction amount due seller (line 520)</td><td></td><td>545,964.37</td></tr>
<tr><td>303. CASH FROM BORROWER</td><td>0.00</td><td>603. CASH TO SELLER</td><td></td><td>9,067.88</td></tr>
</table>

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported. The Contract Sales Price described on line 401 above constitutes the Gross Proceeds of this transaction.

SELLER INSTRUCTIONS: If this real estate was your principal residence, file Form 2119, Sale or Exchange of Principal Residence, for any gain, with your income tax return; for other transactions, complete the applicable parts of Form 4797, Form 6252 and/or Schedule D (Form 1040).

You are required by law to provide the settlement agent (Fed. Tax ID No: _____ ) with your correct taxpayer identification number. If you do not provide your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

DATE: _____/_____ SELLER(S) SIGNATURE(S) _____ _____/ _____

SELLER(S) NEW MAILING ADDRESS: _____ _____ _____

SELLER(S) PHONE NUMBERS: _____ (H) _____ (W)

U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT
SETTLEMENT STATEMENT    REV. HUD-1 (3/86)

File Number: 05-060
TitleExpress Settlement System

PAGE 2

| L. SETTLEMENT CHARGES | | | PAID FROM BORROWER'S FUNDS AT SETTLEMENT | PAID FROM SELLER'S FUNDS AT SETTLEMENT |
|---|---|---|---|---|
| 700. TOTAL SALES/BROKER'S COMMISSION based on price $555,000.00 = | | | | |
| Division of commission (line 700) as follows: | | | | |
| 701. $ | to | | | |
| 702. $ | to | | | |
| 703. Commission paid at Settlement | | | | |
| 800. ITEMS PAYABLE IN CONNECTION WITH LOAN | | | | |
| 801. Loan Origination Fee | %Fremont Investment & Loans | | 489.00 | |
| 802. Loan Discount | % | | | |
| 803. Appraisal Fee | to Town and Country Mortgage | (P.O.C.) 350.00 Buyer | | |
| 804. Credit Report | to Town and Country Mortgage | | 20.00 | |
| 805. BROKER FEE | to Town and Country Mortgage | | 13,979.00 | |
| 806. UNDERWRITING FEE | to Fremont Investment & Loans | | 405.00 | |
| 807. TAX SERVICE FEE | to LANDAMERICA TAX AND FLOOD SERVICES | | 60.00 | |
| 808. FLOOD CERT FEE | to LANDAMERICA TAX AND FLOOD SERVICES | | 9.50 | |
| 809. PROCESSING FEE | to Town and Country Mortgage | | 600.00 | |
| 810. | | | | |
| 811. | | | | |
| 900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE | | | | |
| 901. Interest From 09/29/2005 to 10/01/2005 @$ 76.6400 /day | | 2 Days | 153.28 | |
| 902. Mortgage Insurance Premium for to | | | | |
| 903. Hazard Insurance Premium for to STATE FARM | | | 1,201.00 | |
| 904. | | | | |
| 905. | | | | |
| 1000. RESERVES DEPOSITED WITH LENDER FOR | | | | |
| 1001. Hazard Insurance | 3 mo. @ $ | 100.09 /mo | 300.27 | |
| 1002. Mortgage Insurance | mo. @ $ | /mo | | |
| 1003. City Property Taxes | mo. @ $ | 392.48 /mo | | |
| 1004. County Property Taxes | 4 mo. @ $ | 392.47 /mo | 1,569.88 | |
| 1005. Annual Assessments | mo. @ $ | /mo | | |
| 1009. Aggregate Analysis Adjustment to Fremont Investment & Loans | | | -392.61 | 0.00 |
| 1100. TITLE CHARGES | | | | |
| 1101. Settlement or closing fee | to Executive Title and Escrow L.L.C. | | 175.00 | 175.00 |
| 1102. Abstract or title search | to TJ Abstracts | | 280.75 | |
| 1103. Title examination | to Executive Title and Escrow L.L.C. | | 570.00 | |
| 1104. Title insurance binder | to Executive Title and Escrow L.L.C. | | 75.00 | |
| 1105. Document Preparation | | | | |
| 1106. Notary Fees | | | | |
| 1107. Attorney's fees | to Lawrence O. Elliott, Jr. Esq. | | 100.00 | |
| (includes above items No: | | ) | | |
| 1108. Title Insurance | to Old Republic National Title Insurance Co. | | 2,982.50 | |
| (includes above items No: | | ) | | |
| 1109. Lender's Policy | 444,000.00 - 1,568.00 | | | |
| 1110. Owner's Policy | 555,000.00 - 1,414.50 | | | |
| 1111. Judgment Search | to Property Insight | | 25.00 | |
| 1112. | | | | |
| 1113. Courier/Overnight | to Executive Title and Escrow L.L.C. | | 65.00 | 65.00 |
| 1200. GOVERNMENT RECORDING AND TRANSFER CHARGES | | | | |
| 1201. Recording Fees Deed $ 40.00 ; Mortgage $ 250.00 ; Release $ | | | 250.00 | 40.00 |
| 1202. City Transfer Tax | Deed $6,105.00 ; Mortgage $ | | 3,052.50 | 3,052.50 |
| 1203. City Recordation Tax | Deed $6,105.00 ; Mortgage $ | | 3,052.50 | 3,052.50 |
| 1204. Construction Tax | Deed $ ; Mortgage $ | | | |
| 1205. | | | | |
| 1300. ADDITIONAL SETTLEMENT CHARGES | | | | |
| 1301. Survey | to Duley and Associates, Inc. | | 210.00 | |
| 1302. Pest Inspection | | | | |
| 1303. | | | | |
| 1304. | | | | |
| 1305. | | | | |
| 1306. | | | | |
| 1307. | | | | |
| 1308. | | | | |
| 1400. TOTAL SETTLEMENT CHARGES (enter on lines 103, Section J and 502, Section K) | | | 29,232.57 | 6,385.00 |

HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement. I agree to further adjustments in the event of errors or omissions and indemnify and hold harmless Settlement Agent against such error or omissions.

DMarshall Blake
Edna Robinson
145543670

Shawn D. Bates

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE TITLE 18: U.S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

By _____    _____
DATE

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOANNE BLUE, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| v. | )     **Case No. 1:08-cv-00729-CKK** |
| | ) |
| FREEMONT INVESTMENT AND | ) |
| LOAN, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## <u>ORDER</u>

Upon consideration of the Defendant Executive Title and Escrow LLC's Motion to Dismiss, and any opposition thereto, it is this _____ day of _____, 2008,

ORDERED AND ADJUDGED:

1.      That the Defendant Executive Title and Escrow LLC's Motion to Dismiss is hereby GRANTED; and

2.      That the Amended Complaint is hereby DISMISSED as to Defendant Executive Title and Escrow LLC with prejudice and without leave to amend; and

3.      That judgment is hereby ENTERED in favor of Defendant Executive Title and Escrow LLC and against the Plaintiffs; and

4.      Costs to be paid by the Plaintiffs.


_____
Honorable Collen Kollar-Kotelly
United States District Court for the District of Columbia