UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JOANNE BLUE,** *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 1:08-cv-00729-CKK |
| **FREMONT INVESTMENT & LOAN,** *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

### FREMONT REORGANIZING CORPORATION
### f/k/a FREMONT INVESTMENT & LOAN'S
### REPLY IN SUPPORT OF
### MOTION TO DISMISS AMENDED COMPLAINT

Fremont Reorganizing Corporation f/k/a Fremont Investment & Loan[1] ("Fremont"), by counsel, for its reply in support of its Motion to Dismiss states as follows:

I.  <u>Plaintiffs improperly rely upon facts outside the Amended Complaint.  Fremont moves to strike such materials from the record.</u>

A motion to dismiss is based upon the facts pled in the Amended Complaint, "'documents attached as exhibits or incorporated by reference in the complaint, and matters about which the Court may take judicial notice.'"  *Buaiz v. U.S.*, 471 F.Supp.2d 129, 134 (D.D.C. 2007) (*citing Gustave-Schmidt v. Chao*, 226 F.Supp.2d 191, 196 (D.D.C. 2002)).

A party opposing a motion to dismiss is bound to the same standard as the movant and may not rely upon non-permissible material.  In ruling upon a Rule 12(b)(6) motion,

---

[1]  Fremont Investment & Loan changed its name to Fremont Reorganizing Corporation effective August 1, 2008.

the Court should not consider alleged facts improperly raised for the first time in the response. *Henthorn v. Dept. of Navy*, 29 F.3d 682, 688 (D.C.Cir. 1994).

Here, Plaintiffs factual recitation in the response does not identify where in the Complaint the allegation is pled. Upon closer review, it is apparent that numerous new fact allegations are raised for the first time in the response. Those newly alleged facts may not be considered by the Court in ruling upon the Motion to Dismiss.

Moreover, Plaintiffs attach to the responses several exhibits that are not part of the public record or which may otherwise not be considered on a motion to dismiss. Exhibit One is a settlement agreement that may not properly be relied upon by the Court. Fed. R. Evid. 408. Exhibits two through five were neither referenced in the Amended Complaint nor are part of the public record.

Fremont asks that the Court disregard the impertinent materials offered by the plaintiffs and moves to strike them from the record.

II.  <u>The plaintiffs do not set forth well pled allegations to support a DCCPPA claim as a matter of law.</u>

Fremont moved to dismiss Count Three because it did not allege a valid claim under the District's Consumer Protection Procedures Act ("DCCPPA"), D.C. Code § 29-3901, *et seq*.

Joanne Blue and Edna Robinson's response ignores the grounds asserted in support of Fremont's Motion to Dismiss. The plaintiffs ignore that the Amended Complaint's DCCPPA claim essentially copies the defective allegations set forth in the Complaint. The plaintiffs ignore that they do not plead any specific facts in support of their DCCPPA claim against Fremont. The plaintiffs ignore that their Amended Complaint merely recites the elements of the cause of action without any reasonable

expectation that discovery will disclose substantive supporting facts.  And, the plaintiffs ignore Fremont's specific arguments why each DCCPPA claim is defective.

Instead, the plaintiffs direct the Court's attentive to a stipulated cease and desist order Fremont entered into with the FDIC, a Massachusetts' Court injunction order, and an inadmissible affidavit.  These references are not pertinent to the issue before <u>this</u> Court.

The plaintiffs first identify Fremont's stipulated order with the FDIC.  The Order, which has nothing whatsoever to do with the present claim, states that it is entered into "solely for the purposes of this proceeding and without admitting or denying the alleged charges of unsafe or unsound banking practices and violations of law and/or regulations."  Counsel also misconstrues the stipulated order's meaning.  The order set forth certain requirements for various aspects of the bank's[2] operation, including management and oversight of bank operations, residential lending, commercial real estate lending, capital adequacy, asset management, and parent company operations.  Nowhere does the FDIC Order retroactively make it a violation of law to underwrite loans in the manner in which Fremont did prior to its issuance.  Moreover, the cease and desist order is a settlement agreement, which is not admissible as evidence for its substance.  Fed. R. Evid. 408.  Courts routinely reject as evidence settlement agreements with federal agencies.  *See*, *e.g.*, *United States v. Whitney*, 180 Fed. Appx. 670, 673, 2006 U.S.App. LEXIS 12374, *5 (9th Cir. 2006) (finding evidence of an SEC settlement excludable in subsequent action "as an offer to compromise offered for the validity of the underlying claim").

---

2   At the time of the consent order, Fremont Investment & Loan operated a bank with numerous branches in California, a commercial lending operation, and a residential lending operation.

