**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

JOANNE BLUE, *et al.*,

Plaintiffs,

v.

FREMONT INVESTMENT & LOAN, *et al.*,

Defendants.

Civil Action No. 08-729 (CKK)

**MEMORANDUM OPINION**
(October 15, 2008)

Plaintiffs Joanne Blue, Edna Robinson, Halbert Blue, and Rose Blue (collectively, "Plaintiffs") filed this action in the Superior Court for the District of Columbia, seeking damages and other relief against Defendants Fremont Investment & Loan ("Fremont"), Executive Title & Escrow ("Executive Title"), Town and Country Mortgage and Financial Services, Inc., and Dennis Bishop, based on two allegedly fraudulent home loan transactions. Plaintiffs' Complaint asserted two federal causes of action based on the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, respectively, as well as six D.C. statutory and common law claims. Fremont removed the case to this Court on April 28, 2008, and filed a Motion to Dismiss.[1] On June 23, 2008, the Court dismissed the TILA and RESPA claims against Fremont because they were compulsory counterclaims that should have been (but were not) raised in a previous D.C. Superior Court proceeding between Plaintiffs and Fremont. *See* Mem. Op. at 8-13 (June 23, 2008), Docket No. [17]. The Court also dismissed four other claims against Fremont as not legally cognizable, and

[1] This Motion was filed only on behalf of Fremont.

granted Plaintiffs' request for leave to amend.[2] *Id.* at 8-19. Plaintiffs amended their Complaint on July 7, 2008, and dropped their TILA and RESPA claims against the remaining Defendants.[3] *See* Am. Compl. ¶¶ 28-81. The six claims in their Amended Complaint are based only on D.C. statutory and common law causes of action. *Id.* Fremont and Executive Title both filed Motions to Dismiss Plaintiffs' Amended Complaint on July 21, 2008. For the reasons explained below, the Court shall GRANT IN PART Executive Title's [25] Motion to Dismiss as to Plaintiffs' conspiracy claim (Count I), and shall sua sponte REMAND the case to the Superior Court for the District of Columbia.

**LEGAL STANDARD AND DISCUSSION**

The D.C. Circuit has explained that "[w]hen it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court *must* remand the case." *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c) (emphasis added)). Because removal implicates significant federalism concerns, a court must "strictly construe[] the scope of its removal jurisdiction." *Downey v. Ambassador Devel., LLC*, No. 08-982, 2008 U.S. Dist. LEXIS 58332 at *4 (D.D.C. Aug. 1, 2008) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941)). "'[I]f federal jurisdiction is doubtful, a remand to state court is necessary.'" *Id.* (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 815-16 (4th Cir. 2004) (en banc)). *See also Johnson-Brown v.*

---

[2] The Court explained that, although Plaintiffs could amend any portion of their Complaint they deemed appropriate, only Plaintiffs' claims based on the District of Columbia Consumer Protection Procedures Act and common law fraud would remain viable against Fremont. *See* Mem. Op. at 18 (Jun. 23, 2008), Docket No. [17].

[3] Plaintiffs' Amended Complaint also added an additional Defendant, Brenda Carew.

*2200 M. St. LLC*, 257 F. Supp. 2d 175, 177 (D.D.C. 2003) ("Where the need to remand is not self-evident, the court must resolve any ambiguities concerning the propriety of removal in favor of remand.").

Plaintiffs' Amended Complaint does not assert any basis for federal court jurisdiction. Rather, the Amended Complaint invokes jurisdiction based on D.C. Code § 11-921, a D.C. statute regarding the civil jurisdiction of the D.C. Superior Court. Am. Compl. ¶ 2. The Amended Complaint also does not assert any causes of action based on federal statutes. Instead, the Complaint alleges that Plaintiffs were owners of property in the District of Columbia and were subject to predatory lending practices, implicating several D.C. statutes. Am. Compl. ¶¶ 15-81. Not only is federal question jurisdiction lacking in the Amended Complaint, 28 U.S.C. § 1331 ("[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"), but such allegations concerning local D.C. statutes are most appropriately decided by the Superior Court for the District of Columbia and not this Court. *See Randolph v. ING Life Ins. & Annuity Co.*, 486 F. Supp. 2d 1, 10 (D.D.C. 2007) (Kollar-Kotelly, J.) (remanding case to Superior Court rather than ruling on the defendant's merits arguments when it appeared that it lacked subject matter jurisdiction over the removed case).

Although Plaintiffs' Amended Complaint does not assert any basis for exercising federal court jurisdiction, and asserts no claims raising federal question jurisdiction, the Court also reviewed it for potential diversity jurisdiction. *See* 28 U.S.C. § 1332 ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . [c]itizens of different

states . . ."). Fremont's Notice of Removal alleged the existence of federal question jurisdiction, but also contemplated the possibility of diversity jurisdiction. *See* Notice of Removal ¶ 8 (Apr. 28, 2008) ("[B]ased upon the allegations in the Complaint, it appears that [this Court] may also have jurisdiction of this action . . . by virtue of the diversity of the parties to this action . . . ."). The Court cannot agree with this conclusion. Diversity jurisdiction requires an amount in controversy greater than $75,000. 28 U.S.C. § 1332(a). Although the precise amount in controversy is unclear based on the allegations in the Amended Complaint, the Court finds that it is less than $75,000.