The plaintiffs argue that the consent order supports their belief that Fremont participated in deceptive practices. The plaintiffs contend that Fremont should have known that the broker did not tell the plaintiffs that he submitted a loan application to Fremont and that the broker did not tell the plaintiffs (or Fremont) that the loan application had false information. There is no allegation in the Amended Complaint how <u>Fremont</u> "should have known" such information. While these allegations perhaps may support a DCCPPA claim against <u>the broker</u>, it cannot, as a matter of law, factually support a DCCPPA claim against <u>Fremont</u>.

Likewise, the plaintiffs reliance on *Commonwealth of Massachusetts v. Fremont Investment & Loan*, 2008 WL 517279 (Mass. Super. 2008),[3] is misguided. There, the Court did not make findings about any specific loan, but identified two categories of loans for which the Court required Fremont to obtain either the Attorney General's or the Court's prior permission to conduct foreclosure. The Court's ruling was issued as a preliminary injunction, not an adjudication on the merits. Moreover, the Court's ruling was premised upon its interpretation of a Massachusetts law governing high cost mortgage loans; no such District of Columbia law is cited by either Joanne Blue or Edna Robinson.

In opposing the present motion, the plaintiffs cite to various loan categories identified by the Massachusetts Court. For example, the Plaintiffs' brief (and improperly attached exhibits) make reference to introductory rates, debt-to-income ratios, and loan-to-value ratios. None of those factors, however, are alleged in the Amended Complaint

---

3    Plaintiff improperly cite the opinion as the Mass. App. Ct. and suggest that it affirmed a trial court's ruling. To the contrary, the cited opinion is the Superior Court of Massachusetts' ruling. The Court subsequently modified its ruling in 2008 WL 1913940 (Mass. Super. 2008).

4

in support of the DCCPPA claim or are otherwise at issue in the present case. Plaintiffs' reference is immaterial and impertinent to the Motion to Dismiss.

To the extent the Massachusetts case has any relevance to the present dispute, it may be found in the Courts following findings of fact:

> There is no evidence that Fremont knew of these misrepresentations. Nor is there any evidence that Fremont willfully blinded itself to the fact that some of the mortgage brokers who brought loans to it were knowingly inflating the borrower's income. Nor does this Court find, based on this record, that Fremont recklessly supervised its brokers by continuing to do business with them after Fremont learned that the brokers had a pattern or practice of inflating the borrower's income on the loan applications they had submitted. In short, with respect to the falsified loan applications, the evidence in the record reflects that Fremont was a victim of these misrepresentations and did not encourage or tolerate them.
>
> Nor does this record reflect that Fremont made false representations to borrowers regarding the terms of their loan. From the few closing documents that are before the Court, there is no evidence that the terms were concealed or misrepresented in the closing documents. Nor is there any evidence that Fremont representatives made such misrepresentations.

*Commonwealth of Massachusetts*, 2008 WL 517279 at *7. Plaintiffs make no allegation in the present case that suggests anything to the contrary occurred here.

Finally, the Plaintiffs attach an irrelevant affidavit by Tyrone Grandberry. Mr. Grandberry makes some generic comments about the mortgage underwriting process. Mr. Grandberry's affidavit has no grounding in the facts of this case, let alone the allegations pled in the Amended Complaint.

Because plaintiffs to not rebut the DCCPPA claim's substantive defects as raised in the Motion to Dismiss, the Court should dismiss the DCCPA claim.

5

III. <u>Joanne Blue and Edna Robinson's response to the common law fraud cause of action is based upon their formerly dismissed conspiracy allegations.  These plaintiffs do not allege specific facts supporting a common law fraud claim against Fremont.</u>

Joanne Blue and Edna Robinson oppose dismissal of Count Four by claiming that the Amended Complaint pleads the allegations of common law fraud with sufficient particularity.  That is hardly the case.

The plaintiffs argue that the Amended Complaint sets forth "a complete outline of the fraud committed by the defendant**s**."  Pl. Mem. at 10 (emphasis added).  That sentence highlights the fundamental defect.  The Amended Complaint may well outline in particularity a fraud committed by the non-Fremont defendants.  The Amended Complaint, though, does not plead any specific fact allegations against Fremont.  Instead, the plaintiffs argue that Fremont participated in a "concerted effort" with the other defendants.  In other words, a conspiracy.  This claim is fatally defective as a matter of law because the Court previously dismissed the conspiracy claim against Fremont without leave to amend.