Plaintiffs' Amended Complaint does not contain an ad damnum clause, but Counts II through VI each contain assertions of unspecified damages for "Mental anguish," "Embarrassment, Humiliation and Emotional Distress," and "Statutory damages," among fees, interest, and treble damages. Am. Compl. ¶¶ 48, 60, 67, 74, 81. These allegations provide the Court with no basis from which to find an amount in controversy that exceeds $75,000, particularly where the Court must "strictly construe[] the scope of its removal jurisdiction." *Downey*, 2008 U.S. Dist. LEXIS 58332 at *4. Similarly, Counts V and VI allege that Plaintiffs were "fraudulently induced to borrow $555,000.00 in cash and [sic] imposed approximately $29,232.57 in additional points and fees." *See* Am. Compl. ¶¶ 74(b), 81(b). Even if Plaintiffs intended these additional "points and fees" to be an approximate measure of damages (which is entirely unclear from the allegations in the Amended Complaint), that amount would, quite obviously, not exceed $75,000 in controversy.

The only allegation in Plaintiffs' Amended Complaint that relates to an amount in controversy above $75,000 is found in Count I, which alleges that Defendants engaged in a civil

conspiracy that resulted in damages of $250,000 or more. Am. Compl. ¶ 36. As Executive Title explains in its Motion to Dismiss, however, District of Columbia law does not recognize an independent tort for civil conspiracy. See Def.'s [25] Mot. at 4; *Executive Sandwich Shoppe, Inc. v. Carr Realty Corp.*, 749 A.2d 724, 738 (D.C. 2000) ("[t]here is no recognized independent tort action for civil conspiracy in the District of Columbia") (quoting *Waldon v. Covington*, 415 A.2d 1070, 1074 n.14 (D.C. 1980)). Plaintiffs do not dispute this legal principle, but urge that their conspiracy claim is "not a stand alone claim" but should be construed to "support the[ir] remaining claims." Pl.'s Opp'n at 8. The Court shall not allow Plaintiffs, who are represented by counsel, to re-write their Amended Complaint through an Opposition to a Motion to Dismiss, *see DSMC, Inc. v. Convera Corp.*, 479 F. Supp. 2d 68, 84 (D.D.C. 2007) (rejecting the plaintiff's attempt to broaden claims and thereby amend its complaint in opposition to defendant's motion for summary judgment), particularly where the Court has already admonished Plaintiffs once for failing to follow proper amendment procedures, *see* Mem. Op. at 18 (Jun. 23, 2008) ("Plaintiffs' request for leave violates Local Civil Rule 15.1, which requires a motion for leave to amend to be 'accompanied by an original of the proposed pleading as amended.'") (quoting LCvR 15.1). Plaintiffs also knew that the District of Columbia did not recognize this cause of action because it was explained in Fremont's initial Motion to Dismiss, *see* [5] Def.'s Mot. at 6 ("[c]ivil conspiracy is not recognized under District of Columbia law as an independent tort action"), but Plaintiffs nevertheless chose to reassert it against the other Defendants. Accordingly, the Court rejects Plaintiffs' belated attempt to improperly amend their complaint to save their non-cognizable civil conspiracy claim and the allegations related thereto, and shall grant Executive's

Motion to Dismiss Count I (civil conspiracy) from Plaintiffs' Amended Complaint.[4]

Having eliminated Count I of Plaintiffs' Amended Complaint as non-cognizable, the remaining claims against Defendants do not establish an amount in controversy that exceeds $75,000. Because the Court finds that it may not exercise federal question or diversity jurisdiction over Plaintiffs' Amended Complaint, it shall remand this case to the Superior Court for the District of Columbia.

**CONCLUSION**

For the reasons set forth above, the Court shall GRANT-IN-PART Defendant Executive Title's Motion to Dismiss as to Count I (civil conspiracy). This case shall be REMANDED to the Superior Court for the District of Columbia pursuant to 28 U.S.C. § 1447(c). An appropriate Order accompanies this Memorandum Opinion.

Date: October 15, 2008

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

[4] None of the other Defendants have responded to Plaintiffs' Amended Complaint and Plaintiffs have inexplicably not asked the Clerk of the Court to enter a default judgment against them. Nevertheless, even if these Defendants had filed Answers, or if Plaintiffs had moved for a default judgment against them, the Court would be compelled to dismiss Count I against all Defendants because civil conspiracy is not a recognized cause of action under District of Columbia law.