An "astute reading" of the Amended Complaint (as requested by the plaintiffs) does not disclose specific allegations of fraud.  Plaintiffs argue that Fremont's "relaxed underwriting procedures . . . allowed the defendant Town & Country to submit fraudulent documentation for a loan application."  Pl. Mem. at 11.  That argument does not support a common law fraud claim against Fremont.  Plaintiffs nowhere identify any factual support for their theory that Fremont's underwriting practices were improper in any manner – let alone that Fremont's practices arise to fraud.  At best, the plaintiffs' argument supports a fraud claim against <u>Town & Country</u>, which prepared the allegedly false financial records and transmitted them to Fremont.

Ms. Blue and Ms. Robinson point to two alleged representations made by Fremont: 1) that Fremont represented to borrowers that they applied for a loan and 2) that Fremont represented to the borrowers that they can afford the loan. Neither purported representation is supported by factual allegations in the Amended Complaint.

It is unclear how the plaintiffs contend Fremont made the first representation. The Amended Complaint does not identify any statement made by any Fremont representative, either in writing or verbally. The only allegation bearing on that issue is that Dennis Bishop submitted a loan application on these plaintiffs' behalf. The Amended Complaint further alleges that defendants Brenda Carew, Town and Country Mortgage, Dennis Bishop and Executive Title & Escrow participated in a conspiracy to defraud all of the plaintiffs. Amended Complaint, ¶ 29. Regardless, such a statement, even if by Fremont, does not support a cause of action for fraud. It is undisputed that Fremont received a loan application in Joanne Blue and Edna Robinson's names. Fremont acknowledged that representation made to it by issuing a loan approval. Ms. Blue and Ms. Robinson admit that they accepted the loan and signed the loan documents. There is no allegation in the Amended Complaint that either of the plaintiffs took any action in reliance upon Fremont's "representation." Rather, the Amended Complaint alleges that they signed the loan documents because of representations made to them by either Dennis Bishop or an unidentified person. *See* Am. Complaint, ¶¶ 24-25. There is no factual allegation or inference that these plaintiffs took any action in reliance upon the purported representation.

Similarly, the Amended Complaint does not identify who at Fremont represented that Ms. Blue and Ms. Robinson could afford the loan. Regardless, that allegation also

cannot support a fraud claim. The Amended Complaint alleges that Dennis Bishop submitted to Fremont false information. It does not allege any facts to support that Fremont knew the application was false. Moreover, the Amended Complaint alleges that Ms. Blue and Ms. Robinson signed the loan documents not because Fremont said they could afford the payments, but because they were told (presumably by Dennis Bishop, but the Amended Complaint is unclear) that signing the loan documents was necessary to prevent foreclosure. Am. Complaint, ¶¶ 24-25.

With regard to both statements, Ms. Blue and Ms. Robinson suggest that the fraud elements of knowledge of falsity and intent to deceive are met by Paragraph 64:

> The defendant knew that the representation was false, or the representation was made with such reckless disregard for the truth that knowledge of the falsity of the statement can be imputed to the defendant.

Am. Complaint, ¶ 64. This paragraph is merely an unsupported formulaic recitation of the elements of a cause of action. Such bare pleading neither complies with Rule 9(b)'s particularity requirement nor Rule 12(b)(6)'s requirements under *Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007).[4] Thus, the Amended Complaint does not state a fraud claim, and Count Four must be dismissed.

---

4    Again, the plaintiffs' responses makes reference to the stipulated order between Fremont Investment & Loan and the FDIC. As argued above, the cease and desist order is not pertinent to this matter pursuant to Fed. R. Evid. 408, its own language and the factual allegations of this case.

IV.     Conclusion

For the foregoing reasons, the Court should grant the Motion to Dismiss the Amended Complaint, dismiss this matter with regard to Fremont, and for all other relief the Court deems fair and just.

Respectfully submitted,

*/s/ Harold G. Belkowitz*
Harold G. Belkowitz (D.C. Bar No. 449800)
Ober, Kaler, Grimes & Shriver
A Professional Corporation
1401 H Street, N.W., Suite 500
Washington, D.C.  20005-2110
(202) 408-8400
(202) 408-0640 facsimile

Counsel for Fremont Investment & Loan

Certificate of Service

I certify that a copy of the foregoing and the attachments thereto were served pursuant to the Court's ECF system this 8th day of August, 2008 to:

> William C. Johnson, Jr., Esquire
> 1229 15th Street, N.W.
> Washington, DC  20005
> Counsel for Plaintiffs
>
> David E. Ralph, Esquire
> Law Offices of David E. Ralph, LLC
> 2423 Maryland Avenue, Suite 100
> Baltimore, Maryland  21218
> Counsel for Executive Title & Escrow

A copy of the foregoing was not served upon Town and Country Mortgage and Financial Services, Inc., Dennis Bishop, and Brenda Carew because previous mailings have been returned to sender as undeliverable.

*/s/ Harold G. Belkowitz*
Harold G. Belkowitz

153941